Jay Edelson*
Rafey Balabanian*
KAMBEREDELSON LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
Tel:  (312) 589-6370
Fax: (312) 589-6378
jedelson@kamberedelson.com
rbalabanian@kamberedelson.com

James E. Smyth, II
KUMMER KAEMPFER BONNER RENSHAW & FERRARIO
3800 Howard Hughes Parkway, Seventh Floor
Las Vegas, Nevada 89169
Tel:  (702) 792-7000
Fax: (702) 796-7181
jsmyth@kkbrf.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE TRAPP, on his own behalf and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| vs. | **CLASS ACTION** |
| BIG POPPA'S, LLC, a Nevada limited liability company d/b/a BADDA BING MEN'S CLUB; SKY TOP VENDING, INC., a Nevada Corporation d/b/a CAN CAN ROOM; LA FUENTE, INC., a Nevada corporation d/b/a CHEETAH'S; C.P. FOOD AND BEVERAGE, INC., a Nevada corporation d/b/a CLUB PARADISE; DÉJÀ VU SHOWGIRLS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a DÉJÀ VU SHOWGIRLS; PALOMINO CLUB, INC., a Nevada corporation d/b/a PALOMINO CLUB; SHAC, LLC, a Nevada limited liability company d/b/a SAPPHIRE; K-KEL, INC., a Nevada corporation d/b/a SPEARMINT RHINO; D.2801 WESTWOOD, INC., a Nevada corporation d/b/a TREASURES; LITTLE DARLINGS OF | **CLASS ACTION COMPLAINT** |

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 1 of 41

1  LAS VEGAS, LLC, a Nevada limited liability
   company d/b/a LITTLE DARLINGS; O.G.
2  ELIADES, A.D., LLC, a Nevada limited
   liability company d/b/a OLYMPIC
3  GARDENS; LAS VEGAS
   ENTERTAINMENT, LLC, a Nevada limited
4  liability company d/b/a LARRY FLYNT'S
   HUSTLER CLUB; MICHAEL A. SALTMAN
5  d/b/a MINXX; RICK'S LAS VEGAS; FRIAS
   MANAGEMENT, LLC, a Nevada limited
6  liability company d/b/a ACE CAB
   COMPANY and A-NORTH LAS VEGAS
7  CAB; WESTERN CAB COMPANY, a
   Nevada corporation d/b/a WESTERN CAB
8  COMPANY and WESTERN CAB LIMOUSINE;
   NEVADA CHECKER CAB
9  CORPORATION, a Nevada corporation d/b/a
   CHECKER CAB COMPANY; NEVADA
10 STAR CAB CORPORATION, a Nevada
   corporation d/b/a STAR CAB COMPANY;
11 NEVADA YELLOW CAB CORPORATION,
   a Nevada corporation d/b/a YELLOW CAB
12 COMPANY; LUCKY CAB COMPANY OF
   NEVADA, a Nevada corporation d/b/a
13 LUCKY TRANS; SUN CAB, INC., a Nevada
   corporation d/b/a NELLIS CAB COMPANY;
14 CLS NEVADA, LLC, a Nevada limited
   liability company d/b/a CLS
15 TRANSPORTATION LAS VEGAS;
   ON DEMAND SEDAN SERVICES, LLC, a
16 Nevada limited liability company d/b/a ODS
   LIMOUSINE and ODS CHAUFFEURED
17 TRANSPORTATION; BLS LIMOUSINE
   SERVICE OF LAS VEGAS, INC., a Nevada
18 corporation d/b/a BLS LIMOUSINE
   SERVICE OF LAS VEGAS; DESERT CAB,
19 INC., a Nevada corporation d/b/a DESERT
   CAB COMPANY and ODYSSEY
20 LIMOUSINE; BELL TRANS A NEVADA
   CORPORATION, a Nevada corporation d/b/a
21 BELL TRANS; TONY CHONG, an
   individual; and DOE EMPLOYEES 1-1000;
22
                    Defendants.
23

24 /././

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

**CLASS ACTION COMPLAINT**

Plaintiff, Theodore Trapp ("Plaintiff"), brings this class action Complaint against all Defendants listed above.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF ACTION**

1. Las Vegas is one of the foremost vacation destinations in the United States. Tourism is the primary industry that fuels the economy in Las Vegas.  Las Vegas is known as the "Entertainment Capital of the World," and is world renowned for its gaming, shopping, fine dining, and entertainment.  As a result, Las Vegas attracts visitors of all ages and types, from corporate executives traveling on business to families traveling on vacation. It is the expectation of visitors to Las Vegas that they will be able to visit the city and not be subjected to fraud, extortion, or other illegal activities.

2. It is currently common practice among transportation workers such as taxi and limousine drivers ("Drivers") in Las Vegas to collect an illegal cash payment or "kickback" for delivering customers to certain adult entertainment clubs (hereinafter referred to as the "Clubs") located off Las Vegas Boulevard or more commonly known as the "Strip."  This practice has been taking place for some time, and while the kickbacks originally began as "tips" most often in the amount of five dollars, today kickbacks often times reach and exceed $100 per passenger.

3. Because this practice is so pervasive, an individual Club often pays out kickbacks totaling $100,000 in a given week.  Ordinances enacted by Clark County, Nevada (Ordinance 8.20.297), the City of Las Vegas (Ordinance 6.06.195), and other Nevada state laws make payments of this type to Drivers illegal.

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 3 of 41

4. Due to the large sums of money involved, Drivers are incentivized, and in fact do, illegally coerce and fraudulently and misleadingly divert customers away from visiting their chosen destinations when such destinations are not among the Clubs, and instead deliver such customers to the Clubs that provide the largest kickback for diverting customers.

5. Drivers routinely falsely tell their customers that certain requested destinations are substandard, undesirable, out of business, riddled with bullet holes or sometimes even "burned down."   In some instances, if certain adult entertainment clubs are not providing satisfactory cash payments in the Driver's opinion, a Driver will simply refuse to transport customers to that destination, irrespective of the customer's request to visit that destination.

6. With respect to taxis and Drivers, deceiving and/or attempting deliver passengers to locations other than the requested location is a violation of Nevada Revised Statute (N.R.S.) § 706.8846.  If the Driver receives a payment for diverting the customer, it is also a violation of Nevada Administrative Code (N.A.C.) § 706.552.

7. The harm to customers, however, does not end when a customer exits a given cab.  To the contrary, to recoup the monies paid out in kickbacks, these Clubs force customers to part with large sums of money either by fraudulent or concealed overcharges or threats or actual physical harm.   These encounters often become violent and result in destruction of property and serious injury to customers and Club employees alike. More broadly, the aggregate of this practice fosters an environment that discourages people from returning to Las Vegas as these individuals have unwittingly become ensnared in an illegal scheme and are unable to travel freely via common carrier.

/././.

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC   [Client-Matter]

Page 4 of 41

8. In the past year alone, Drivers in Las Vegas have collected an estimated forty million dollars in illegal kickbacks.

9. This illegal scheme is negatively impacting the City of Las Vegas and the State of Nevada in numerous ways.  Perhaps most prevalent is the impact on women and families, who have the greatest difficulty obtaining the services of taxi cabs in Las Vegas since taxi cab drivers have a much greater incentive to pick up single men or groups of men, which is the demographic more likely to visit to adult entertainment clubs where the drivers receive kickbacks.  Non-English speaking tourists are often surreptitiously routed to Clubs as opposed to the destination of their choice.  Crucially for the City of Las Vegas, Clark County, and the State of Nevada, particularly given the current economic climate, the city and state (not to mention the federal government) are losing millions of dollars in tax revenues from the unreported income generated by these kickbacks.

