1  Neil J. Beller, Esq.
   Nevada Bar No. 002360
2  NEIL J. BELLER, LTD.
3  7408 West Sahara Avenue
   Las Vegas, NV 89117
4  (702) 368-7767
   nbeller@njbltd.com
5  Attorney for Defendants
   DEJA VU SHOWGIRLS OF LAS VEGAS, LLC
6  LITTLE DARLINGS OF LAS VEGAS, LLC
   LAS VEGAS ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF, NEVADA

| | |
|---|---|
| THEODORE TRAPP, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIG POPPA'S, LLC, a Nevada limited liability company d/b/a BADDA BINGMEN'S CLUB; SKY TOP VENDING, INC., a Nevada Corporation d/b/a CAN CAN ROOM; LA FUENTE, INC., a Nevada corporation d/b/a CHEETAH'S; C.P. FOOD AND BEVERAGE, INC., a Nevada corporation d/b/a CLUB PARADISE; DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a DEJA VU SHOWGIRLS; PALOMINO CLUB, INC., a Nevada corporation d/b/a PALOMINO CLUB; SHAC, LLC, a Nevada limited liability company d/b/a SAPPHIRE; d/b/a STAR CAB COMPANY; K-KEL, INC., a Nevada corporation d/b/a SPEARMINT RHINO; D. 2801 WESTWOOD, INC., a Nevada corporation d/b/a TREASURES; LITTLE DARLINGS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a LITTLE DARLINGS; | CASE NO.   2:09-cv-00995<br><br>**DEFENDANTS DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC'S, AND LAS VEGAS ENTERTAINMENT, LLC D/B/A LARRY FLYNT'S HUSTLER CLUB'S MOTION TO DISMISS** |

1

| | |
|---|---|
| 1 | O.G. ELIADES, A.D., LLC, a Nevada limited liability company d/b/a OLYMPIC GARDENS; LAS VEGAS ENTERTAINMENT, LLC, a Nevada limited liability company d/b/a LARRY FLYNT'S HUSTLER CLUB; MICHAEL A. SALTMAN d/b/a MINXX; RICK'S LAS VEGAS; FRIAS MANAGEMENT, LLC, a Nevada limited liability company d/b/a ACE CAB COMPANY and A-NORTH LAS VEGAS CAB; WESTERN CAB COMPANY, a Nevada corporation d/b/a WESTERN CAB COMPANY and WESTERN LIMOUSINE; NEVADA CHECKER CAB CORPORATION, a Nevada corporation d/b/a CHECKER CAB COMPANY; NEVADA STAR CAB CORPORATION, a Nevada corporation d/b/a STAR CAB COMPANY; NEVADA YELLOW CAB CORPORATION, a Nevada corporation d/b/a YELLOW CAB COMPANY; LUCKY CAB COMPANY OF NEVADA, a Nevada corporation d/b/a LUCKY TRANS; SUN CAB, INC., a Nevada corporation d/b/a NELLIS CAB COMPANY; CLS NEVADA, LLC, a Nevada limited liability company d/b/a CLS TRANSPORTATION LAS VEGAS; ON DEMAND SEDAN SERVICES, LLC, a Nevada limited liability company d/b/a ODS LIMOUSINE and ODS CHAUFFEURED TRANSPORTATION; BLS LIMOUSINE SERVICE OF LAS VEGAS, INC., a Nevada corporation d/b/a BLS LIMOUSINE SERVICE OF LAS VEGAS; DESERT CAB, INC., a Nevada corporation d/b/a DESERT CAB COMPANY and ODYSSEY LIMOUSINE; BELL TRANS A NEVADA CORPORATION, a Nevada corporation d/b/a BELL TRANS; TONY CHONG, an individual; and DOE EMPLOYEES 1-1000; <br><br>                      Defendants. |

# DEFENDANTS DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC'S, AND LAS VEGAS ENTERTAINMENT, LLC D/B/A LARRY FLYNT'S HUSTLER CLUB'S MOTION TO DISMISS

COMES NOW Defendants DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC, and LAS VEGAS ENTERTAINMENT, LLC d/b/a LARRY FLYNT'S HUSTLER CLUB, by and through their attorney, Neil J. Beller, Esq. and pursuant to FRCP 9(b), FRCP12 (b)(6) and FRCP 23, moves this Court for an order denying certification of Plaintiff's complaint as a class action, or in the alternative, to dismiss Plaintiffs' RICO causes of action, and for failure to state a claim upon which relief can be granted.

