| | |
|---|---|
| 1 | MARK E. FERRARIO, ESQ. |
| | Nevada Bar No. 1625 |
| 2 | BRANDON E. ROOS, ESQ. |
| | Nevada Bar No. 7888 |
| 3 | roosb@gtlaw.com |
| | GREENBERG TRAURIG, LLP |
| 4 | 3773 Howard Hughes Parkway |
| | Suite 400 North |
| 5 | Las Vegas, Nevada 89169 |
| | Telephone: (702) 792-3773 |
| 6 | Facsimile: (702) 792-9002 |
| | *Counsel for Defendant SHAC, LLC* |

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| THEODORE TRAPP, on his own behalf and on behalf of all others similarly situated, | | Case 2:09-cv-00995-LDG-PAL |
| Plaintiff, | | **SHAC, LLC'S ANSWER TO CLASS ACTION COMPLAINT** |
| v. | | |
| BIG POPPA'S, LLC, a Nevada limited liability company d/b/a BADDA BING MEN'S CLUB, et. al., | | |
| Defendants. | | |

COMES NOW, Defendant SHAC, LLC, d/b/a Sapphire Gentleman's Club ("SHAC"), by and through its counsel Mark E. Ferrario and Brandon E. Roos of the law firm of GREENBERG TRAURIG, and hereby responds to Plaintiff Theodore Trapp's ("Plaintiff") Class Action Complaint by admitting, denying and alleging as follows:

## NATURE OF ACTION

1. In response to paragraphs 1, 4, 5, 6, 8, 9 and 10 of Plaintiff's Complaint, Defendant SHAC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

2. Defendant SHAC denies the allegations contained in paragraphs 2, 3, and 7.

## PARTIES

3. Answering paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39 of Plaintiff's Class Action Complaint on file

Page 1 of 6

LV 418,812,909v1 7-6-09

herein, Defendant SHAC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

4. Defendant SHAC admits the allegations contained in paragraph 20 of Plaintiff's Class Action Complaint.

5. Answering paragraph 40 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC states that said allegation does not set forth a factual contention and therefore does not require a response.

## JURISDICTION AND VENUE

6. Answering paragraphs 41, 42 and 43 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC denies each and every allegation contained therein.

## GENERAL ALLEGATIONS

7. Answering paragraph 44 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC admits that for the last five years and continuing to the present date, SHAC has operated off of the Strip. Defendant SHAC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

8. Answering paragraphs 45, 46, 55, and 56 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC denies each and every allegation contained therein.

9. Answering paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 57 and 58 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

## EFFECT ON LAS VEGAS

10. Answering paragraphs 59, 60, 61, and 62 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC categorically denies that it has been involved in any illegal scheme and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

LV 418,812,909v1 7-6-09

## ALLEGATIONS AS TO THE NAMED PLAINTIFF

11. Answering paragraphs 63, 64, 65, 66, 67, 68, 69, 70, 71, 72 and 73 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

## CLASS CERTIFICATION ALLEGATIONS

12. Answering paragraphs 74, 75, 76, 77, 78, and 79 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC denies each and every allegation contained therein.

## ALLEGATIONS RELATING TO VIOLATIONS OF THE NEVADA RACKETEER INFLUENCED & CORRUPT ORGANIZATIONS ACT (N.R.S. 207.470 et. seq.)

13. Answering paragraphs 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 102, 103, 105, 106, 107, 109, 110, 111, 113, 114, 115, 117, 118, 119, 120, 122, 123, 124, 125, 127, 128, 129, 130, 131, 133, 134, 135, 136, 137, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150 and 151 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC denies each and every allegation contained therein.

14. Answering paragraph 101 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC repeats and realleges each and every response to paragraphs 1 through 100 as though fully set forth herein.

15. Answering paragraph 104 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC repeats and realleges each and every response to paragraphs 1 through 103 as though fully set forth herein.

16. Answering paragraph 108 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC repeats and realleges each and every response to paragraphs 1 through 107 as though fully set forth herein.

17. Answering paragraph 112 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC repeats and realleges each and every response to paragraphs 1 through 111 as though fully set forth herein.

LV 418,812,909v1 7-6-09

18. Answering paragraph 116 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC repeats and realleges each and every response to paragraphs 1 through 115 as though fully set forth herein.

19. Answering paragraph 121 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC repeats and realleges each and every response to paragraphs 1 through 120 as though fully set forth herein.

20. Answering paragraph 126 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC repeats and realleges each and every response to paragraphs 1 through 125 as though fully set forth herein.

21. Answering paragraph 132 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC repeats and realleges each and every response to paragraphs 1 through 131 as though fully set forth herein.

22. Answering paragraph 138 of Plaintiff's Class Action Complaint on file herein, Defendant SHAC repeats and realleges each and every response to paragraphs 1 through 137 as though fully set forth herein.

## AFFIRMATIVE DEFENSES OF DEFENDANT SHAC, LLC

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint on file herein fails to state a claim against this answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

It has been necessary for this answering Defendant to retain the services of an attorney to defend this action and it is entitled to a reasonable sum as and for attorneys' fees

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to plead with sufficient specificity any violation of codes, ordinances, regulations, or statutes of the law, including fraud and deceptive trade practices under NRS 41.600.

///

LV 418,812,909v1 7-6-09

## Fourth Affirmative Defense

Any and all liability for the allegations contained in the Complaint is barred by the statute of limitations, the doctrine of estoppel and the doctrine of laches.

## Fifth Affirmative Defense

The incidents alleged in the Complaint, and the resulting damage, if any, to Plaintiff, were proximately caused or contributed to by the Plaintiff's own acts or omissions, and not by any acts or omissions of this answering Defendant.

## Sixth Affirmative Defense

Plaintiff is barred from recovery herein due to unclean hands.

## Seventh Affirmative Defense

Plaintiff has failed to plead a violation of Nevada's civil RICO statute with sufficient specificity required under the law.

WHEREFORE, Defendant SHAC prays for judgment as follows:

1. That Plaintiff THEODORE TRAPP take nothing by way of his Class Action Complaint, and that the same be dismissed with prejudice; and

2. That this Court award Defendant SHAC reasonable attorneys' fees and costs incurred in defending this frivolous action;

DATED this 6th day of July, 2009.

Respectfully submitted,

GREENBERG TRAURIG, LLP

BRANDON E. ROOS, ESQ.
Nevada Bar No. 7888
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Defendant SHAC, LLC*

LV 418,812,909v1 7-6-09

# CERTIFICATE OF SERVICE

I hereby certify that I served the forgoing **SHAC, LLC'S ANSWER TO CLASS ACTION COMPLAINT** on:

Jay Edelson
Rafey Balabanian
KAMBER EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

Jim Smyth
KUMMER KAEMPFER
3800 Howard Hughes Pkwy,
Seventh Floor
Las Vegas, Nevada 89169

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

- [x] by mailing in a sealed, first class postage-prepaid envelop, addressed to the last-known office address of the attorney, and deposited with the United States Postal Service in Las Vegas, Nevada.
- [ ] by hand delivery.
- [ ] by sending via overnight courier in a sealed envelope.
- [ ] by faxing to the attorney at the fax number that is the last-known fax number.
- [ ] by electronic mail to the last known e-mail address.

DATED this 6th day of July, 2009.

_____
An employee of Greenburg Traurig, LLP