1  D. NEAL TOMLINSON, ESQ.
   Nevada Bar No. 6851
2  WAYNE GROSS, ESQ. (has complied with LR IA 10-2)
   California Bar No. 138828
3  MICHAEL D. STEIN, ESQ.
   Nevada Bar No. 4760
4  BRIAN R. REEVE, ESQ.
   Nevada Bar No. 10197
5  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
6  Las Vegas, Nevada  89169
   Telephone (702) 784-5200
7  Facsimile  (702) 784-5252

8  WILL KEMP, ESQ.
   Nevada Bar No. 1205
9  KEMP, JONES & COULTHARD LLP
   3800 Howard Hughes Parkway, 17th floor
10 Las Vegas, Nevada 89169
   Telephone (702) 385-6000
11 Facsimile (702) 385-6001

12 *Attorneys for Defendant Frias Management, LLC*

13                    **UNITED STATES DISTRICT COURT**

14                        **DISTRICT OF NEVADA**

15

16  THEODORE TRAPP, on his own behalf and          CASE NO.  2:09-CV-00995-LDG-PAL
    on behalf of all others similarly situated.

17                    Plaintiff,

18  vs.

19  BIG POPPA'S, LLC, a Nevada limited
    liability company d/b/a BADDA BING
20  MEN'S CLUB; SKY TOP VENDING,
    INC., a Nevada corporation d/b/a CAN
21  CAN ROOM; LA FUENTE, INC., a
    Nevada corporation d/b/a CHEETAH'S;
22  C.P. FOOD AND BEVERAGE, INC., a          **DEFENDANT FRIAS MANAGEMENT,**
    Nevada corporation d/b/a CLUB                  **LLC'S MOTION TO DISMISS**
23  PARADISE; DÉJÀ VU SHOWGIRLS OF
    LAS VEGAS, LLC, a Nevada limited
24  liability company d/b/a DÉJÀ VU
    SHOWGIRLS; PALOMINO CLUB, INC.,
25  a Nevada corporation d/b/a PALOMINO
    CLUB; SHAC, LLC, a Nevada corporation
26  d/b/a SAPPHIRE; K-KEL, INC., a Nevada
    corporation d/b/a SPEARMINT RHINO;
27  D.2801 WESTWOOD, INC., a Nevada
    corporation d/b/a TREASURES; LITTLE
28  DARLINGS OF LAS VEGAS, LLC, a

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

1  Nevada limited liability company d/b/a
   LITTLE DARLINGS; O.G. ELIADES,
2  A.D., LLC, a Nevada limited liability
   company d/b/a OLYMPIC GARDENS ;
3  LAS VEGAS ENTERTAINMENT, LLC, a
   Nevada limited liability company d/b/a
4  LARRY FLYNT'S HUSTLER CLUB;
   MICHAEL A. SALTMAN d/b/a MINXX;
5  RICK'S LAS VEGAS; FRIAS
   MANAGEMENT, LLC, a Nevada limited
6  liability company d/b/a ACE CAB
   COMPANY and A-NORTH LAS VEGAS
7  CAB; WESTERN CAB COMPANY, a
   Nevada corporation d/b/a WESTERN CAB
8  COMPANY and WESTERN LIMOUSINE;
   NEVADA CHECKER CAB
9  CORPORATION, a Nevada corporation
   d/b/a NEVADA CHECKER CAB
10 COMPANY; NEVADA STAR CAB
   CORPORATION, a Nevada corporation
11 d/b/a STAR CAB COMPANY; NEVADA
   YELLOW CAB CORPORATION, a
12 Nevada corporation d/b/a YELLOW CAB
   COMPANY; LUCKY CAB COMPANY
13 OF NEVADA, a Nevada corporation d/b/a
   LUCKY TRANS; SUN CAB, INC., a
14 Nevada corporation d/b/a NELLIS CAB
   COMPANY; CLS NEVADA, LLC, a
15 Nevada limited liability company d/b/a
   CLS TRANSPORTATION LAS VEGAS;
16 ON DEMAND SEDAN SERVICES, LLC,
   a Nevada limited liability company d/b/a
17 ODS LIMOUSINES and ODS
   CHAUFFEURED TRANSPORTATION;
18 BLS LIMOUSINE SERVICE OF LAS
   VEGAS INC.; DESERT CAB, INC., a
19 Nevada corporation d/b/a DESERT CAB
   COMPANY and ODYSSEY LIMOUSINE;
20 BELL TRANS A NEVADA
   CORPORATION, a Nevada corporation
21 d/b/a BELL TRANS; TONY CHONG, an
   individual; and DOE EMPLOYEES 1-
22 1000;

23                Defendants.

24

25     Defendant FRIAS MANAGEMENT, LLC ("Frias"), by and through its counsel, SNELL

26 & WILMER L.L.P., hereby moves to dismiss Plaintiff THEODORE TRAPP's Class Action

27 Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

28     This Motion is based on the following Memorandum of Points and Authorities, all

pleadings and papers on file herein, and any oral argument the Court may entertain.

DATED this 31st day of July, 2009.

SNELL & WILMER L.L.P.