10. To put a stop to this illegal activity, Plaintiff brings the instant class action complaint under Nevada's Racketeer Influenced and Corrupt Organizations Act, N.R.S. § 207.470, as well as various state consumer protection laws.

## PARTIES

11. Plaintiff Theodore Trapp is a resident of California.

12. On information and belief, Defendant BIG POPPA'S, LLC is and was at all times relevant to this action, a limited liability company organized and existing under the laws of the State of Nevada.  On information and belief, BIG POPPA'S LLC does business in Clark County, Nevada as BADDA BING MEN'S CLUB.

13. On information and belief, Defendant SKY TOP VENDING, INC. is and was at all times relevant to this action, a corporation incorporated and existing under the laws of

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 5 of 41

1  the State of Nevada.  On information and belief, SKY TOP VENDING, INC., does

2  business in Clark Count, Nevada as the CAN CAN ROOM.

3  14. On information and belief, Defendant LA FUENTE, INC. is and was at all times

4  relevant to this action, a corporation incorporated and existing under the laws of the

5  State of Nevada.  On information and belief, LA FUENTE, INC., does business in

6  Clark Count, Nevada as CHEETAH'S.

7  15. On information and belief, Defendant C.P. FOOD & BEVERAGE, INC., is and was at

8  all times relevant to this action, a corporation incorporated and existing under the laws

9  of the State of Nevada.  On information and belief, C.P. FOOD & BEVERAGE, INC.,

10  does business in Clark Count, Nevada as CLUB PARADISE.

11  16. On information and belief, Defendant DÉJÀ VU SHOWGIRLS OF LAS VEGAS, LLC

12  is and was at all times relevant to this action, a limited liability company organized and

13  existing under the laws of the State of Nevada.  On information and belief, DÉJÀ VU

14  SHOWGIRLS OF LAS VEGAS, LLC, does business in Clark County, Nevada as

15  DÉJÀ VU SHOWGIRLS.

16  17. On information and belief, Defendant LITTLE DARLINGS OF LAS VEGAS, LLC is

17  and was at all times relevant to this action, a limited liability company organized and

18  existing under the laws of the State of Nevada.  On information and belief, LITTLE

19  DARLINGS OF LAS VEGAS, LLC does business in Clark County, Nevada as

20  LITTLE DARLINGS.

21  18. On information and belief, Defendant O.G. ELIADES, A.D., LLC is and was at all

22  times relevant to this action, a limited liability company organized and existing under

23  the laws of the State of Nevada.  On information and belief, O.G. ELIADES, A.D.,

24  LLC does business in Clark County, Nevada as OLYMPIC GARDENS.

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 6 of 41

19. On information and belief, Defendant PALOMINO CLUB, INC., is and was at all times relevant to this action, a corporation incorporated and existing under the laws of the State of Nevada. On information and belief, PALOMINO CLUB, INC., does business in Clark County, Nevada as PALOMINO CLUB.

20. On information and belief, Defendant SHAC, LLC is and was at all times relevant to this action, a limited liability company organized and existing under the laws of the State of Nevada. On information and belief, SHAC, LLC does business in Clark County, Nevada as SAPPHIRE.

21. On information and belief, Defendant K-KEL, INC., is and was at all times relevant to this action, a corporation incorporated and existing under the laws of the State of Nevada. On information and belief, K-KEL, INC., does business in Clark County, Nevada as SPEARMINT RHINO.

22. On information and belief, Defendant D.2801 WESTWOOD, INC., is and was at all times relevant to this action, a corporation incorporated and existing under the laws of the State of Nevada. D.2801 WESTWOOD, INC., does business in Clark County, Nevada as TREASURES.

23. On information and belief, Defendant LAS VEGAS ENTERTAINMENT, LLC is and was at all times relevant to this action, a limited liability company duly organized and existing under the laws of the State of Nevada. On information and belief, LAS VEGAS ENTERTAINMENT, LLC, does business in Clark County, Nevada as LARRY FLYNT'S HUSTLER CLUB.

24. On information and belief, Defendant MICHAEL A. SALTMAN is a natural person who does business as MINXX.

/ / / /

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 7 of 41

25. On information and belief, Defendant RICK'S LAS VEGAS is and was at all times relevant to this action, a publicly traded corporation licensed to transact business in the State of Nevada.

26. On information and belief, Defendant FRIAS MANAGEMENT, LLC is and was at all times relevant to this action, a limited liability company organized and existing under the laws of the State of Nevada. On information and belief, FRIAS MANAGEMENT, LLC does business in Clark County, Nevada as ACE CAB COMPANY and A-NORTH LAS VEGAS CAB.

27. On information and belief, Defendant WESTERN CAB COMANY is and was at all times relevant to this action, a corporation incorporated and existing under the laws of the State of Nevada. On information and belief, WESTERN CAB COMPANY does business in Clark County, Nevada as WESTERN CAB COMPANY and WESTERN LIMOUSINE.

28. On information and belief, Defendant NEVADA CHECKER CAB CORPORATION is and was at all times relevant to this action, a corporation incorporated and existing under the laws of the State of Nevada. On information and belief, NEVADA CHECKER CAB CORPORATION does business in Clark County, Nevada as CHECKER CAB COMPANY.

29. On information and belief, Defendant NEVADA STAR CAB CORPORATION is and was at all times relevant to this action, a corporation incorporated and existing under the laws of the State of Nevada. On information and belief, NEVADA STAR CAB CORPORATION does business in Clark County, Nevada as STAR CAB COMPANY.

30. On information and belief, Defendant NEVADA YELLOW CAB CORPORATION is and was at all times relevant to this action, a corporation incorporated and existing

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC [Client-Matter]

Page 8 of 41

under the laws of the State of Nevada. On information and belief, NEVADA YELLOW CAB CORPORATION does business in Clark County, Nevada as YELLOW CAB COMPANY.

31. On information and belief, Defendant LUCKY CAB COMPANY OF NEVADA is and was at all times relevant to this action, a corporation incorporated and existing under the laws of the State of Nevada. On information and belief, LUCKY CAB COMPANY OF NEVADA does business in Clark County, Nevada as LUCKY TRANS.

32. On information and belief, Defendant SUN CAB, INC. is and was at all times relevant to this action, a corporation incorporated and existing under the laws of the State of Nevada. On information and belief, SUN CAB, INC., does business in Clark County, Nevada as NELLIS CAB COMPANY.

33. On information and belief, Defendant CLS NEVADA, LLC is and was at all times relevant to this action, a limited liability company organized and existing under the laws of the State of Nevada. On information and belief, CLS NEVADA, LLC does business in Clark County, Nevada as CLS TRANSPORTATION LAS VEGAS.

34. On information and belief, Defendant ON DEMAND SEDAN SERVICES, LLC is and was at all times relevant to this action, a limited liability company organized and existing under the laws of the State of Nevada. On information and belief, ON DEMAND SEDAN SERVICES, LLC does business in Clark County, Nevada as ODS LIMOUSINE and ODS CHAUFFEURED TRANSPORTATION.

35. On information and belief, Defendant BLS LIMOUSINE SERVICE OF LAS VEGAS, INC. is and was at all times relevant to this action, a corporation incorporated and existing under the laws of the State of Nevada. On information and belief, BLS

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC [Client-Matter]

Page 9 of 41

LIMOUSINE SERVICE OF LAS VEGAS, INC. does business in Clark County, Nevada as BLS LIMOUSINE SERVICE OF LAS VEGAS.

36. On information and belief, Defendant DESERT CAB, INC. is and was at all times relevant to this action, a corporation incorporated and existing under the laws of the State of Nevada. On information and belief, DESERT CAB, INC., does business in Clark County, Nevada as DESERT CAB COMPANY and ODYESSY LIMOUSINE.