This motion is based on the attached Memorandum of Points and Authorities and any argument permitted at the time of hearing.

Dated this 29 day of June, 2009.

_____
Neil J. Beller, Esq.
Nevada Bar No. 002360
NEIL J. BELLER, LTD.
7408 West Sahara Avenue
Las Vegas, NV 89117
(702) 368-7767
Attorney for Defendants
DEJA VU SHOWGIRLS OF LAS VEGAS, LLC
LITTLE DARLINGS OF LAS VEGAS, LLC
LAS VEGAS ENTERTAINMENT, LLC

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**1. Plaintiff's Request for Class Certification Must Be Denied Because It Fails to Meet the Requirements of FRCP 23**

Pursuant to Federal Rules of Civil Procedure, Rule 23(a), all class actions must meet four prerequisites: (1) the impracticability of joining all members ("numerosity"); (2) the existence of common questions of law or fact ("Commonality"); (3) typicality of the claims and defenses of the parties with respect to the proposed class ("typicality"); and (4) adequate representation of the proposed class by the parties before the Court ("adequacy of representation"). FRCP 23(a);

Stanton v. Boeing Co., 327 F.3d 938 (9th Cir. 2003).

The burden is on the party seeking to maintain the class action to establish a prima facie showing of each of the elements of Rule 23 (a) prerequisites and the appropriate Rule 23(b) grounds for a class action. Andrews Farms v. Calcot, Ltd., 2009 WL 1211374 (E.D.Cal. 2009). The burden is to produce evidence by affidavits, documents or testimony establishing each Rule or requirements. Id. at 3. A class action may only be certified if the trial court is satisfied after a rigorous analysis that the prerequisites of Rule 23(a) have been satisfied. In re Initial Public Offering Sec. Litig., 471 F.3d 24,33 (2nd Cir. 2006).[Stating that Rule 23 requirements must be met, not just supported by some evidence.]

The Calcot court stated that although the class representative lacked personal knowledge of the number of present members, they did establish in their declarations that they have personal knowledge of Calcot members. (The court did approve the numerosity requirement, although it denied class certification.)

However, regarding numerosity in this instant action, Plaintiff has only presented the incident that he experienced, and has not identified any other specific persons experiencing the same treatment.

Plaintiff Trapp's claim could not have arisen out of the same transaction or occurrence as any other class member because each incident would have occurred at a different location, different time, different driver and club. It appears that Plaintiff Trapp is unable to specifically identify any other individual who might be a proposed class member.

It is incumbent upon the plaintiffs under the numerosity requirement of Rule 23 to identify some individual who falls within the proposed class. Perez v. Personnel Bd. of City of Chicago, 690 F.Supp.670, 672 (N.D.Ill.1988) cited in Cummings v. Charter Hosp. Of Las Vegas, Inc., 111 Nev. 639, 896 P.2d 1137 (1995).[Where the court determined that the patients' claims did not arise out of the same transaction, occurrence, or series of transactions or occurrences, but rather arose from separate incidents.]

No minimum number of plaintiffs is necessary to meet the dictates of Rule 23 (a)(1). Arnold v. United Artists Theatre Circuit, Inc., 158 F.R.D 439, 448 (N.D.Cal.1994); Schwartz v. Upper Deck Co., 183 F.R.D 672, 681 (S.D.Cal.1999) [Where the central question was whether plaintiffs had sufficiently identified and demonstrated the existence of the numbers of persons for whom they speak and the court determined they had not.]

In his Complaint, Plaintiff alleges "on information and belief, there are over 100,000 members of the Class." Page 17, line 3. Because the alleged incidents could not possibly have occurred at the same time, same place, or involve the same drivers or clubs, how are these other prospective members of the Class to be notified. How are they to be queried by this Court to determine if they belong to the Class? Does Plaintiff plan to place ads in papers all over the county stating that if "you have taken a taxi to go to a club and the driver diverted you to another club, contact ____"? What proof would they have to support their incident? Plaintiff could end up with a million members in a Class, all of whom would have to present to this Court, the date, place, taxi company, names of clubs, etc. to qualify as a class member.