 /S/      D. Neal Tomlinson, Esq.
D. NEAL TOMLINSON, ESQ.
WAYNE GROSS, ESQ.
MICHAEL D. STEIN, ESQ.
BRIAN R. REEVE, ESQ.
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, Nevada 89169

WILL KEMP, ESQ.
KEMP, JONES & COULTHARD LLP
3800 Howard Hughes Parkway, 17th floor
Las Vegas, Nevada 89169

*Attorneys for Defendant Frias Management, LLC*

# TABLE OF CONTENTS

I.    INTRODUCTION ……………………………………………………………..7

II.   FACTUAL BACKGROUND………………………………………………….8

III.  LEGAL STANDARD FOR MOTION TO DISMISS ……………………….9

IV.   ARGUMENT ……………………………………………………………….10

    A.    Plaintiff Cannot Be a Class Representative Because He Fails
         to State a Claim ……………………………………………………10

    B.    Plaintiff Has Failed to State a Nevada Civil RICO Claim …………………...11

         1.    The unidentified taxicab driver's statements are protected by the
              First Amendment …………………………………………….11

         2.    Nevada civil RICO claims must be pleaded with particularity ……...13

         3.    Elements of a Nevada civil RICO claim ……………………………14

              a.    Requirements for bringing a private cause of action
                   under Nevada RICO ……………………………………14

              b.    Injury requirements for Nevada civil RICO claim …………..15

         4.    As the only purported class representative, Plaintiff's failure
              to state a Nevada civil RICO claim renders his complaint
              ripe for dismissal …………………………….........................16

              a.    The Driver Defendants' alleged violations of
                   NRS 207.400 1(c), (d) and (h) have not been
                   plead with specificity …………………………………16

              b.    Plaintiff has failed to state a claim for the predicate
                   act of obtaining money or property through
                   false pretenses …………………………………………..17

              c.    Plaintiff has failed to satisfy the injury requirements
                   for a Nevada civil RICO claim………………………………19

    C.    Plaintiff's Deceptive Trade Practices Claims Should Be Dismissed …………19

         1.    Plaintiff's claims under NRS 598.0915 should be dismissed …………20

         2.    Plaintiff's claims under NRS 598.0923 should be dismissed …………21

               a.    Plaintiff's claim under NRS 598.0923(2) is ripe
                   for dismissal …………………………………………..21

Snell & Wilmer
— L.L.P. —
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

                **b.**        **Plaintiff's claim under NRS 598.0923(3) is ripe for dismissal** …………………………………………………..22

**V.**        **CONCLUSION** …………………………………………………………………….23

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

# **TABLE OF AUTHORITIES**

**Cases**

Allum v. Valley Bank of Nevada, 109 Nev. 280, 282, 849 P.2d 297 (1993) ...................15, 19
Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007) .................9, 17
Comwest, Inc. v. American Operator Services, Inc.,
765 F. Supp. 1467, 1471 (C.D. Cal. 1991) ..................................................................14
Consejo de Desarrollo Economico de Mexicali, A.C. v. United States,
482 F.3d 1157, 1168 (9th Cir. 2007) .............................................................................22
Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 941 (7th Cir. 1995) ............................10
Dodds v. American Broadcasting Co., 145 F.3d 1053, 1065 (9th Cir. 1998) ........................11
DuPont v. Wyly, 61 F.R.D. 615, 630 (D. Del. 1973) ..........................................................10
Erwin v. State of Nevada, 111 Nev. 1535, 1538, 908 P.2d 1367, 1369 (1995) .....................22
George v. Morton, 2007 WL 680788 (D. Nev. 2007)..........................................................20
Hale v. Burkhardt, 104 Nev. 632, 637, 764 P.2d 866, 869 (1988) .............................13, 15
Haynes v. Alfred A. Knopf, Inc., 8 F.3d 1222, 1227 (7th Cir. 1993) .................................11
Hockey v. Medhekar, 30 F. Supp.2d 1209, 1213 (N.D. Cal. 1998) ....................................14
Knievel v. ESPN, 393 F.3d 1068, 1075 (9th Cir. 2005) .......................................................11
Lieboe v. State Farm Mut. Auto Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) ...................10
Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 541 (9th Cir. 1989) .....................13, 18
Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) ........................................................9
Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993) ....................................................14
Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin,
418 U.S. 264, 284, 41 L. Ed. 2d 745, 94 S. Ct. 2770 (1974) .........................................12
Smith v. Pennington, 352, F.3d 884, 896 (4th Cir. 2003) ...................................................10
Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ................................10
Standing Comm. on Discipline of the United States Dist. Court v. Yagman,
55 F.3d 1430 (9th Cir. 1995) .........................................................................................12
Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) ...............................13, 16, 18
Underwager v. Channel 9 Australia, 69 F.3d 361, 366 (9th Cir. 1995) ...............................11
Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003) .........................13, 20
Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999) ...................................14
Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1169 (3d Cir. 1987) ........................10

**Statutes & Regulations**

NRS 706.8846.................................................................................................8, 21-24
NRS 598.0923.....................................................................................................20-23
NRS 598.0915.....................................................................................................20-21
NRS 207.400 1(c)..........................................................................................11, 14, 16
NRS 207.400 1(d)..........................................................................................11, 14, 16
NRS 207.400 1(h).......................................................................................11, 14, 16-17
NRS 207.390 ..........................................................................................................15
NRS 205.380 .....................................................................................................15, 17
NRS 207.360 ..........................................................................................................15
NRS 41.600.......................................................................................................19-20
NAC 706.552 .................................................................................................8, 21-24

**Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(6) ...........................................................................................7, 9
Fed. R. Civ. P. 9(b) ...........................................................7-8, 13-14, 16-18, 20-21
Fed. R. Civ. P. 23 ...................................................................................................10

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

In his 41-page Complaint, Plaintiff spews out hundreds of generic (and sometimes contradictory[1]) allegations against Frias and dozens of other Las Vegas businesses in hopes that sheer volume and shock-value will be enough to survive Rule 9(b) and 12(b)(6) scrutiny.  It is not.  Plaintiff's failure to allege basic, particularized facts supporting his serious allegations warrants immediate dismissal.

It is well-settled that where a purported class representative fails to state a claim, his complaint must be dismissed.  Despite all of the generalized allegations about how the purported kickback scheme works and the thousands of people who have been allegedly injured by it, Plaintiff has failed to allege any particularized facts demonstrating (1) that as a purported class representative, he himself has a claim for relief against Frias or any of the other Driver Defendants; and (2) that Frias has anything to do with the alleged scheme.  In fact, Plaintiff's Complaint does not allege a single act of wrongdoing by Frias or any of its drivers.  Hence, dismissal is appropriate.  This lawsuit is a prime example of why the federal courts and the Nevada Supreme Court require particularized pleading in RICO actions to weed out frivolous suits.