37. On information and belief, Defendant BELL TRANS A NEVADA CORPORATION is and was at all times relevant to this action, a corporation incorporated and existing under the laws of the State of Nevada. On information and belief, BELL TRANS A NEVADA CORPORATION, does business in Clark County, Nevada as BELL TRANS.

38. On information and belief, TONY CHONG ("Chong"), is a natural person, citizen of the state of Nevada, and a taxi cab driver by profession.

39. The Defendants DOE EMPLOYEES 1-1000 are fictitious names; the Plaintiff is ignorant of the true names of the individuals so designated by said fictitious names. When the true names are discovered, Plaintiff will seek leave to amend the Complaint to name said defendants. Plaintiff believes that each of the Defendants designated herein as DOE EMPLOYEES are responsible in some manner for the events herein.

40. For ease of use, the Defendants named in paragraphs 12-25 will be collectively referred to as the "Club Defendants" or "Defendant Clubs." The Defendants named in paragraphs 26-38 will be collectively referred to as the "Driver Defendants" or "Defendant Drivers." All Defendants, including Chong, will be collectively referred to as the "Defendants."

/./././

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

## JURISDICTION AND VENUE

41. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to the instant action.

42. Specifically, the cost and value the injunctions sought easily exceed $5,000,000, exclusive of interest and costs.

43. Venue is proper before this Court under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c).

## GENERAL ALLEGATIONS

44. For the past five years, and continuing to the present date, the Defendant Clubs have operated off of the Strip.

45. As is most often the case, to visit the Defendant Clubs, individuals without their own transportation must use the services of Defendant Drivers.

46. Defendant Drivers have an incentive to deliver customers to those Defendant Clubs that are currently providing the largest illegal kickbacks to Defendant Drivers.

47. Defendant Drivers often divert customers from their chosen destination to the Defendant Clubs that provide a largest kickbacks.

48. Defendant Drivers will attempt to divert customers in the following ways:

    a. Knowingly making false representations regarding the quality of services and amenities offered at certain Clubs; and

    b. Knowingly making false representations regarding the business status of certain clubs (e.g., that a particular club is closed, shut down, has gone out of business, or even burned down).

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 11 of 41

49. In some instances, Defendant Drivers will refuse to drop off customers at locations that do not provide kickbacks to Defendant Drivers.

50. Defendant Drivers collect an estimated $100 for each customer that is diverted to one of the Defendant Clubs.

51. Defendant Clubs individually pay as much as $100,000 per week in kickbacks to the Defendant Drivers.

52. As industry sources believe, Defendant Clubs pay out an estimated forty million dollars in illegal kickback per year.

53. A portion of the money paid out as kickbacks is derived from the cover charges (e.g., the monies paid by a customer at the door of a Defendant Club to gain admittance) collected from the customers.

54. On information and belief, the income derived by Defendant Clubs from cover charges, which is then diverted to the Driver Defendants, is not reported as income to the Internal Revenue Service by any of the Defendants.

55. To recoup the sums paid in kickbacks to Defendant Drivers, and to presumably to make a profit, Defendant Clubs utilize anti-consumer practices, including:

   a. Representing to customers that they are selling them high quality, expensive liquor when in fact they are selling lower quality liquor, which sells at a much lower price;

   b. "Watering down" liquor and other drinks so that their alcohol concentrations are lower than what is represented to the customer;

   c. Falsely stating the amount actually owed by customers, and forcing the customer to pay for goods or services that they never received or ordered in the first instance; and

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 12 of 41

d. Making customers, by force or threat of force, turn over money to Defendant Clubs.

56. This kickback scheme is so pervasive that it is an "open secret" in Las Vegas. Indeed, Defendant Chong himself admitted to the existence of the scheme, brazenly stating to a local reporter that it would be unfair to end the illegal scheme and take money out of his and his co-conspirators "pockets."[1]

57. In November 2008, an I-Team investigative report by George Knapp quoted an unidentified taxi driver as follows: "When we take a person to the strip club, say like four guys right, the strip club will pay us $50 a person to drop them off. It doesn't matter where." The report found that taxi drivers routinely lied and mislead passengers, concluding that "Clubs that don't pay, or pay less than what others shell out, don't get the cabs. It's been this way for years in Las Vegas."[2]

58. A book - *Stripped:   Twenty Years of Secrets From Inside the Strip Club*, by Brent Jordan – provides a full insider's view of this scheme. Jordan worried that the only way this extortion practice would end will be "with one wrecked cab, a pile of half-a-dozen dead tourists and Las Vegas on the national media hot seat for 'our' irresponsible behavior."[3]

**EFFECT ON LAS VEGAS**

59. Only a small percentage of taxi and limousine drivers in Las Vegas are involved in the illegal actions described in this Complaint. Most transportation workers in Las Vegas are honest and operate within the law.

---

[1]   Defendant Chong's comments appear in a news report by Channel 8 Las Vegas Now Eyewitness News, available at: http://www.lasvegasnow.com/Global/story.asp?S=9340821&nav=menu102_2_1

[2]   Id.

[3]   Brent Jordan, Stripped: Twenty Years of Secrets From Inside the Strip Club, 136 (Satsu Press 2005).

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

60. As a result of the actions of the Defendants, the entire transportation industry in Las Vegas does not operate on a level playing field. Defendant Drivers have a strong incentive to take customers to Clubs that provide kickbacks, and at times will not drive customers to other locations. This has a negative impact on families and women particularly, who often need to travel within Las Vegas via transportation service but, during certain hours, are unable to because the Defendant Drivers know they cannot obtain a kickback for transporting them.[4]

61. This illegal scheme also has negative economic effects on the City of Las Vegas. Businesses that refuse to give illegal kickbacks are deprived of customers. Millions of dollars in cover charges and kickbacks are not reported, and thus not taxed. This deprives local, state, and federal government entities from revenue. Finally, visitors to Las Vegas who are subjected to the Defendant's fraudulent and illegal acts are discouraged from ever returning to Las Vegas.

62. The actions of the Defendants described in this Complaint also negatively affect honest transportation workers in Las Vegas. Taxi and Limousine companies end up paying their drivers less and reducing their benefits. The companies justify this by saying that the drivers are already making money through kickbacks. Honest drivers in Las Vegas are deprived of a fair wage and benefits by a small minority of unscrupulous drivers and the Defendant Clubs. And as an important corollary, the taxi cab unions in Las Vegas have been seriously undermined.

/././

/././

---

[4] This practice, and its effects on women, have been investigated and reported on by Channel 8 Las Vegas Now Eyewitness News. The results are detailed in a story available at: http://www.lasvegasnow.com/global/story.asp?S=10147297.

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

## ALLEGATIONS AS TO THE NAMED PLAINTIFF

63. On or around January 17, 2009, Plaintiff Theodore Trapp visited the City of Las Vegas.

64. On or around that date, Plaintiff boarded a taxi cab at Caesar's Palace.

65. Upon entering the vehicle, Plaintiff told the driver his intended destination was Play it Again Sam, located at 4120 Spring Mountain Rd. Las Vegas, NV 89102.

66. Plaintiff was discouraged from traveling to his chosen destination, and was misled into believing that his chosen destination was somehow undesirable. Specifically, the driver told him, *inter alia*:

    a.   "There are better clubs than Play it Again Sam";

    b.   "There are better clubs";

    c.   "The girls are better at other clubs";

    d.   "Play it Again Sam is kinda sketchy"; and

    e.   "I'll take you to a better club."

67. The purpose and intention behind the foregoing statements made by the driver were to divert or attempt to divert Plaintiff from being taken to Play it Again Sam.

68. The representations of the driver deceived the Plaintiff into believing that Play it Again Sam was an undesirable club.