A prerequisite to satisfy the requirement that a certified class must be ascertainable is a class definition that clearly delineates who is and is not in each class. Shiteway v. FedEx Kinko's, 2006 WL264528 (N.D.Cal. 2006) [ Where the court held that an identifiable class exists only if its members can be ascertained by reference to objective criteria.}

Certification of a class in this action would prove unmanageable and is not a superior vehicle for resolution of Plaintiff's claims because there could hardly be any records to prove class membership and individual damages. Identification alone would be time consuming because Plaintiff has no idea who is or is not a member of the class he seeks to certify.

Courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed. An identifiable class exists if its members can be ascertained by reference to objective criteria, but not if membership is contingent on the prospective member's state of mind. Schwartz v. Upper Deck Co., 183 F.R.D. 672, 680 (S.D.Cal. 1999). [Where the court found manageability problems exist and class certification would be improper under Rule 23(b)(3)(D).]

"Sales volume standing alone cannot serve as the basis of a numerosity finding in this case. Even the allegations of the named representative Plaintiffs leave the Court in doubt as to numerosity. Without assistance of plaintiffs, the Court has no idea who buys sports cards, or even how many, for the purpose of finding chase cards as opposed to other rationales." Id at 681.

Reasonable judgments cannot be made out of thin air; sufficient information to make such a judgment is a required preliminary step. Case law is consistent with this view. Id. at 681.

Defendants contend there is insufficient information for this Court to determine the numerosity requirement because no objective criteria exists to serve as a basis of a numerosity finding. As in Schwartz, supra, where sales volume could not serve as a basis for the numerosity requirement, neither can Plaintiff's allegations that Defendant Drivers divert customers to certain Defendant Clubs serve as a basis for numerosity. Plaintiff's allegations are not objective criteria, but relate to the state of mind of the prospective class member.

Thus, Plaintiff fails to meet the numerosity requirement of Rule 23 (a).

Failure to prove any one of Rule 23's requirements destroys the alleged class action. Rutledge v. Electric Hoe & Rubber Co., 511 F.2d 668, 673 (9th Cir. 1975).

Plaintiff's request for class certification should be denied.

**2. Or In the Alternative, Plaintiffs' RICO Claims Should Be Dismissed**

Regardless of whether this Court certifies Plaintiff's action as a class action, the RICO causes of action should be dismissed under Rule 12 (b)(6) for failure to state a claim upon which relief can be granted. Rule 12(b)(6) dismissal is appropriate if there is an absence of sufficient facts alleged to support a legal theory. See, Ravet v. Solomon, et al. 2007 WL 2088381 (S.D.Cal. 2007).

Although motions to dismiss for failure to state a claim must take the complaint in the light most favorable to the plaintiff and take the allegations as true, the factual allegations must be sufficient to raise a right to relief above the speculative level. Id. The allegations must provide plausible grounds to infer that the plaintiff is entitled to relief i.e. enough facts to raise a reasonable expectation that discovery will reveal evidence of illegality.

1  In addition, pleadings of fraud in the RICO context cannot be based on conclusory
2  allegations or speculation. See, Telephonic Serv., Inc. V. TBS Int'l, Inc. 975 F.2d 1135 (5th Cir.
3  1992) (Rule 9(b) applies to the pleading of fraud as a predicate act in a RICO claim.) Plaintiffs
4  must plead the fraudulent acts that form the alleged pattern of racketeering with specificity under
5  Rule 9(b). Defendants contend Plaintiff has failed to satisfy his burden of pleading his RICO
6  claims.

7  A party may assert a civil RICO claim only if it can properly plead a violation of one of
8  the subparts of NRS 207.360. Based on Plaintiff's allegations that Defendants are in violation of
9  Clark County Code 8.20.297 makes this somewhat impossible.