The "Allegations as to the Named Plaintiff" section of the Complaint[2], which is tucked away in the middle of the Complaint and is only a page and-a-half long, demonstrates that Plaintiff has no claim for relief against Frias and that he is simply attempting to bootstrap himself into a lawsuit.  The allegations as to the named Plaintiff fail to state some of the most basic information required in a civil RICO action.  For example, Plaintiff fails to state the identity of the taxicab company and driver that he hired, what was false about the driver's statements and why they are false, that Plaintiff was injured as a result of the driver's statements, and that his injuries flowed from and were proximately caused by the driver's statements.  Plaintiff's habit of

---

[1] For example, Plaintiff alleges that the kickback scheme referred to in the Complaint is pervasive and permeates the manner in which the Driver Defendants conduct their business.  (See Compl. at ¶¶56, 89.)  Plaintiff also alleges, however, that "Only a small percentage of taxi and limousine drivers in Las Vegas are involved in the illegal actions described in this Complaint."  (See Compl. at ¶59.)

[2] See Compl. at 15.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

1  lumping all of the "Driver Defendants" together throughout the Complaint, instead of specifying

2  the wrongful conduct of each Defendant, is also fatal. Moreover, Plaintiff's allegations "on

3  information and belief" do not satisfy the particularity requirements of Rule 9(b) in a civil RICO

4  action because Plaintiff fails to state the factual basis for the belief.

5  Plaintiff's claims under the Nevada Deceptive Trade Practices Act also fail for a variety of

6  reasons. First, Plaintiff's broad allegations do not pass muster under Rule 9(b)'s heightened

7  pleading requirements. Further, Plaintiff's failure specifically to allege that Frias was involved in

8  any fraudulent conduct is more than enough to merit dismissal. Plaintiff's claim under NRS

9  598.0923(3) should also be dismissed because, as Plaintiff himself recognizes, NRS 706.8846 and

10  NAC 706.552 do not apply to Frias.

11  The theory upon which Plaintiff's lawsuit is based is also faulty. Plaintiff surmises that

12  Frias somehow benefits from drivers' tips or gratuities when in reality nothing could be further

13  from the truth. Under the terms of Frias' collective bargaining agreement with its drivers, Frias

14  never receives a penny of its drivers' tips or gratuities. Any tips or gratuities received by a driver,

15  regardless of the source, are the driver's sole property. Accordingly, there is no incentive for

16  Frias to conspire with other taxicab companies or permit its drivers to break the law. In fact,

17  diverting customers in exchange for kickbacks harms Frias because it takes its drivers away from

18  their regular routes from which Frias earns money. Both the Nevada Taxicab Authority and Frias

19  understand the negative consequences associated with the conduct alleged in the Complaint and,

20  for this reason, actively engage in strict anti-diversion training.

21  **II.    FACTUAL BACKGROUND**

22  According to Plaintiff's Complaint, on or about January 17, 2009, Plaintiff allegedly

23  entered into an unidentified taxicab at Caesar's Palace. (See Compl. at ¶¶63-64.) Plaintiff alleges

24  that he told the driver (also unidentified) that he wanted to go to Play it Again Sam, resulting in

25  Plaintiff and the driver chit-chatting about other adult entertainment cabarets in town. (Id. at

26  ¶¶65-66.) During the conversation, the driver allegedly opined that "There are better clubs than

27  Play it Again Sam," "The girls are better at other clubs," "Play it Again Sam is kinda sketchy,"

28  and "I'll take you to a better club." (Id. ¶66) Plaintiff alleges that the driver's statements

deceived him into believing that Play it Again Sam was an undesirable club. (Id. at ¶68) Plaintiff asserts that due to the driver's statements, he allowed the driver to take him Spearmint Rhino, a different adult entertainment establishment, where "on information and belief" the driver allegedly received a kickback from Spearmint Rhino for allegedly diverting Plaintiff from Play it Again Sam. (Id. at ¶¶70-71.)

Plaintiff asserts that the driver made the statements to Plaintiff so that Plaintiff would pay a larger cab fare and resultant tip and so that the driver could receive a kickback, which was allegedly partly paid for out of the increased cover charge at Spearmint Rhino. (Id.) Based on these allegations and one innocuous experience, Plaintiff has initiated a class action against over two dozen adult entertainment cabarets and transportation companies under Nevada's RICO statute and Deceptive Trade Practices Act for allegedly being part of an extravagant kickback conspiracy to deceive and divert customers from their intended destinations. Plaintiff's Complaint is entirely without merit and should be summarily dismissed.

## III. LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal under Rule 12(b)(6), a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than "labels and conclusions" or a "formulaic recitation" of the elements of the cause of action. Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). To state a valid claim, a plaintiff is required to allege either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. Id. at 1969. Thus, "a complaint must be dismissed if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Id. at 1974. While a court is typically required to accept the allegations in a complaint as true when considering a motion to dismiss, a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Snell & Wilmer

L.L.P.

LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

IV. **LEGAL ARGUMENT**

    A.        **Plaintiff Cannot Be a Class Representative Because He Fails to State a Claim**

It is well-settled that in order for a plaintiff to be a class representative, he must state a claim upon which relief can be granted.  See e.g. Lieboe v. State Farm Mut. Auto Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) (explaining that if a purported class representative has no claim, then she cannot represent others who may have such a claim, "and her bid to serve as a class representative must fail"); Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1169 (3d Cir. 1987) (stating that "to be a class representative on a particular claim, the plaintiff himself must have a cause of action on that claim"); Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 941 (7th Cir. 1995) (ruling that where a named plaintiff's claim lacks merit, the named plaintiff will ordinarily be disqualified from being a class representative); DuPont v. Wyly, 61 F.R.D. 615, 630 (D. Del. 1973) (stating that if a named plaintiff cannot demonstrate he has suffered a wrong, he cannot be a member of a class seeking redress and therefore is not an appropriate party to represent it).