69. The driver intentionally omitted to inform Plaintiff of the fact that the driver would receive a kickback for diverting Plaintiff from Play it Again Sam to Defendant SPEARMINT RHINO and concealed the fact that the diversion of customers to certain Defendant Clubs was a pervasive practice among Defendant Drivers and Defendant Clubs.

70. As a result of the driver's false representations and omissions, the Plaintiff allowed the driver to take him to a destination other than the one requested.

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 15 of 41

71. Instead, Plaintiff was taken to a Club owned and operated by Defendant SPEARMINT RHINO, where, on information and belief, the driver received a significant kickback for diverting the Plaintiff from Play it Again Sam.

72. The driver made such statements and omissions knowingly and for the purpose of:

    a.  Obtaining from Defendant SPEARMINT RHINO a kickback of, on information and belief, approximately $100, which sum included the admission charge that Defendant SPEARMINT RHINO would collect from the Plaintiff (a charge that was inflated by Defendant SPEARMINT RHINO due to the existence of the kickback scheme); and

    b.  Obtaining a favorable tip that would result from taking the Plaintiff to a supposedly more desirable destination.

73. The driver made the statements to the Plaintiff about Play it Again Sam for the purpose of inducing Plaintiff into paying a larger cab fare and resultant tip and for the purpose of diverting Plaintiff to a Defendant Club who charges an increased cover charge, all of which is often applied towards the kickback.

## CLASS CERTIFICATION ALLEGATIONS

74. Plaintiff seeks certification of a class ("The Class") under Rule 23(b)(2), defined as follows:

All persons who have or will travel to Defendant Clubs via Defendant Drivers, or otherwise has attended such Defendant Clubs in the past or will attend such Defendant Clubs in the future.

Excluded from the Class are 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; 3) persons who

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 16 of 41

1   properly execute and file a timely request for exclusion from the class; and 4) the legal

2   representatives, successors or assigns of any such excluded persons.

3   75. On information and belief, there are over 100,000 members of the Class.   As such,

4   individual joinder is impracticable.

5   76. There are questions of fact and law common to the class and such common questions

6   predominate over the questions affecting only individual members.

7   These common questions include:

8   (a)   Whether the Driver Defendants are in violation of Nevada Revised Statute

9   706.8846 by diverting or attempting to divert passengers to a destination other

10   than the one directed by the passenger;

11   (b)   Whether the Driver Defendants are in violation of Nevada Administrative Code

12   706.552 by accepting cash payments for diverting prospective customers from

13   commercial establishments;

14   (c)   Whether Club Defendants are in violation of Clark County Ordinance 8.20.297 by

15   making cash payments to taxi and limousine drivers for the delivery of customers

16   to their respective Clubs;

17   (d)   Whether Club Defendants are in violation of Las Vegas Ordinance 6.06.195 by

18   making cash payments to taxi and limousine drivers for the delivery of customers

19   to their respective clubs;

20   (e)   Whether Defendants are in violation of Nevada's Consumer Fraud Act, N.R.S.

21   41.600;

22   (f)   Whether Defendants are in violation of Nevada's Racketeer Influenced and

23   Corrupt Organizations Act, N.R.S. 207.470;

24   /./././

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 17 of 41

(g)  Whether the Plaintiff and the Class are entitled to relief, and the nature of such relief.

77. Plaintiff's claims are typical of the claims of other members of the Class, as their claims arise out of the same wrongful conduct alleged here, which is the payment of kickbacks to divert customers to Defendant Clubs.

78. Plaintiff will fairly and adequately represent and protect the interests of the Class members, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the members of the Class.

79. This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Class as a whole. The policies of the Defendants challenged herein apply and affect members of the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiff.

## ALLEGATIONS RELATING TO VIOLATIONS OF THE NEVADA RACKETEER INFLUENCED & CORRUPT ORGANIZATIONS ACT (N.R.S. 207.470 *et seq.*)

### (against all Defendants)

**The RICO Club Enterprises**

80. The following Club Defendants are each, individually, an "enterprise" within the meaning of NRS 207.380:  BIG POPPA'S, LLC, a Nevada limited liability company d/b/a BADDA BING MEN'S CLUB; SKY TOP VENDING, INC., a Nevada Corporation d/b/a CAN CAN ROOM; LA FUENTE, INC., a Nevada corporation d/b/a CHEETAH'S; C.P. FOOD AND BEVERAGE, INC., a Nevada corporation d/b/a CLUB PARADISE; DÉJÀ VU SHOWGIRLS OF LAS VEGAS, LLC, a Nevada limited

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 18 of 41

liability company d/b/a DÉJÀ VU SHOWGIRLS; PALOMINO CLUB, INC., a Nevada corporation d/b/a PALOMINO CLUB; SHAC, LLC, a Nevada limited liability company d/b/a SAPPHIRE; K-KEL, INC., a Nevada corporation d/b/a SPEARMINT RHINO; D.2801 WESTWOOD, INC., a Nevada corporation d/b/a TREASURES; LITTLE DARLINGS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a LITTLE DARLINGS; O.G. ELIADES, A.D., LLC, a Nevada limited liability company d/b/a OLYMPIC GARDENS; LAS VEGAS ENTERTAINMENT, LLC, a Nevada limited liability company d/b/a LARRY FLYNT'S HUSTLER CLUB; MICHAEL A. SALTMAN d/b/a MINXX; and RICK'S LAS VEGAS, a public company.  Each of these RICO Club entities is a sole proprietorship, partnership, corporation, business trust and/or other legal entity.  At all relevant times, the Club Defendants each conducted the affairs of an association-in-fact enterprise within the meaning of NRS 207.380.

81. Each of the named Club defendants engages in legitimate and illegitimate activities, including the racketeering activities herein alleged.

82. At all times relevant, each of the Club Defendants obtained and/or maintained control of an interest in their Club operations through both legitimate activity and the racketeering activity herein alleged.

83. At all times relevant, each of the Club Defendants used and invested the proceeds of the racketeering activity herein alleged in and for the promotion and continuation of the racketeering activity described herein.

**The RICO Club Criminal Syndicates**

84. The following Club Defendants are each, individually, a "Criminal Syndicate" within the meaning of NRS 207.370: BIG POPPA'S, LLC, a Nevada limited liability company d/b/a BADDA BING MEN'S CLUB; SKY TOP VENDING, INC., a Nevada

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 19 of 41

Corporation d/b/a CAN CAN ROOM; LA FUENTE, INC., a Nevada corporation d/b/a CHEETAH'S; C.P. FOOD AND BEVERAGE, INC., a Nevada corporation d/b/a CLUB PARADISE; DÉJÀ VU SHOWGIRLS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a DÉJÀ VU SHOWGIRLS; PALOMINO CLUB, INC., a Nevada corporation d/b/a PALOMINO CLUB; SHAC, LLC, a Nevada limited liability company d/b/a SAPPHIRE; K-KEL, INC., a Nevada corporation d/b/a SPEARMINT RHINO; D.2801 WESTWOOD, INC., a Nevada corporation d/b/a TREASURES; LITTLE DARLINGS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a LITTLE DARLINGS; O.G. ELIADES, A.D., LLC, a Nevada limited liability company d/b/a OLYMPIC GARDENS; LAS VEGAS ENTERTAINMENT, LLC, a Nevada limited liability company d/b/a LARRY FLYNT'S HUSTLER CLUB; MICHAEL A. SALTMAN d/b/a MINXX; and RICK'S LAS VEGAS, a public company.  The unlawful operations of each of the listed Club Defendants, which consists of engaging in racketeering activity, have continued for many years, and will continue even as individual members of the criminal syndicate (employees of the Club Defendants) enter or leave the organization.  The racketeering activities alleged herein were engaged in by multiple persons and employees of the Club Defendants as a function of the entity and not as the unique act of any particular individual.