10  Plaintiff alleges that "Ordinances enacted by Clark County, Nevada (Ordinance
11  8.20.297) and other states law make payments of this type to Drivers illegal." See, page3, lines
12  22-24. Plaintiff bases its entire RICO claims upon the fact that all the named Defendants drivers
13  and clubs are illegally making payments of this type. Plaintiff fails to recognize that the Clark
14  County Ordinance 8.20.297 was repealed in 2006 and is no longer in effect. Thus, the activity
15  Plaintiff alleges cannot be considered illegal and cannot be the basis for his RICO claims.

### 3. Plaintiff Fails to Plead Fraud With Particularity

17  Plaintiff, in stating the "Predicate Acts of the Club Defendants", generally alleges fraud:
18  "The Club Defendants, though (sic) false pretense, knowingly and designedly, and with the intent
19  to cheat or defraud the customer...." (Page 24, lines 12-14); The fraud perpetrated and the sums of
20  money wrongfully generated therefrom have enriched the Club Defendants...." Page 25, lines 10-
21  11, and other allegations of fraud.

22  In the Ninth Circuit, averments of fraud must comply with the pleading requirement of
23  Rule 9(b). Vess v. Ciba-Geigy Corp.USA, 317 F.3d 1097 (9th Cir. 2003). Thus, when a RICO
24  claim of "racketeering activity" is based on predicate acts of fraud, the particularity requirements
25  of Rule 9(b) apply to that claim. Edwards v. Marin Park, Inc. 356 F.3d 1058, 1065 (9th Cir. 2004).
26  Rule 9(b) requires plaintiffs to provide allegations that are specific enough to enable defendants to
27  refute the charges, not just to deny that they have done anything wrong. Bly-Magee v. California,
28  236 F.3d 1014, 1019 (9th Cir. 2001).

7

Plaintiff asserts that the predicate acts that constitute a pattern of racketeering were purported thousands of instances of fraud. Plaintiff, with the exception of his own experience, however fails to identify these instances with the particularity required by Rule 9(b). As an initial matter, it is impossible to determine what conduct Plaintiff believes each Defendant engaged in. Plaintiff does not allege any facts to support a basis for collective responsibility. Defendants, therefore, are left to wonder what role they purportedly play in the scheme of fraud Plaintiff has brought and that renders the RICO claim fatally defective. See, Lui Ciro, Inc. v. Ciro, Inc. 895 F.Supp.1365 (D.Hawaii 1995) where the court stated that plaintiffs must identify the roles of each defendant and that before plaintiffs can benefit from a presumption of collective action, plaintiffs must allege facts to demonstrate collective responsibility.

**4. Conclusion**

Based on the foregoing, these moving Defendants respectfully request this Honorable Court to deny certification of Plaintiff's complaint as a class action and to grant their motion to dismiss Plaintiff's RICO claims and to dismiss all fraud claims based on failure to plead fraud with particularity.

Dated this 29 day of June, 2009.

_____
Neil J. Beller, Esq.
Nevada Bar No. 002360
NEIL J. BELLER, LTD.
7408 West Sahara Avenue
Las Vegas, NV 89117
(702) 368-7767
Attorney for Defendants
DEJA VU SHOWGIRLS OF LAS VEGAS, LLC
LITTLE DARLINGS OF LAS VEGAS, LLC
LAS VEGAS ENTERTAINMENT, LLC

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the law firm of NEIL J. BELLER, LTD. and on the 29 of June, 2009, service of the foregoing **DEFENDANTS DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC'S, AND LAS VEGAS ENTERTAINMENT, LLC D/B/A LARRY FLYNT'S HUSTLER CLUB'S MOTION TO DISMISS** was made, by depositing a true and correct copy of the same in the United States mail, postage prepaid, addressed to the following:

James E. Smyth, Esq.
Bar No. 6506
3800 Howard Hughes Parkway, Seventh Floor
Las Vegas, NV 89169
(702) 792-7000

Jay Edelson, Esq.
Rafey Balabanian, Esq.
KAMBER EDELSON, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

Attorneys for Plaintiff THEODORE TRAPP

_/s/ Janie Kennedy_
An Employee of Neil J. Beller, Ltd.