A purported class representative's failure to state a claim violates the "typicality" requirement under Fed. R. Civ. P. 23 and defeats class certification.  See Smith v. Pennington, 352, F.3d 884, 896 (4th Cir. 2003) (holding that the district court did not abuse its discretion in denying class certification where the purported class representative failed to state a claim because the purported class representative's position was not typical of members of the class.)

As demonstrated more fully below, Plaintiff has failed to state a claim upon which relief can be granted and therefore cannot maintain a class action.  While Plaintiff makes a number of general allegations regarding a purported kickback scheme involving all of the Defendants, which he apparently gleaned from a television news story and read about in a book[3], the allegations Plaintiff sets forth with respect to his own experience in Las Vegas do not give rise to a claim for relief.  Accordingly, dismissal is appropriate.

---

[3] See Compl. at ¶¶57-58.

Snell & Wilmer

L.L.P.

LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

**B.     Plaintiff Has Failed to State a Nevada Civil RICO Claim**

Plaintiff's Fourth, Sixth and Eighth counts against the "Driver Defendants[4]" allege violations of Nevada's RICO statute, Chapter 207 of the Nevada Revised Statutes. Specifically, Plaintiff alleges that the Driver Defendants violated NRS 207.400 1(c), NRS 207.400 1(d), and NRS 207.400 1(h). Plaintiff has failed to state a claim under these sections, ignores the fact that the unidentified driver's statements are protected by the First Amendment and has failed to adhere to the particularized pleading requirement for RICO claims in Nevada warranting dismissal.

**1.     The unidentified taxicab driver's statements are protected by the First Amendment**

A statement is not actionable if it cannot reasonably be interpreted as stating actual facts that are provably false.[5] <u>Dodds v. American Broadcasting Co.</u>, 145 F.3d 1053, 1065 (9th Cir. 1998); <u>Haynes v. Alfred A. Knopf, Inc.</u>, 8 F.3d 1222, 1227 (7th Cir. 1993) (explaining that a statement is not actionable if the speaker "is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts.") When determining whether a statement can reasonably be interpreted as a factual assertion, a court must examine the "totality of the circumstances in which it was made." <u>Underwager v. Channel 9 Australia</u>, 69 F.3d 361, 366 (9th Cir. 1995).

First, a court must look at the statement in its broad context, which includes the general tenor of the entire work, the subject of the statements, the setting, and the format of the work. Any statement can be parsed or set forth in a limited context that could be interpreted incorrectly. Without context, content is misleading. <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1075 (9th Cir. 2005)(citing <u>Underwager</u>, 69 F.3d at 366.) Second, a court must turn to the specific context and content of the statements, analyzing the extent of figurative or hyperbolic language used and the reasonable expectations of the audience in that particular situation. <u>Knievel</u>, 393 F.3d at 1075. Finally, the court must inquire whether the statement itself is sufficiently factual to be susceptible

---

[4] Plaintiff's nomenclature is misplaced because Frias is not a taxicab or limousine driver; rather, Frias is a limited liability company involved in the transportation industry.

[5] Although the cases cited herein deal with the cause of action for defamation, the same principles apply to any cause of action based on speech.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

of being proved true or false.  Id.  The context in which the statement appears is paramount in a court's analysis, and in some cases it can be dispositive.  Id.

A speaker's use of "loose, figurative" language can also determine whether his or her statement can reasonably be interpreted as a factual allegation.  In Standing Comm. on Discipline of the United States Dist. Court v. Yagman, 55 F.3d 1430 (9th Cir. 1995), the Ninth Circuit held that an attorney could not be sanctioned for accusing a district judge of being "dishonest" because the other terms the attorney used to describe the judge -- "ignorant," "ill-tempered," "buffoon," "sub-standard human," and "right-wing fanatic" -- made it clear that the attorney intended only to signal his general contempt for the judge, rather than to accuse him of corruption.  Id. at 1440; see also Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin, 418 U.S. 264, 284, 41 L. Ed. 2d 745, 94 S. Ct. 2770 (1974) (holding that the use of the word "traitor" could not be reasonably interpreted as a representation of fact because it was used "in a loose, figurative sense to demonstrate the union's strong disagreement with the views of those workers who oppose unionization").

Here, Plaintiff has alleged that the unidentified taxicab driver made the following statements: (1) "There are better clubs than Play it Again Sam"; (2) "There are better clubs"; (3) "The girls are better at other clubs"; (4) "Play it Again Sam is kinda sketchy"; and (5) "I'll take you to a better club."  (See Compl. at ¶66.)

Looking at the totality of the circumstances, none of the alleged statements made by the unidentified taxi driver are false representations of *fact*.  Rather, each alleged statement is simply the driver's *opinion* or *viewpoint*, which is not objectively verifiable.  The context in which the statements allegedly were made supports this conclusion.  Plaintiff alleges that the driver made the foregoing statements to him in a taxicab during his conversation with the driver about Las Vegas adult entertainment establishments.  Using loose and vague language, like "better[6] clubs," "better[7] girls," and "kinda sketchy[8]," the driver simply gave Plaintiff his opinion.  While there

---

[6] Plaintiff fails to describe what the driver meant by "better clubs" – i.e. better in terms of cover price, location, quality of liquor, quality of entertainers, ambiance, etc.?

[7] Plaintiff fails to articulate what the driver meant by "better girls" – i.e. better in terms of appearance, ability, demeanor, personality, etc.?