**The RICO Driver Enterprises**

85. The following Driver Defendants are each, individually, an "enterprise" within the meaning of NRS 207.380: FRIAS MANAGEMENT, LLC, a Nevada limited liability company d/b/a ACE CAB COMPANY and A-NORTH LAS VEGAS CAB; WESTERN CAB COMPANY, a Nevada corporation d/b/a WESTERN CAB COMPANY and WESTERN LIMOUSINE, NEVADA CHECKER CAB CORPORATION, a Nevada

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC   (Client-Matter)

Page 20 of 41

corporation d/b/a CHECKER CAB COMPANY; NEVADA STAR CAB CORPORATION, a Nevada corporation d/b/a STAR CAB COMPANY; NEVADA YELLOW CAB CORPORATION, a Nevada corporation d/b/a YELLOW CAB COMPANY; LUCKY CAB COMPANY OF NEVADA, a Nevada corporation d/b/a LUCKY TRANS; SUN CAB, INC., a Nevada corporation d/b/a NELLIS CAB COMPANY; CLS NEVADA, LLC, a Nevada limited liability company d/b/a CLS TRANSPORTATION LAS VEGAS; ON DEMAND SEDAN SERVICES, LLC, a Nevada limited liability company d/b/a ODS LIMOUSINE and ODS CHAUFFEURED TRANSPORTATION; BLS LIMOUSINE SERVICE OF LAS VEGAS, INC., a Nevada corporation d/b/a BLS LIMOUSINE SERVICE OF LAS VEGAS; DESERT CAB, INC., a Nevada corporation d/b/a DESERT CAB COMPANY and ODYSSEY LIMOUSINE; BELL TRANS A NEVADA CORPORATION, a Nevada corporation d/b/a BELL TRANS; and TONY CHONG, an individual.  Each of these RICO Driver entities is a sole proprietorship, partnership, corporation, business trust and/or other legal entity.  At all relevant times, the Driver Defendants each conducted the affairs of an association-in-fact enterprise within the meaning of NRS 207.380.  Each of the named Driver Defendants engages in legitimate and illegitimate activities, including the racketeering activities herein alleged.

**The RICO Driver Criminal Syndicates**

86. The following Driver Defendants are each, individually, an "Criminal Syndicate" within the meaning of NRS 207.370: FRIAS MANAGEMENT, LLC, a Nevada limited liability company d/b/a ACE CAB COMPANY and A-NORTH LAS VEGAS CAB; WESTERN CAB COMPANY, a Nevada corporation d/b/a WESTERN CAB COMPANY and WESTERN LIMOUSINE, NEVADA CHECKER CAB CORPORATION, a Nevada

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 21 of 41

corporation d/b/a CHECKER CAB COMPANY; NEVADA STAR CAB CORPORATION, a Nevada corporation d/b/a STAR CAB COMPANY; NEVADA YELLOW CAB CORPORATION, a Nevada corporation d/b/a YELLOW CAB COMPANY; LUCKY CAB COMPANY OF NEVADA, a Nevada corporation d/b/a LUCKY TRANS; SUN CAB, INC., a Nevada corporation d/b/a NELLIS CAB COMPANY; CLS NEVADA, LLC, a Nevada limited liability company d/b/a CLS TRANSPORTATION LAS VEGAS; ON DEMAND SEDAN SERVICES, LLC, a Nevada limited liability company d/b/a ODS LIMOUSINE and ODS CHAUFFEURED TRANSPORTATION; BLS LIMOUSINE SERVICE OF LAS VEGAS, INC., a Nevada corporation d/b/a BLS LIMOUSINE SERVICE OF LAS VEGAS; DESERT CAB, INC., a Nevada corporation d/b/a DESERT CAB COMPANY and ODYSSEY LIMOUSINE; BELL TRANS A NEVADA CORPORATION, a Nevada corporation d/b/a BELL TRANS; and TONY CHONG, an individual. The unlawful operations of each of the listed Driver Defendants, which consists of engaging in racketeering activity, have continued for many years, and will continue even as individual members of the criminal syndicate (employees of the Driver Defendants) enter or leave the organization. The racketeering activities alleged herein were engaged in by multiple persons and employees of the Driver Defendants as a function of the entity and not as the unique act of any particular individual.

87. The unlawful operations of each of the listed Driver Defendants, which consists of engaging in racketeering activity, have continued for many years, and will continue even as individual members of the criminal syndicate (employees of the Driver Defendants) enter or leave the organization. The racketeering activities alleged herein were engaged

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 22 of 41

1    in by multiple persons and employees of the Driver Defendants as a function of the

2    entity and not as the unique act of any particular individual.

3    **The Predicate Acts of the Driver Defendants**

4    88. The predicate acts that represent racketeering activity conducted by the RICO Driver

5    Enterprises, and the RICO Driver Criminal Syndicates include multiple acts of taking

6    property from another under circumstances not amounting to robbery.  Each of these

7    takings was unlawful pursuant to N.R.S. 205.380.  The Driver Defendants, though false

8    pretense, knowingly and designedly, and with the intent to cheat or defraud the

9    customer, obtained additional cab fare from their customers, and knowingly and

10   designedly diverted their customers to clubs that would charge their customers a higher

11   admission fee that would then be paid back to the Driver in the form of a kickback.  Said

12   violations were committed upon the Plaintiff and to thousands, and perhaps tens of

13   thousands, of other customers in an ongoing and continuous pattern of racketeering

14   activity.  These acts were connected as part of a common plan, course of conduct, and

15   objective of the Defendants to defraud customers of the Driver Defendants.

16   89. These acts all shared common methods in that each was committed by and under the

17   direction each of the Driver Defendants.  These acts all included acts of fraud, deception,

18   and false pretense and with intent to cheat in order to obtain money from the customer

19   that the customer would otherwise not have paid without such acts of fraud, deception,

20   and false pretense.   These acts had sufficient continuity and duration in that they

21   occurred in the five years preceding January 18, 2009, and up to and including the

22   present time.  The conduct herein described was ongoing and persisted continuously and

23   uninterrupted for years and permeated the manner in which the Driver Defendants

24

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]                                                    Page 23 of 41

conducted their business.  They pose a threat of repetition and will continue to occur unless halted by this action.

90. The fraud perpetrated and the gains obtained therefrom have enriched the Driver Defendants in an amount at least equal to the money wrongfully taken from their customers. The fraud also enhances the Driver Defendants ability to acquire other commercial ventures and participate in similar projects that they would not have otherwise been able to afford.

**The Predicate Acts of the Club Defendants**

91. The predicate acts that represent racketeering activity conducted by the RICO Club Enterprises, and the RICO Club Criminal Syndicates include multiple acts of taking property from another under circumstances not amounting to robbery.  Each of these takings was unlawful pursuant to N.R.S. 205.380.  The Club Defendants, though false pretense, knowingly and designedly, and with the intent to cheat or defraud the customer, obtained additional admission from their customers, and knowingly and designedly paid the Drivers a kickback so that the Drivers would divert their customers from their otherwise intended and requested destination to the Club Defendant.  The Club Defendants could then assess the customer a fee that the Club would falsely represent was an admission fee, but was actually a kickback fee that the Club would pay to the Driver.  Said violations occurred to the named plaintiff and to thousands, and perhaps tens of thousands, of other customers in an ongoing and continuous pattern of racketeering activity.  These acts were all related to each other as part of a common course of conduct, plan, and objective to engage in a continued and concerted course of conduct with the purpose and effect of defrauding the customers of the Club Defendants.