[8] It is unclear what "kinda sketchy" even means.

may be some who disagree with the driver's assessment of Play if Again Sam or any other adult entertainment establishment, that does not mean his opinions are "false representations."

**2.     Nevada civil RICO claims must be plead with particularity**

The Nevada Supreme Court has held, as a matter of substantive law, that Nevada civil RICO claims must be plead with specificity.  Hale v. Burkhardt, 104 Nev. 632, 637, 764 P.2d 866, 869 (1988).  Particularized pleading in Nevada civil RICO actions is necessary to weed-out frivolous claims, prevent the "overenthusiastic" use of RICO, and enable the RICO defendant to prepare a defense against a treble damages claim.  Id. at 637-38.  Thus, regardless of whether a plaintiff asserts fraud as part of a Nevada civil RICO action, the plaintiff is still required to plead his civil RICO claims with specificity.  Where a plaintiff asserts a state civil RICO claim in federal court that is grounded in fraud, however, then Fed. R. Civ. P. 9(b) is triggered and the RICO claim must be plead with specificity.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).

Here, the predicate acts underlying Plaintiff's civil RICO claims are obtaining money or property through *false pretenses*.  Plaintiff's civil RICO claims are therefore fraud-based claims triggering Rule 9(b).  Thus, not only is Plaintiff required to plead his RICO claims with specificity under Nevada substantive law, he is also required to plead his RICO claims with specificity under Federal Rule of Civil Procedure 9(b) since the predicate acts underlying his RICO claims are based in fraud.  Id.

Rule 9(b) requires that "the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 541 (9th Cir. 1989).  This means that Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'"  Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007); see also Kayport Package, 885 F.2d at 541 (a complaint must attribute specific conduct to individual defendants).  Thus, where multiple defendants are involved, "a plaintiff *must*, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged

- 13 -

fraudulent scheme." Id. (emphasis added).

In addition to the foregoing requirements, the plaintiff must also "set forth what is false or misleading about a statement, and why it is false." Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999). In other words, as part of the circumstances constituting the fraud, the plaintiff must explain "why the disputed statement was untrue or misleading when made." Id.

Allegations made "on information and belief" do not satisfy Rule 9(b)'s particularity requirement unless the complaint sets forth the factual basis for the belief. See Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993); Comwest, Inc. v. American Operator Services, Inc., 765 F. Supp. 1467, 1471 (C.D. Cal. 1991). Moreover, a plaintiff cannot plead "fraud by hindsight;" instead, he must set forth why a statement was false or misleading when made." Hockey v. Medhekar, 30 F. Supp.2d 1209, 1213 (N.D. Cal. 1998).

**3.     Elements of a Nevada civil RICO claim**

a.     Requirements for bringing a private cause of action under Nevada RICO

Plaintiff alleges that he is entitled to bring a civil class action under Nevada RICO against the Driver Defendants for violations of NRS 207.400 1(c), NRS 207.400 1(d), and NRS 207.400 1(h). These provisions provide, in pertinent part, as follows:

1. It is unlawful for a person:

. . .

(c) Who is employed by or associated with any enterprise to conduct or participate, directly or indirectly, in:

(1) The affairs of the enterprise through racketeering activity; or

(2) Racketeering activity through the affairs of the enterprise

(d) Intentionally to organize, manage, direct, supervise or finance a criminal syndicate.

. . .

(h) To conspire to violate any of the provisions of this section.

NRS 207.400 1(c), (d), (h).

- 14 -

Snell & Wilmer

L.L.P.

LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

1   The term "racketeering activity," as set forth in NRS 207.400, is a key component of

2   RICO and is defined as:

3   > engaging in at least two crimes related to racketeering that have the
    > same or similar pattern, intents, results, accomplices, victims or
    > methods of commission, or are otherwise interrelated by
4   > distinguishing characteristics and are not isolated incidents, if . . .
    > the last of the incidents occurred within 5 years after a prior
5   > commission of a crime related to racketeering.

6

7   NRS 207.390.  The term "crime related to racketeering" means "the commission of, attempt to

8   commit or conspiracy to commit" any of the crimes listed in NRS 207.360.  The crimes set forth

9   in NRS 207.360 are commonly referred to as "predicate acts" or "predicate crimes."  See Allum

10  v. Valley Bank of Nevada, 109 Nev. 280, 283 (1993); Hale, 104 Nev. at 636-37.  Thus, part of

11  adequately stating a Nevada civil RICO claim is being able to state a claim for the underlying

12  predicate acts.  See Hale, 104 Nev. at 636.

13      Plaintiff alleges that the Driver Defendants engaged in the predicate act of obtaining

14  money or property through false pretenses.  See NRS 207.360(26). A false pretense is "a

15  representation of some fact or circumstance which is not true and is calculated to mislead; it may

16  consist of any words or actions intended to deceive."  Hale, 104 Nev. at 637.  The elements for

17  obtaining money or property through false pretenses are (1) intent to defraud; (2) a false

18  representation; (3) reliance on a false representation; and (4) the victim was defrauded.  Id. at

19  639; see also NRS 205.380.  This alleged crime necessarily requires an element of fraud, and

20  therefore a plaintiff must plead with specificity. Hale, 104 Nev. at 637-38.

21              b.      Injury requirements for Nevada civil RICO claim

22      In addition to the requirements above, the Nevada Supreme Court has held that for a

23  plaintiff to succeed on a Nevada civil RICO claim, three conditions must be met: (1) the

24  plaintiff's injury must flow from the defendant's violation of a predicate act; (2) the injury must

25  be proximately caused by the defendant's violation of a predicate act; and (3) the plaintiff must

26  not have participated in the commission of predicate act.  Allum, 109 Nev. at 283.