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 24 of 41

92. These acts all shared common methods in that each was committed by and under the direction each of the Club Defendants. These acts all included acts of fraud, deception, and false pretense made with the intent to obtain money from customers that such customers would otherwise not have paid without such acts of fraud, deception, and false pretense. These acts had sufficient continuity and duration in that they occurred in the five years preceding January 18, 2009, and up to and including the present time. The conduct herein alleged was ongoing and persisted continuously and uninterrupted for years and permeated the manner in which the Club Defendants conducted their business. They pose a threat of repetition and will continue to occur unless halted by this action.

93. The fraud perpetrated and the sums of money wrongfully generated therefrom have enriched the Club Defendants in an amount at least equal to the money wrongfully taken from their customers. Because of the large sums of money wrongfully generated as a result of these acts, the Club Defendants have an enhanced ability to acquire other commercial ventures and properties and participate in similar projects that they would not have otherwise been able to afford.

94. From at least January 18, 2004, through and including the present date, the RICO Club Enterprises, the RICO Club Criminal Syndicates, the RICO Driver Enterprises, and the RICO Driver Criminal Syndicates repeatedly, systematically and continuously engaged in repeated instances of the following violation:

      a. Taking Property from Another under Circumstances Not Amounting to Robbery.

95. The Nevada Omnibus Theft Crime statute, N.R.S. § 205.380 (Obtaining money, property, rent or labor by false pretenses), states in part:

      A person who knowingly and designedly by any false pretense obtains from any other person any chose in action, money, goods, wares, chattels,

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 25 of 41

effects or other valuable thing, including rent or the labor of another person not his employee, with the intent to cheat or defraud the other person, is a cheat, and, unless otherwise prescribed by law, shall be punished:

96. In violation of N.R.S. § 205.0832(a), the Driver Defendants, acting through the RICO Driver Enterprises, and the RICO Driver Criminal Syndicates, knowingly and designedly, by false pretense, obtained money from their customers with the intent to cheat and/or defraud their customers.

97. In violation of N.R.S. § 205.0832(a), the Club Defendants, acting through the RICO Club Enterprises, and the RICO Club Criminal Syndicates, knowingly and designedly, by false pretense, obtained money from their customers with the intent to cheat and/or defraud their customers.

98. The foregoing takings of property (money) under circumstances not amounting to robbery constitute a violation of N.R.S. § 205.380, which is a predicate act under the Nevada RICO Statute, N.R.S. § 207.360(9).

**Nevada RICO Injury**

99. As a direct and immediate result of the foregoing acts of obtaining money under false pretenses, the Driver Defendants, acting through the RICO Driver Enterprises, and the RICO Driver Criminal Syndicates, have conducted a racketeering activity and have wrongfully acquired substantial sums of money which rightfully belong to the Plaintiff and members of the class.    The Plaintiff and members of the class have suffered substantial monetary losses as a direct and immediate result of the Driver Defendants' acts of obtaining money under false pretenses in an amount to be determined at trial.

100. As a direct and immediate result of the foregoing acts of obtaining money under false pretenses, the Club Defendants, acting through the RICO Club Enterprises, and the

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 26 of 41

RICO Club Criminal Syndicates, have conducted a racketeering activity and have wrongfully acquired substantial sums of money which rightfully belong to the Plaintiff and members of the class.   The Plaintiff and members of the class have suffered substantial monetary losses as a direct and immediate result of the Club Defendants' acts of obtaining money under false pretenses in an amount to be determined at trial.

## COUNT I

### (VIOLATION OF NEVADA RACKETEERING STATUTE)

### (N.R.S. § 207.400(1)(a)(2))

### (As to Club Defendants)

101. Plaintiff realleges and incorporates the foregoing allegations as though set forth fully herein.

102. In violation of N.R.S.§ 207.400(1)(a)(2), the RICO Club Enterprises have invested income derived, directly or indirectly, from the racketeering activity alleged herein, in the establishment or operation of their enterprises.   Money that is collected from the unlawful diversion and the unlawful charges assessed to the diverted customers is used to pay operations of the enterprises that engaged in the unlawful activity and for acquisitions of additional ventures that also engage in the unlawful activity.

103. Plaintiff and the members of the class have suffered and continue to suffer injury as a direct, proximate, and foreseeable result of the RICO Club Enterprises predicate acts as well as the racketeering activity alleged herein.

**WHEREFORE, Plaintiff requests that this Court:**

a. Certify this action as a class action and designate Plaintiff as Class Representative and his counsel as Class Counsel.

b. Enter an order permanently enjoining the Defendants from continuing the

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC   [Client-Matter]

Page 27 of 41

criminal operation and activities as alleged herein.

   c. Enter an order, pursuant to N.R.S. § 207.460, that all property, real and personal, including currency, found to be used, derived, gained, or invested in violation of N.R.S. 207.400, be seized and forfeited by a method determined by this Court.

   d. Award Plaintiff and the Class costs and reasonable attorney's fees incurred in connection with the prosecution this action pursuant to N.R.S. § 207.470.

   e. Award such other and further relief as this Court deems equitable and just.

## COUNT II

## (VIOLATION OF NEVADA RACKETEERING STATUTE) (N.R.S. § 207.400 1(b))

## (As to Club Defendants)

104. Plaintiff realleges and incorporates the foregoing allegations as though set forth fully herein.

105. As a direct result of the racketeering activity engaged in by the Club Defendants, acting through the RICO Club Enterprises, the Club Defendants maintained their interest and control of their Clubs, thereby enhancing the value of the RICO Club Enterprises, and adding a significant source of revenue to the operations of the Clubs.

106. This racketeering activity violates Nevada RICO Statute, N.R.S. § 207.400 1(b), which makes it unlawful for a person, through racketeering activity, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise.

107. Plaintiff and the members of the class have suffered and continue to suffer injury as a direct, proximate, and foreseeable result of the foregoing acts.

/ / / /

/ / / /

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 28 of 41

**WHEREFORE, Plaintiff requests that this Court:**

    a. Certify this action as a class action and designate Plaintiff as Class Representative and his counsel as Class Counsel.

    b. Enter an order permanently enjoining the Defendants from continuing the criminal operation and activities as alleged herein.

    c. Enter an order, pursuant to N.R.S. § 207.460, that all property, real and personal, including currency, found to be used, derived, gained, or invested in violation of N.R.S. 207.400, be seized and forfeited by a method determined by this Court.

    d. Award Plaintiff and the Class costs and reasonable attorney's fees incurred in connection with the prosecution this action pursuant to N.R.S. § 207.470.

    e. Award such other and further relief as this Court deems equitable and just.

## COUNT III

### (VIOLATION OF NEVADA RACKETEERING STATUTE) (N.R.S. § 207.400 1(c))

### (As to Club Defendants)

108. Plaintiff realleges and incorporates the foregoing allegations as though set forth fully herein.

109. The predicate acts alleged above constitute substantial acts of taking property from another under circumstances not amounting to robbery in violation of N.R.S. § 205.380.

110. The Club Defendants, acting through the RICO Club Enterprises, have violated Nevada's Racketeer Influenced and Corrupt Organizations Act ("Nevada RICO"), § 207.400(1)(c), which prohibits any person associated with an enterprise from participating in the conduct of the enterprise's affairs through racketeering activity.

/././

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 29 of 41

111. Plaintiff and the members of the class have suffered and continue to suffer injury as a direct, proximate, and foreseeable result of individual predicate acts and racketeering activity conducted through the affairs of the RICO Club Enterprises.

**WHEREFORE, Plaintiff requests that this Court:**

    a.  Certify this action as a class action and designate Plaintiff as Class Representative and his counsel as Class Counsel.

    b.  Enter an order permanently enjoining the Defendants from continuing the criminal operation and activities as alleged herein.

    c.  Enter an order, pursuant to N.R.S. § 207.460, that all property, real and personal, including currency, found to be used, derived, gained, or invested in violation of N.R.S. § 207.400, be seized and forfeited by a method determined by this Court.

    d.  Award Plaintiff and the Class costs and reasonable attorney's fees incurred in connection with the prosecution this action pursuant to N.R.S. § 207.470.

    e.  Award such other and further relief as this Court deems equitable and just.