27  / / /

28  / / /

**4.    As the Only Purported Class Representative, Plaintiff's Failure to State a Nevada Civil RICO Claim Renders His Complaint Ripe for Dismissal**

This Court should dismiss Plaintiff's Complaint because, as the sole purported class representative, Plaintiff has failed to state a civil RICO claim with sufficient particularity.

a.    The Driver Defendants' alleged violations of NRS 207.400 1(c), (d) and (h) have not been plead with specificity

Plaintiff's Nevada civil RICO claims are based on violations of NRS 207.400 1(c), (d), and (h). Plaintiff's allegations with respect to these violations provide nothing more than a formulaic recitation of the elements of the statute, which is not enough under even the general pleading standards in Rule 8(a). Moreover, Plaintiff's failure to differentiate his allegations and attribute specific conduct to individual Defendants does not satisfy the strictures of Rule 9(b).

With respect to the purported violations of NRS 207.400 1(c) in Count IV, Plaintiff alleges that the Driver Defendants conducted the affairs of an "association-in-fact enterprise" but fails to state what role Frias plays in the enterprise, what "affairs" Frias allegedly conducted on behalf of the enterprise, and how Frias conducted such affairs. Without these facts, Plaintiff fails to state a claim. Moreover, it is clear from the statute that the "affairs of the enterprise" is something different than "racketeering activity," so any argument that Frias conducted the affairs of the enterprise by engaging in racketeering activity is misplaced.

Count VI of Plaintiff's Complaint under NRS 207.400 1(d), which makes it unlawful for a person "Intentionally to organize, manage, direct, supervise or finance a criminal syndicate," doesn't pass muster for many of the same reasons as mentioned above. Plaintiff's broad allegations that all Driver Defendants have violated this section ignores Rule 9(b), which requires Plaintiff to "inform each defendant separately of the allegations surrounding his alleged participation in the fraud" and to "identify[y] the role of [each] defendant[] in the alleged fraudulent scheme." Swartz, 476 F.3d at 764-65. Plaintiff has not alleged specific facts concerning Frias or identified what role Frias has played in the alleged criminal syndicate – *i.e.* whether Frias organized, manages, directs, supervises or finances the syndicate, how they go about engaging in these activities, and whether their purported actions are undertaken with the

appropriate state of mind. Plaintiff's omission of such fundamental assertions makes it impossible for Frias to prepare a defense to these frivolous claims.

Count VIII of Plaintiff's Complaint under NRS 207.400 1(h), which makes it unlawful for any person to conspire to violate any of the provision of this section, is also defective. Plaintiff alleges that the Driver Defendants intentionally agreed and conspired with the Club Defendants to "engage in countless acts of alleged wrongful conduct" including obtaining money or property through false pretenses. (See Compl. at ¶133) Plaintiff also alleges that the Driver Defendants "committed the acts alleged herein pursuant to and in furtherance of that agreement and furthered the conspiracy by cooperating, encouraging, ratifying, participating in, and adopting the acts of the Club Defendants." (See Compl. at ¶134)

Plaintiff's allegations consist of nothing more than formulaic labels and conclusions, which fail to differentiate one Defendant's alleged acts or role in the purported conspiracy from another's. Twombly, 550 U.S. at 545. Plaintiff doesn't identify what the "countless acts of wrongful conduct" are; what role Frias plays in the alleged conspiracy; how long Frias has been a part of the alleged conspiracy; whether Frias has cooperated, encouraged, ratified, participated in or adopted the acts of the Club Defendants and how it has allegedly done this; and what provisions of NRS 207.400 the Defendants have allegedly conspired to violate. Without more specific allegations, Frias has been prejudiced in their ability to adequately respond to Plaintiff's generalized claims. The only adequate remedy is dismissal.

        b.     <u>Plaintiff has failed to state a claim for the predicate act of obtaining money or property through false pretenses</u>

In order to state a valid RICO claim, Plaintiff was required to detail the facts and circumstances surrounding the violation of the predicate acts. According to the Complaint, the predicate acts underlying each of Plaintiff's civil RICO counts against Frias and the other Driver Defendants are multiple acts of violating NRS 205.380, obtaining money or property through false pretenses. Under Rule 9(b), Plaintiff's failure to state the facts and circumstances surrounding the alleged predicate acts with particularity is fatal.

///

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

Snell & Wilmer

—— L.L.P. ——

LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

One of the basic requirements under Rule 9(b) is to state the identity of the parties to the misrepresentation. <u>Kayport Package</u>, 885 F.2d at 541. Plaintiff failed to state the identity of the taxi company that he purportedly hired to take him to Play it Again Sam or the identity of the driver. (<u>See</u> Compl. at ¶¶63-73.) As a result, neither Frias nor any of the other Driver Defendants know whether Plaintiff took one of their cabs or spoke to one of their drivers, which makes it impossible for Frias or any of the other Driver Defendants adequately to respond to Plaintiff's allegations. Plaintiff cannot be permitted to prosecute a lawsuit against Frias simply because it is in the transportation industry doing business in Clark County. Further, Plaintiff's failure to identify the cab company and driver discussed in paragraphs 63-73 raises the possibility that Plaintiff took a cab from a company that has not been named in this lawsuit. Because of this distinct (and very real) possibility, Plaintiff's suit must not be permitted to go forward.

Plaintiff's Complaint also fails to set forth the specific content of the alleged false representations and to explain what is false or misleading about the statements, and why they are false. This is a fundamental requirement of any allegation of fraud. The reason Plaintiff omitted these key allegations is clear: Plaintiff cannot objectively verify a person's opinion and therefore cannot demonstrate why the statements are false.[9] For this reason, the Court should dismiss Plaintiff's Complaint with prejudice. No amendment can cure this defect.