**COUNT IV**

**(VIOLATION OF NEVADA RACKETEERING STATUTE)**

**(N.R.S. § 207.400 1(c))**

**(As to Driver Defendants)**

112. Plaintiff realleges and incorporates the foregoing allegations as though set forth fully herein.

113. The predicate acts alleged above constitute substantial acts of taking property from another under circumstances not amounting to robbery in violation of N.R.S. § 205.380.

/ . / . / . /

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

114. The Driver Defendants, acting through the RICO Driver Enterprises, have violated Nevada's Racketeer Influenced and Corrupt Organizations Act ("Nevada RICO"), § 207.400(1)(c), which prohibits any person associated with an enterprise from participating in the conduct of the enterprise's affairs through racketeering activity.

115. Plaintiff and the members of the class have suffered damages and continue to suffer injury as a direct, proximate, and foreseeable result of individual predicate acts and racketeering activity conducted through the affairs of the RICO Driver Enterprises.

**WHEREFORE, Plaintiff requests that this Court:**

a. Certify this action as a class action and designate Plaintiff as Class Representative and his counsel as Class Counsel.

b. Enter an order permanently enjoining the Defendants from continuing the criminal operation and activities as alleged herein.

c. Enter an order, pursuant to N.R.S. § 207.460, that all property, real and personal, including currency, found to be used, derived, gained, or invested in violation of N.R.S. § 207.400, be seized and forfeited by a method determined by this Court.

d. Award Plaintiff and the Class costs and reasonable attorney's fees incurred in connection with the prosecution this action pursuant to N.R.S. § 207.470.

e. Award such other and further relief as this Court deems equitable and just.

/./././

/./././

/./././

/./././

/./././

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada  89169

785541_1.DOC  [Client-Matter]

Page 31 of 41

**COUNT V**

**(VIOLATION OF NEVADA RACKETEERING STATUTE)**

**(N.R.S. § 207.400 1(d))**

**(As to Club Defendants)**

116. Plaintiff realleges and incorporates the foregoing allegations as though set forth fully herein.

117. The predicate acts alleged above constitute substantial acts of taking property from another under circumstances not amounting to robbery in violation of N.R.S. § 205.380.

118. The actions alleged above were intentionally organized, managed, directed, supervised, and financed by the Club Defendants, acting though the RICO Club Criminal Syndicates.

119. The Club Defendants, acting through the RICO Club Criminal Syndicates, have violated Nevada's Racketeer Influenced and Corrupt Organizations Act ("Nevada RICO"), § 207.400(1)(d), which prohibits any person from organizing, managing, directing, supervising or financing a criminal syndicate.

120. Plaintiff and the members of the class have suffered damages and continue to suffer injury as a direct, proximate, and foreseeable result of individual predicate acts and racketeering activity conducted through the management, direction, supervision, and financing of the RICO Club Criminal Syndicate.

**WHEREFORE, Plaintiff requests that this Court:**

    a. Certify this action as a class action and designate Plaintiff as Class Representative and his counsel as Class Counsel.

    b. Enter an order permanently enjoining the Defendants from continuing the criminal operation and activities as alleged herein.

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 32 of 41

c.  Enter an order, pursuant to N.R.S. § 207.460, that all property, real and personal, including currency, found to be used, derived, gained, or invested in violation of N.R.S. § 207.400, be seized and forfeited by a method determined by this Court.

d.  Award Plaintiff and the Class costs and reasonable attorney's fees incurred in connection with the prosecution this action pursuant to N.R.S. § 207.470.

e.  Award such other and further relief as this Court deems equitable and just.

## COUNT VI

## (VIOLATION OF NEVADA RACKETEERING STATUTE)

## (N.R.S. § 207.400 1(d))

## (As to Driver Defendants)

121. Plaintiff realleges and incorporates the foregoing allegations as though set forth fully herein.

122. The predicate acts alleged above constitute substantial acts of taking property from another under circumstances not amounting to robbery in violation of N.R.S. § 205.380

123. The actions alleged above were intentionally organized, managed, directed, supervised, and financed by the Driver defendants, acting though the RICO Driver Criminal Syndicates.

124. The Driver Defendants, acting through the RICO Driver Criminal Syndicates, have violated Nevada's Racketeer Influenced and Corrupt Organizations Act ("Nevada RICO"), § 207.400(1)(d), which prohibits any persons from organizing, managing, directing, supervising or financing a criminal syndicate.

125. Plaintiff and the members of the class have suffered damages and continue to suffer injury as a direct, proximate, and foreseeable result of individual predicate acts and

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 33 of 41

racketeering activity conducted through the management, direction, supervision, and financing of the RICO Driver Criminal Syndicate.

**WHEREFORE, Plaintiff requests that this Court:**

a. Certify this action as a class action and designate Plaintiff as Class Representative and his counsel as Class Counsel.

b. Enter an order permanently enjoining the Defendants from continuing the criminal operation and activities as alleged herein.

c. Enter an order, pursuant to N.R.S. § 207.460, that all property, real and personal, including currency, found to be used, derived, gained, or invested in violation of N.R.S. § 207.400, be seized and forfeited by a method determined by this Court.

d. Award Plaintiff and the Class costs and reasonable attorney's fees incurred in connection with the prosecution this action pursuant to N.R.S. § 207.470.

e. Award such other and further relief as this Court deems equitable and just.

**COUNT VII**

**(VIOLATION OF NEVADA RACKETEERING STATUTE)**

**(N.R.S. § 207.400 1(h))**

**(As to Club Defendants)**

126. Plaintiff realleges and incorporates the foregoing allegations as though set forth fully herein.

127. The Club Defendants willfully, intentionally, and knowingly agreed and conspired with the Driver Defendants to engage in thousands of acts of alleged wrongful conduct, including the taking of property from another under circumstances not amounting to robbery in violation of N.R.S. § 205.380.

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

128. The Club Defendants committed the acts alleged herein pursuant to, and in furtherance of agreement alleged above, and furthered the conspiracy by cooperating, encouraging, ratifying, participating in, and adopting the acts of the Driver Defendants.

129. As a direct and proximate result of cooperating, encouraging, ratifying, participating in and adopting the acts of the Driver Defendants, Plaintiff and the members of the class have suffered monetary injury and harm.  The wrongful conduct committed pursuant to the conspiracy was a substantial factor in causing this harm.

130. The Club Defendants, acting in conspiracy with the Driver Defendants, have violated Nevada's Racketeer Influenced and Corrupt Organizations Act ("Nevada RICO"), § 207.400(1)(h), which prohibits any person from conspiring to violate any of the provisions of N.R.S. § 207.400 1(a)-1(g).

131. Plaintiff and the members of the class have suffered damages and continue to suffer injury as a direct, proximate, and foreseeable result of individual predicate acts and racketeering activity conducted in conspiracy with others.

**WHEREFORE, Plaintiff requests that this Court:**

    a.  Certify this action as a class action and designate Plaintiff as Class Representative and his counsel as Class Counsel.

    b.  Enter an order permanently enjoining the Defendants from continuing the criminal operation and activities as alleged herein.

    c.  Enter an order, pursuant to N.R.S. § 207.460, that all property, real and personal, including currency, found to be used, derived, gained, or invested in violation of N.R.S. § 207.400, be seized and forfeited by a method determined by this Court.

/ . / . / . /

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

d.  Award Plaintiff and the Class costs and reasonable attorney's fees incurred in connection with the prosecution this action pursuant to N.R.S. § 207.470.

e.  Award such other and further relief as this Court deems equitable and just.