Plaintiff's Complaint should also be dismissed because: (1) he inappropriately lumped all of the Driver Defendants together when describing the predicate acts (<u>see</u> ¶¶88-90) instead of describing the specific conduct of each Defendant, including Frias, as required by <u>Swartz</u> and <u>Kayport Package</u>; and (2) Plaintiff's allegations "on information and belief" do not satisfy the particularity requirements under Rule 9(b) since he does not set forth the factual basis for his belief.[10]

/ / /

---

[9] Indeed, Plaintiff noticeably made no attempt to allege that the girls at Play it Again Sam are actually *better* than the girls at Spearmint Rhino, that Play it Again Sam is *not* a sketchy establishment, or that Spearmint Rhino is in fact a *worse* establishment than Play it again Sam.

[10] For example, Plaintiff alleges "on information and belief" that the unidentified taxicab driver obtained a kickback from Spearmint Rhino, which "on information and belief" was in the amount of approximately $100. Plaintiff provides no facts supporting this belief.

Snell & Wilmer

L.L.P.

LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

c.     <u>Plaintiff has failed to satisfy the injury requirements for a Nevada civil RICO claim</u>

Plaintiff's Complaint does not satisfy all of the injury requirements set forth by the Nevada Supreme Court in <u>Allum</u>. As a preliminary matter, Plaintiff does not even allege that he was in fact injured by the unidentified taxicab driver's statements; instead, Plaintiff simply asserts that the driver's statements were made *for the purpose of* inducing Plaintiff into paying a larger cab fare and resultant tip and *for the purpose of* diverting Plaintiff to a club that charges an increased cover charge, which is applied toward the kickback to the driver. Noticeably, Plaintiff never states that, due to the driver's statements, (1) he *in fact* paid a larger cab fare than he would have paid had he gone to Play it Again Sam; (2) that he *in fact* paid a larger tip to the driver than he would have paid had he gone to Play it Again Sam; and (3) that he *in fact* paid more to Spearmint Rhino in the form of a cover charge than he would have paid had he gone to Play it Again Sam. These omissions are critical because it is entirely possible that Spearmint Rhino is *closer* to Caesar's Palace than Play it Again Sam, which would have resulted in Plaintiff paying *less* of a cab fare and *less* of a resultant tip, and that Spearmint Rhino's cover charge is *less* than Play it Again Sam's cover charge. In short, Plaintiff has not alleged that he was actually injured by the driver's statements, and in fact, could have saved money by going to Spearmint Rhino instead of Play it Again Sam.

Plaintiff has also failed to demonstrate that his "injury" was proximately caused by Frias. Under <u>Allum</u>, Plaintiff must show that his injury was proximately caused *by the defendant's* violation of the predicate act. 109 Nev. at 283. Here, Plaintiff has not alleged that his "injury" was proximately caused by Frias' alleged violation of the predicate act. According to the Complaint, Plaintiff was purportedly injured as a result of some unidentified taxi company's driver's statements. This fundamental omission alone is enough to support dismissal of the Complaint.

///

///

- 19 -

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

## C. Plaintiff's Deceptive Trade Practices Claims Should Be Dismissed

In Count IX of the Complaint, Plaintiff alleges that he is entitled to relief under NRS 41.600 as a result of Defendants' alleged violations of the Nevada Deceptive Trade Practices Act, NRS Chapter 598.  (See Compl. at ¶139.)  Nevada Revised Statute 41.600 provides that a victim of "consumer fraud" may assert a private cause of action.  Consumer fraud includes a deceptive trade practice as defined in NRS 598.0915 to 598.0925.  See NRS 41.600.  Plaintiff alleges that Defendants have violated NRS 598.0915 and NRS 598.0923.

### 1. Plaintiff's claims under NRS 598.0915 should be dismissed

Plaintiff's Complaint alleges that Defendants have violated NRS 598.0915(1), (5), (8), and (15).  This section provides, in pertinent part:

> A person engages in a 'deceptive trade practice' if, in the course of his business or occupation, he:
>
> (1) Knowingly passes off goods or services for sale or lease as those of another person.
>
> . . .
>
> (5) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith.
>
> . . .
>
> (8) Disparages the goods, services or business of another person by false or misleading representation of fact.
>
> . . .
>
> (15) Knowingly makes any other false representation in a transaction.

Under Ninth Circuit law, where allegations of fraudulent conduct form the basis of a claim, the claim is considered to be "grounded in fraud" and must satisfy Rule 9(b)'s particularity requirement.  Vess, 317 F.3d at 1103-04.  This Court has applied Rule 9(b)'s particularity requirements to alleged violations of the Nevada Deceptive Trade Practices Act.  See George v. Morton, 2007 WL 680788 (D. Nev. 2007).  Each of the above subsections alleges fraudulent conduct and therefore Plaintiff's allegations must satisfy Rule 9(b)'s heightened pleading

standards.

Plaintiff has failed to state with particularity any of the facts or circumstances giving rise to the fraudulent conduct delineated in NRS 598.0915. Specifically, the Complaint does not say:

- which subsections Frias specifically violated,

- when Frias violated a particular subsection,

- how Frias violated them,

- what Frias specifically said, and

- against whom Frias committed the alleged violations.

In short, Plaintiff did not make a single specific allegation with respect to Frias or any other Defendant, as required by Rule 9(b). As stated above, lazily alleging that the "Driver Defendants" violated NRS 598.0915 does not comply with Rule 9(b); Plaintiff must set forth the specific conduct of each Defendant. Plaintiff did not do this. Accordingly, the Court should dismiss Plaintiff's deceptive trade practices claims under NRS 598.0915.

### 2. Plaintiff's claims under NRS 598.0923 should be dismissed

Plaintiff alleges that the Driver Defendants violated subsections 2 and 3 of NRS 598.0923. These provisions provide:

> A person engages in a "deceptive trade practice" when in the course of his business or occupation he knowingly:
>
> . . .
>
> 2. Fails to disclose a material fact in connection with the sale or lease of goods or services.
>
> 3. Violates a state or federal statute or regulation relating to the sale or lease of goods or services.
>
> . . .