**COUNT VIII**

**(VIOLATION OF NEVADA RACKETEERING STATUTE)**

**(N.R.S. § 207.400 1(h))**

**(As to Driver Defendants)**

132. Plaintiff realleges and incorporates the foregoing allegations as though set forth fully herein.

133. The Driver Defendants willfully, intentionally, and knowingly agreed and conspired with the Club Defendants to engage in countless acts of alleged wrongful conduct, including the taking of property from another under circumstances not amounting to robbery in violation of N.R.S. § 205.380.

134. The Driver Defendants committed the acts alleged herein pursuant to and in furtherance of that agreement and furthered the conspiracy by cooperating, encouraging, ratifying, participating in, and adopting the acts of the Club Defendants.

135. As a direct and proximate result of cooperating, encouraging, ratifying, participating in and adopting the acts of the Club Defendants, Plaintiff and the members of the class have suffered monetary injury and harm.  The wrongful conduct committed pursuant to the conspiracy was a substantial factor in causing this harm.

136. The Driver Defendants, acting in conspiracy with the Club Defendants, have violated Nevada's Racketeer Influenced and Corrupt Organizations Act ("Nevada RICO"), § 207.400(1)(h), which prohibits any person from conspiring to violate any of the provisions of N.R.S. § 207.400 1(a)-1(g).

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 36 of 41

137. Plaintiff and the members of the class have suffered damages and continue to suffer injury as a direct, proximate, and foreseeable result of individual predicate acts and racketeering activity conducted in conspiracy with others.

**WHEREFORE, Plaintiff requests that this Court:**

    a.  Certify this action as a class action and designate Plaintiff as Class Representative and his counsel as Class Counsel.

    b.  Enter an order permanently enjoining the Defendants from continuing the criminal operation and activities as alleged herein.

    c.  Enter an order, pursuant to N.R.S. § 207.460, that all property, real and personal, including currency, found to be used, derived, gained, or invested in violation of N.R.S. § 207.400, be seized and forfeited by a method determined by this Court.

    d.  Award Plaintiff and the Class costs and reasonable attorney's fees incurred in connection with the prosecution this action pursuant to N.R.S. § 207.470.

    e.  Award such other and further relief as this Court deems equitable and just.

**COUNT IX**

**ACTION UNDER N.R.S § 41.600 NEVADA DECEPTIVE TRADE PRACTICES ACT**

**(As to All Defendants)**

138. Plaintiff realleges and incorporates the foregoing allegations as though set forth fully herein.

139. N.R.S. § 41.600 creates a cause of action for individuals injured by the use of deceptive trade practices as defined by N.R.S. 598.0915. Specifically, N.R.S. § 598.0915 states, in relevant part, that a person engages in a "deceptive trade practice" if, in the course of his business or occupation, he: (1) Knowingly passes off goods or

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 37 of 41

services for sale or lease as those of another person;  (5) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith; (8) Disparages the goods, services or business of another person by false or misleading representation of fact, and; (15) Knowingly makes any other false representation in a transaction.

140. Defendant Drivers have committed deceptive trade practices in the following ways:

    a.  Knowingly making false representations regarding the quality of services offered at certain clubs; and

    b.  Knowingly making false representations regarding the business status of certain clubs (e.g. that a particular club is closed, shut down, burned down, or has gone out of business);

141. As a result of providing kickbacks to taxi cab and limousine drivers, upon information and belief, up to $100 per customer, Defendant Clubs must recoup their money from the very same customers that Defendant Clubs are paying kickbacks for.

142. Defendant Clubs have, in an attempt to recoup their losses from kickbacks, committed deceptive trade practices in the following ways:

    a.  Representing to customers that they are selling them high quality, expensive liquor when in fact they are selling lower quality liquor, which sells at a much lower price;

    b.  "Watering down" liquor and other drinks so that their alcohol concentrations are lower than what is represented to the customer; and

/././/

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 38 of 41

      c.   Falsely stating the amount owed by customers, and forcing customers to pay for goods or services that they never received.

143. The Plaintiff, and members of the Class, relied on the false statements made by the Defendants and suffered damages as a result of their reliance.

144. Specifically, the Plaintiff and members of the Class relied on false statements made by Defendant Drivers, and, as a result, were unable to travel freely to the club of their choice.

145. Further, the Plaintiff and the Class relied on statements made by Defendant Clubs, and as a result suffered damages.

146. N.R.S. § 41.600 also creates a cause of action for individuals injured by the use of deceptive trade practices as defined by N.R.S. § 598.0923. N.R.S. § 598.0923 states, in relevant part, that a person engages in a "deceptive trade practice" when in the course of his business or occupation he knowingly . . . 2. Fails to disclose a material fact in connection with the sale or lease of goods or services, or 3. Violates a state or federal statute or regulation relating to the sale or lease of goods or services.

147. Driver Defendants violate N.R.S. § 598.0923 by failing to disclose the actual nature of their services. Driver Defendants fail to disclose that they are receiving large illegal kickbacks for delivering customers to certain clubs.

148. By omitting this material fact, Plaintiff, and other class members, are unwittingly subjected to inflated prices and other unscrupulous actions of Club Defendants, as outlined in paragraph 142 of this Complaint.

149. Driver Defendants who operate taxi cabs are in violation of N.R.S. § 706.8846 which states:

/ / / /

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC  [Client-Matter]

Page 39 of 41

With respect to a passenger's destination, a driver shall not:
1) Deceive or attempt to deceive any passenger who rides or desires to ride in his taxicab;
2) Convey or attempt to convey any passenger to a destination other than the one directed by the passenger.

150. Driver Defendants who operate taxi cabs are also in violation of N.A.C. § 706.552 which states:

A taxi driver shall . . . not accept, directly or indirectly, gratuity or any form of compensation from any person for diverting or attempting to divert a prospective customer from any commercial establishment.

151. By violating N.R.S. § 706.8846 and N.A.C. § 706.552, Driver Defendants who are taxi cab drivers are committing a deceptive trade practice as defined by N.R.S. § 598.0923(3).

**WHEREFORE, Plaintiff requests that this Court:**

a. Certify this action as a class action and designate Plaintiff as Class Representative and his counsel as Class Counsel;

b. Enter an order permanently enjoining the Defendants from continuing the criminal operation and activities as alleged herein;

c. Award Plaintiff and the Class costs and reasonable attorney's fees in prosecuting this action pursuant to N.R.S. § 41.600(3)(b);

d. Award such other and further relief as this Court deems equitable and just.

/./././
/./././
/./././
/./././
/./././

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada 89169

785541_1.DOC [Client-Matter]

Page 40 of 41

1

**JURY DEMAND**

2

Plaintiff requests trial by jury of all claims that can be so tried.

3

Respectfully submitted,

4

**THEODORE TRAPP**, individually, and on behalf of all others similarly situated,

5

Dated:  June 2, 2009

6

By: _____
One of his Attorneys

7

James E. Smyth II
Kummer Kaempfer Bonner

8

Renshaw & Ferrario
3800 Howard Hughes Parkway
Seventh Floor

9

Las Vegas, Nevada 89169
jsmyth@kkbrf.com

10

Jay Edelson*

11

Rafey Balabanian*
KAMBEREDELSON LLC
350 North LaSalle Street

12

Suite 1300
Chicago, Illinois 60654

13

Tel:  (312) 589-6370
Fax: (312) 589-6378

14

jedelson@kamberedelson.com
rbalabanian@kamberedelson.com

* Pro hac admittance to be sought

15

16

17

18

19

20

21

22

23

24

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
800 Howard Hughes Parkway
Las Vegas, Nevada  89169

785541_1.DOC  [Client-Matter]

Page 41 of 41