According to Plaintiff, the Driver Defendants have violated NRS 598.0923(2) because they fail to disclose the actual nature of their services and, that they are receiving illegal kickbacks. Plaintiff asserts that the Driver Defendants have violated NRS 598.0923(3) because the Driver Defendants are in violation of NRS 706.8846 and NAC 706.552.[11]

---

[11] Plaintiff's Complaint also asserts that Defendant Clubs are in violation of Clark County Ordinance 8.20.297. This Ordinance has been repealed and is no longer in effect.

- 21 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

a.     Plaintiff's claim under NRS 598.0923(2) is ripe for dismissal

Plaintiff's allegation under NRS 598.0923(2) is grounded in fraud because it alleges that the Driver Defendants failed to disclose "the actual nature of their services" and that they "are receiving large illegal kickbacks for delivering customers to certain clubs."  Rule 9(b) therefore applies.

Plaintiff has failed to state a claim under NRS 598.0923(2) with particularity.  Plaintiff has not alleged any specific instances in which Frias failed to disclose material facts to a customer.  Nor has Plaintiff alleged when Frias committed the violation, what goods or services they were selling, what each of them specifically said to a customer, or who the customer was that Frias allegedly deceived.  Plaintiff's vague allegations against the "Driver Defendants" does not pass muster.

b.     Plaintiff's claim under NRS 598.0923(3) is ripe for dismissal

The Court should dismiss Plaintiff's claim under NRS 598.0923(3) because NRS 706.8846 and NAC 706.552 are explicitly directed to "drivers" and, as Plaintiff has alleged, Frias is not a driver.

Nevada Revised Statute 706.8846 provides that:  "With respect to a passenger's destination, *drivers* shall not:  (2) Convey or attempt to convey any passenger to a destination other than the one directed by the passenger."  (emphasis added)  The language of NAC 706.552 builds upon the requirements set forth in the Nevada Revised Statutes and further provides that:  "A taxicab *driver* shall, in addition to the requirements of NRS 706.8849:  (3) Not accept, directly or indirectly, a gratuity or any form of compensation from any person for diverting or attempting to divert a prospective customer from any commercial establishment."

The rules of statutory construction are clear.  It is well-established that "[w]here the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself."  Erwin v. State of Nevada, 111 Nev. 1535, 1538, 908 P.2d 1367, 1369 (1995); see also Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1168 (9th Cir. 2007) (stating that if the plain meaning of the statute is unambiguous, that meaning is

controlling and courts need not examine legislative history as an aid to interpretation unless "the legislative history clearly indicates that Congress meant something other than what it said").

The statutory language at issue in both provisions clearly sets forth that it is directed to the actions of drivers. By explicitly choosing to use the words "driver shall not," the meaning is clear and unambiguous, and applies to taxicab drivers, not to their respective employers.[12] Thus, any allegations pertaining to violations of NRS 706.8846 or NAC 706.552 cannot proceed against Frias because, as alleged in the Complaint, Frias is not a taxicab or limousine driver; rather, Frias is a limited liability company.

Plaintiff appears to recognize this distinction because his Complaint subtly alleges that "Driver Defendants *who operate taxi cabs* are in violation of N.R.S. § 706.8846[.]" (See Compl. at ¶149 (emphasis added).) In paragraph 150 of the Complaint, Plaintiff similarly alleges that "Driver Defendants *who operate taxi cabs* are also in violation of N.A.C. § 706.552[.]" (See Compl. at ¶150 (emphasis added).) Finally, in paragraph 151 Plaintiff states "By violating N.R.S. § 706.8846 and N.A.C. § 706.552, Driver Defendants *who are taxi cab drivers* are committing a deceptive trade practice as defined by N.R.S. § 598.0923(3)." (See Compl. at ¶151 (emphasis added).) Based on the plain language of the statute and the specific allegations in the Complaint, Plaintiff's claim under NRS 598.0923(3) doesn't apply to Frias and therefore should be dismissed.

## V.    CONCLUSION

Based on the foregoing, Frias respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted. Plaintiff has failed to state a Nevada civil RICO claim because (1) he did not set forth specific facts supporting the claim as required by Nevada substantive law and Rule 9(b); (2) the unidentified driver's statements are protected under the First Amendment as mere opinion; and (3) Plaintiff has not set forth the injury requirements for a Nevada civil RICO claim. In addition, Plaintiff has failed to state a claim under the Nevada Deceptive Trade Practices Act because he has not plead

///

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

---

[12] Indeed, NRS Chapter 706 expressly differentiates between "drivers" and "certificate holders."

his claims with specificity and NRS 706.8846 and NAC 706.552 do not apply to Frias. For all of these reasons, dismissal is appropriate.

DATED this 31st day of July, 2009.

SNELL & WILMER L.L.P.


___/S/_____D. Neal Tomlinson, Esq._____
D. NEAL TOMLINSON, ESQ.
WAYNE GROSS, ESQ.
MICHAEL D. STEIN, ESQ.
BRIAN R. REEVE, ESQ.
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, Nevada 89169

WILL KEMP, ESQ.
KEMP, JONES & COULTHARD LLP
3800 Howard Hughes Parkway, 17th floor
Las Vegas, Nevada 89169

*Attorneys for Defendant Frias Management, LLC*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I certify that I am an employee of Snell & Wilmer, L.L.P., and that on the 31st day of July, 2009, I electronically transmitted the **DEFENDANT FRIAS MANAGEMENT, LLC'S MOTION TO DISMISS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all attorneys of record in this matter.

        /S/    Brandy Miller
        An employee of Snell & Wilmer L.L.P.

10139069