1  **JOHN T. MORAN, JR., ESQ.**
2  Nevada Bar No. 2271
   **JEFFERY A. BENDAVID, ESQ.**
3  Nevada Bar No. 6220
   **JUSTIN W. SMERBER, ESQ.**
4  Nevada Bar No. 10761
5  **MORAN LAW FIRM, LLC**
   630 S. 4th Street
6  Las Vegas, Nevada 89101
   (702) 384-8424
7  Attorney for Defendants,
8  WESTERN CAB COMPANY,
   LUCKY CAB COMPANY OF NEVADA,
9  ON DEMAND SEDAN SERVICES, LLC,
   BLS LIMOUSINE SERVICES OF LAS VEGAS, INC.,
10 DESERT CAB, INC., and SUN CAB, INC.

11              **UNITED STATES DISTRICT COURT**
12                   **DISTRICT OF NEVADA**

13 THEODORE TRAPP, on his own behalf       ) Case No: 2:09-CV-00995
14 And on behalf of all others similarly    )
   situated,                                )
15                                          ) **WESTERN CAB COMPANY,**
16            Plaintiff**,**                ) **LUCKY CAB COMPANY OF NEVADA,**
                                            ) **ON DEMAND SEDAN SERVICES, LLC,**
17                                          ) **BLS LIMOUSINE SERVICES OF LAS**
                                            ) **VEGAS, INC., DESERT CAB, INC., AND**
18                                          ) **SUN CAB, INC.'S MOTION TO DISMISS**
19                                          ) **PURSUANT TO FED. R. CIV. P. 9(b) AND**
                                            ) **12(b)(6) AND FED R. CIV. P. 12(b)(1)**
20 vs.                                      )
                                            )
21 BIG POPPA'S, LLC, a Nevada limited       )
22 Liability company d/b/a BADDA BING       )
   MEN'S CLUB; SKY TOP VENDING,             )
23 INC., a Nevada Corporation d/b/a CAN     )
   CAN ROOM; LA FUENTE, INC., a             )
24 Nevada Corporation d/b/a CHEETAH'S;      )
25 C.P. FOOD AND BEVERAGE, INC., a          )
   Nevada Corporation d/b/a CLUB            )
26 PARADISE; DÉJÀ VU SHOWGIRLS OF           )
   LAS VEGAS, LLC, a Nevada Limited         )
27 Liability Company d/b/a DÉJÀ VU          )
28 SHOWGIRLS; PALOMINO CLUB, INC.,          )

A Nevada Corporation d/b/a PALOMINO )
CLUB; SHAC, LLC, a Nevada Limited )
Liability Company d/b/a SAPPHIRE; )
K-KEL, INC., a Nevada Corporation d/b/a )
SPEARMINT RHINO; D.2801 )
WESTWOOD, INC., a Nevada Corporation )
d/b/a TREASURES; LITTLE DARLINGS )
OF LAS VEGAS, LLC, a Nevada Limited )
Liability Company d/b/a LITTLE )
DARLINGS; O.G. ELIADES, A.D., LLC, )
A Nevada Limited Liability Company d/b/a )
OLYMPIC GARDENS; LAS VEGAS )
ENTERTAINMENT, LLC, a Nevada )
Limited Liability Company d/b/a LARRY )
FLYNT'S HUSTLER CLUB; MICHAEL )
A SALTMAN d/b/a MINXX; RICK'S )
LAS VEGAS; FRIAS MANAGEMENT, )
LLC, a Nevada Limited Liability Company )
d/b/a ACE CAB COMPANY and )
A-NORTH LAS VEGAS CAB; WESTERN )
CAB COMPANY, a Nevada Corporation )
d/b/a WESTERN CAB COMPANY and )
WESTERN LIMOUSINE; NEVADA )
CHECKER CAB CORPORATION, a )
Nevada Corporation d/b/a CHECKER CAB )
COMPANY; NEVADA STAR CAB )
CORPORATION, a Nevada Corporation )
d/b/a STAR CAB COMPANY; NEVADA )
YELLOW CAB CORPORATION, a )
Nevada Corporation d/b/a YELLOW CAB )
COMPANY; LUCKY CAB COMPANY )
OF NEVADA, a Nevada Corporation d/b/a )
LUCKY TRANS; SUN CAB, INC., a )
Nevada Corporation d/b/a NELLIS CAB )
COMPANY; CLS NEVADA, LLC, a )
Nevada Limited Liability Company d/b/a )
CLS TRANSPORTATION LAS VEGAS; )
ON DEMAND SEDAN SERVICES, LLC, )
A Nevada Limited Liability Company d/b/a )
ODS LIMOUSINE and ODS )
CHAUFFEURED TRANSPORTATION; )
BLS LIMOUSINE SERVICE OF LAS )
VEGAS, INC., a Nevada Corporation d/b/a )
BLS LIMOUSINE SERVICE OF LAS )
VEGAS; DESERT CAB, INC., a Nevada )

2

| | |
|---|---|
| 1 | Corporation d/b/a DESERT CAB ) |
| 2 | COMPANY and ODYSSEY ) |
| | LIMOUSINE; BELL TRANS A NEVADA ) |
| 3 | CORPORATION, a Nevada Corporation ) |
| | d/b/a BELL TRANS; TONY CHONG, an ) |
| 4 | individual; and DOE EMPLOYEES 1-1000; ) |
| 5 | ) |
| | Defendants. ) |
| 6 | ) |

**DEFENDANTS, WESTERN CAB COMPANY, LUCKY CAB COMPANY OF NEVADA, ON DEMAND SEDAN SERVICES, LLC, BLS LIMOUSINE SERVICES OF LAS VEGAS, INC., DESERT CAB, INC., AND SUN CAB, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b) AND )12(b)(6) AND FED R. CIV. P. 12(b)(1)**

Defendants, WESTERN CAB COMPANY, a Nevada corporation, dba WESTERN CAB COMPANY AND WESTERN LIMOUSINE, LUCKY CAB COMPANY OF NEVADA a Nevada corporation, dba LUCKY TRANS, SUN CAB, INC., A Nevada corporation, dba NELLIS CAB COMPANY, ON DEMAND SEDAN SERVICES, LLC, a Nevada limited liability company, dba ODS LIMOUSINE and ODS CHAUFFEURED TRANSPORTATION, BLS LIMOUSINE SERVICES OF LAS VEGAS, INC., a Nevada corporation, dba BLS LIMOUSINE SERVICE OF LAS VEGAS, and DESERT CAB, INC., a Nevada corporation dba DESERT CAB COMPANY AND ODYSSEY LIMOUSINE (collectively, the "Moving Defendant Cab/Limousine Companies") by and through their counsel of record, JOHN T. MORAN, JR., ESQ., JEFFERY A. BENDAVID, ESQ. and JUSTIN W. SMERBER, ESQ. of the Moran Law Firm, LLC, moves this Court to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) and/or pursuant to Fed. R. Civ. P. 12(b)(1).

This Motion is made and based upon the Points and Authorities submitted herewith, together with the papers and pleadings on file herein, and oral arguments at the time of Hearing.

Dated this 31st day of July, 2009.

                              **MORAN LAW FIRM, LLC**

                              **/s/JOHN T. MORAN, JR., ESQ.**
                              **JOHN T. MORAN, JR., ESQ.**
                              Nevada Bar No. 2271
                              **JEFFERY A. BENDAVID, ESQ.**
                              Nevada Bar No. 6220
                              **JUSTIN W. SMERBER, ESQ.**
                              Nevada Bar No. 10761
                              630 S. 4th Street
                              Las Vegas, Nevada 89101
                              (702) 384-8424
                              *Attorneys for Moving Defendant Cab/Limousine*
                              *Companies*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, Theodore Trapp (the "Plaintiff"), a resident of California, alleges that while visiting Las Vegas, Nevada on January 17, 2009, he retained the services of an unknown taxicab from the taxi-stand at Caesar's Palace. *See Plaintiff's Complaint at 15.* Plaintiff alleges that his initial destination was the Gentlemen's club, "Play It Again Sam." *Id.* Upon informing the unidentified cab driver of his intended destination, Plaintiff alleges that the unidentified cab driver informed Plaintiff that this club was "kinda sketchy." *Id.* The unknown cab driver then allegedly informed Plaintiff that he would take him to a "better club." *Id.* Plaintiff alleges that the cab driver then proceeded, apparently without any refusal on the part of Plaintiff, to take him to the Spearmint Rhino Gentlemen's club. *See Id.* Upon Plaintiff's arrival, Plaintiff alleges that the unidentified cab driver received a tip from an employee of this club. *See Id.*

Based on these allegations alone, which constitute nothing more than a single cab ride of less than three (3) miles from an unknown taxi, driven by an unidentified driver to one Gentlemen's club, Plaintiff filed a forty-one (41) page Complaint in the United States District

4

Court for Southern Nevada against nearly every Gentlemen's club, cab, and limousine company operating in Clark County, Nevada. *See Id. at 15.* Plaintiff and his attorneys are shockingly seeking to certify a class of Plaintiffs consisting of "over 100,000," members who took or more amazingly, will take, a cab or limousine ride to a Las Vegas Gentlemen's club as well as any person who has, or will, frequent a Gentlemen's Club in Clark County, Nevada. *See Id. at 16.* Specifically, Plaintiff has asserted nine (9) individual claims against Defendants for supposed violations of the Nevada RICO statute, NRS 207.400, and for alleged violations of Nevada's Consumer Fraud statute, NRS 41.600, all as a result of this single taxi ride taken by Plaintiff. *See Id. at 27-37.*

On its face, Plaintiff's Complaint completely fails under existing law since it is impossible for Plaintiff to transform allegations of taking a single cab ride from a unknown cab company, driven by an unidentified driver, to one specific Gentlemen's club, into a class of Plaintiffs consisting of every person that took a cab to a Gentlemen's club and a Complaint seeking damages from nearly every cab and limousine company and nearly every Gentlemen's club operating in Clark County. As the Court will see below, Plaintiff's Complaint fails on its face and must be dismissed pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), and/or 12(b)(6) since:

1. Plaintiff's claims for alleged violations of Nevada's RICO statute are not plead with the particularity required by law and otherwise lacks the necessary standing to assert such claims against Defendants, either individually or on behalf of a class;

2. Plaintiff has failed to plead his Complaint with the particularity required for claims involving protected speech;

3. Plaintiff has failed to plead his claims for alleged violations of NRS 41.600 (i.e., Consumer Fraud) with the necessary particularity required by law and otherwise lacks the necessary standing to assert such claims against Defendants, either individually or on behalf of a class;

5

4. Plaintiff has failed to plead his claims for alleged violations of NRS 41.600 (i.e., Consumer Fraud) with the necessary particularity required by law and otherwise lacks the necessary standing to assert such claims against Defendants, either individually or on behalf of a class, since Plaintiff has failed to provide any allegations or otherwise assert that he is a victim or he was harmed because of the alleged deceptive trade practices performed by an unidentified cab driver of an unknown taxicab company;

5. Plaintiff's claims for alleged violations of Nevada's RICO statute is not pled with the necessary particularity required by law and otherwise lacks the necessary standing to assert such claims against Defendants, either individually or on behalf of a class, since Plaintiff has failed to identify two (2) not isolated substantive, predicate acts;

6. The United States District Court for Southern Nevada lacks the appropriate subject matter jurisdiction to hear Plaintiff's Complaint since Plaintiff's allegations are not sufficient to satisfy the $5,000,000 requirement for an amount in controversy prescribed by the Class Action Fairness Act;

7. The United States District Court for Southern Nevada lacks the appropriate subject matter jurisdiction to hear Plaintiff's Complaint since Plaintiff is unable to certify his proposed class; and

8. Plaintiff's proposed class is unmanageable since membership in Plaintiff's proposed class is contingent upon each prospective member's state of mind.

As a result, Plaintiff's Complaint must be dismissed as a matter of law.

## II. <u>FACTS ALLEGED IN PLAINTIFF'S COMPLAINT</u>

On January 17, 2009, Plaintiff, Theodore Trapp visited the City of Las Vegas. *See Id*. at 15. Plaintiff alleges that he entered an unknown taxicab and requested to be taken to "Play It Again Sam," however, he alleges that he was diverted to another destination by the unidentified cab driver[1]. *See Id*. Plaintiff alleges that the cab driver intentionally made false representations to the Plaintiff regarding his chosen destination in order to divert Plaintiff to another destination

---

[1] Plaintiff's Complaint never identifies the identity of the cab driver or the name of the cab company that allegedly picked him up on January 17, 2009. *See Plaintiff's Complaint at 15-16.*

that would pay the cab driver a "kickback." *See Id.* Specifically, Plaintiff's Complaint alleges as follows:

> On or about January 17, 2009, Plaintiff Theodore Trapp visited the City of Las Vegas. On or around that date, Plaintiff boarded a taxi cab at Caesar's Palace. Upon entering the vehicle, Plaintiff told the driver his intended destination was Play it Again Sam, located at 4120 Spring Mountain Rd. Las Vegas, NV 89102. Plaintiff was discouraged from traveling to his chosen destination, and was misled into believing that his chosen destination was somehow undesirable. Specifically, the driver told him, inter alia:
>
> a.    "There are better clubs than Play it Again Sam;"
> b.    "There are better clubs;"
> c.    "There girls are better at other clubs;"
> d.    "Play it Again Sam is kinda (sic) sketchy;" and
> e.    "I'll take you to a better club." *Id. at 15.*

Plaintiff's Complaint does not provide any information with regards to the cab driver or cab company that allegedly transported him on January 17, 2009. *See Id.* Plaintiff does not provide the name of the cab driver. *See Id.* Plaintiff does not provide the name of the cab company, for which the cab driver allegedly worked. *See Id.* Plaintiff does not identify the cab number of the cab that allegedly transported him. *See Id.* In fact, Plaintiff does not identify the cab or cab driver alleged in his complaint in any fashion. *See Id.* In fact, Plaintiff's entire Complaint is based upon this single trip that allegedly occurred in (1) one cab on January 17, 2009. *See generally, Plaintiff's Complaint.*

With regards to the "Driver Defendants" named in Plaintiff's Complaint, Plaintiff alleges that their actions are illegal and constitute an unlawful taking from another under circumstances not amounting to robbery under NRS § 205.380. *See Id. at 23.* Specifically, Plaintiff alleges that the "Driver Defendants'" actions, through false pretense, knowingly and designedly, and with the intent to cheat or defraud the customer, obtained additional cab fare from their customers, and knowingly and designedly diverted their customers to clubs that would charge their

customers a higher admission fee that would then be paid back to the Driver in the form of a kickback. *See Id.* at 23. This alleged violation of NRS § 205.380 serves as the predicate act of the "Driver Defendants" for purposes of Plaintiff's R.I.C.O. claims. *See Id.* at 23-24.

On June 3, 2009, Plaintiff filed a Class Action Complaint based upon the actions referenced above. *See generally, Plaintiff's Complaint.* Plaintiff's Complaint seeks certification of a class under Rule 23(b)(2), which Plaintiff intends to be defined as follows:

> All persons who have or will travel to Defendant's Clubs via Defendant's Drivers, or otherwise has attended such Defendant's Clubs in the past or will attend such Defendant's Clubs in the future. *Id.* at 16.

As stated, this "proposed class" includes any person who has, or will attend a named Defendant's nightclub, regardless of whether they traveled by way of a named Defendant's taxicab. *See Id.* The Moving Defendant Cab/Limousine Companies now seek to have this Honorable Court Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) and/or Fed. R. Civ. P. 12(b)(1). It is clear that Plaintiff's Complaint fails to state a claim upon which relief can be granted, and further, Plaintiff's Complaint does not satisfy the requirements of the Class Action Fairness Act, thus depriving this Honorable Court of original jurisdiction. Accordingly, dismissal of Plaintiff's Complaint is appropriate.

### III. <u>STANDARD FOR DISMISSAL</u>

Pursuant to Fed. R. Civ. P. 12(b)(6), a Court may dismiss a Complaint for failure to state a claim upon which relief may be granted. The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the Complaint. *See <u>North Star Int'l v. Ariz. Corp. Comm'n</u>*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a Fed. R. Civ. P. 12(b)(6) motion, the Court must examine the Complaint to determine whether it contains sufficient factual allegations "to raise a right to relief above the speculative level." <u>*Bell Atl. Corp. v. Twombly*</u>, 550 U.S. 544,

127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). In examining the Complaint, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." _Ove v. Gwinn_, 264 F.3d 817, 821 (9th Cir. 2001)[2]. The Court may dismiss a Complaint for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." _Henkle v. Gregory_, 150 F. Supp. 2d 1067, 1071 (D. Nev. 2001)[3].

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action if a United States District Court lacks jurisdiction over the subject matter of the action. Since a United States District Court is a court of limited subject matter jurisdiction, "the preferred -- and often the obligatory -- practice is that a court, when confronted with a colorable challenge to its subject-matter jurisdiction, should resolve that question before weighing the merits of a pending action." _Morales Feliciano v. Rullan_, 303 F.3d 1, 6 (1st Cir. 2002)[4].

## IV. LEGAL ARGUMENT

**A. Plaintiff's Complaint Must Be Dismissed Since Plaintiff Failed to Plead His Complaint With the Required Particularity Prescribed by Fed. R. Civ. P. 9(b).**

Pursuant to Fed. R. Civ. P. 9(b), a party is required to plead certain matters with particularity. Both Federal and Nevada Courts have determined that the special pleading requirements prescribed by Fed. R. Civ. P. 9(b) applies to claims alleged for fraud, civil RICO, and for claims involving protected speech[5]. Generally, this "particularity" requirement is met by asserting allegations that provide for "the who, what, when, where, and how" of the misconduct charged. _Vess v. Ciba-Geigy Corp. USA_, 317 F.3d 1097, 1106 (9th Cir. 2002).

---

[2] _Citing_, _Assoc. General Contractors v. Met. Water Dist._, 159 F.3d 1178, 1181 (9th Cir. 1998).
[3] _Quoting_, _Smilecare Dental Group v. Delta Dental Plan_, 88 F.3d 780, 783 (9th Cir. 1996), _quoting_, _Robertson v. Dean Witter Reynolds, Inc._, 749 F.2d 530, 534 (9th Cir. 1984).
[4] _See also_, _Donahue v. City of Boston_, 304 F.3d 110, 117 (1st Cir. 2002).
[5] _See_ _Flowers v. Carville_, 310 F.3d 1118, 1130 (9th Cir. 2002); _North Star Int'l v. Arizona Corp. Comm'n_, 720 F.2d 578, 581 (9th Cir. 1983); and _Hale v. Burkhardt_, 104 Nev. 632, 637 (Nev. 1988).

As provided below, Plaintiff's Complaint must be dismissed since Plaintiff failed to plead his claims with the required particularity prescribed by Fed. R. Civ. P. 9(b).  *See infra.*

**1. Plaintiff's Complaint Must Be Dismissed as a Matter of Law Since Plaintiff Failed to Assert His Civil RICO Claims with the Sufficient Particularity.**

As discussed above, Counts IV, VI and VII of Plaintiff's Complaint are directed at the "Defendant Drivers" and specifically allege Civil R.I.C.O violations predicated under N.R.S. § 205.380. The elements of a violation of N.R.S. § 205.380 are as follows: (1) intent to defraud; (2) a false representation; (3) reliance on the false representation; and (4) that the victim be defrauded. *See* <u>Hale</u>, 104 Nev. at 639.  As such, a violation of N.R.S. § 205.380 involves elements of fraud and therefore requires Plaintiff to plead such claims with the appropriate particularity[6]. *See* <u>Id</u>.

In the <u>*Hale v. Burkhardt*</u> case, the Nevada Supreme Court dismissed a Plaintiff's Complaint that was founded upon Nevada's R.I.C.O. statute, because the Complaint failed to state "when, where or how" the allegedly false representations were made to the Plaintiff.  *See* <u>Hale</u>, 104 Nev. at 637.  It has been held that the identity of the alleged Defendant is a crucial element to any such tort claim. <u>Siragusa v. Brown</u>, 114 Nev. 1384, 1393 (Nev. 1998).

In the present matter, Plaintiff has alleged three (3) counts of R.I.C.O. violations against the Moving Defendant Cab Companies.  *See Plaintiff's Complaint at 30, 33, and 36.*  However, Plaintiff's Complaint does not plead these alleged violations with particularity as required.  *See* <u>*Id.*</u>  Specifically, Plaintiff has failed to provide the most basic element required for such claims – the "Who."  In fact, Plaintiff has failed to make any allegations with regards to any of the named Moving Defendant Cab/Limousine Companies or even to identify the cab company or cab driver

---

[6] Like Nevada, Federal Courts have also demanded that a plaintiff plead any claims involving civil R.I.C.O. with the required particularity.  *See* <u>*e.g., Bache Halsey Stuart Shields v. Tracy Collins Bank*</u>, 558 F.Supp.1042 (C.D. Utah 1983).

that allegedly took his fare on January 17, 2009. *See Id.* at 15. Rather than provide the identities of these parties, Plaintiff instead named twelve (12) different cab and limousine companies in his Complaint in the hope of diverting the Court's attention away from this glaring absence. *See Id. at 1.*

Plaintiff's failure to identify these parties critically wounds Plaintiff's claims for civil RICO since he must provide this element of "Who" in order to meet the heightened pleading requirements that accompany such claims. *See Fed. R. Civ. P. 9(b).* Since Plaintiff failed to identify these parties, Plaintiff's Complaint must be dismissed as a matter of law.

In addition to Plaintiff's failure to identify the required parties involved, Plaintiff's Complaint must also be dismissed since Plaintiff also has failed to plead his claims for civil RICO in a manner that provides the "what" and "how" elements required for a suitable Complaint pled with particularity. In <u>Kahre v. Damm</u>, 2007 U.S. Dist. LEXIS 95978 (D. Nev. Dec. 18, 2007), this Court dismissed five (5) Defendants from a RICO suit based upon Plaintiff's failure to properly plead claims against these Defendants. *See Id.* In dismissing these defendants, the Court noted that there were no allegations specifically linking these defendants to the alleged wrongful activities in the Plaintiff's Complaint. *See Id.* This Court ruled:

> Clearly, in failing to even mention five of the individually-named State Defendants, let alone setting forth a plain statement that would provide a person with notice of the charges, Plaintiff falls well short of his pleading burden required by Nevada RICO.

Based upon the Plaintiff's failure to properly plead specific allegations against these Defendants, this Court dismissed Plaintiff's RICO claims pursuant to Fed. R. Civ. P. 12(b)(6). *See Id.*

Here, Plaintiff has not provided any allegations to explain how each of the individual Moving Defendant Cab/Limousine Companies violated N.R.S. § 205.380 or R.I.C.O as to Plaintiff. *See Plaintiff's Complaint at 19-31.* In fact, Plaintiff's "General Allegations" are so

11

vague and ambiguous, they fail to met the general burden of raising a right to relief above the speculative level. *See Bell Atl. Corp.*, 550 U.S. at 544. As was determined in *Kahre*, Plaintiff's Complaint does not even mention the individually named Moving Defendant Cab/Limousine Companies, let alone set forth a plain statement that would provide a person with notice of the charges. *See Id*.

Further, based upon the allegations in Plaintiff's Complaint, it would be impossible for Plaintiff to allege that each of the individual Moving Defendant Cab/Limousine Companies violated N.R.S. § 205.380 or RICO. Again, Plaintiff's Complaint is based upon a single trip that occurred on January 17, 2009. *See Plaintiff's Complaint at 15*. It is impossible for each or all of the Moving Defendant Cab/Limousine Companies to have violated N.R.S. § 205.380 and R.I.C.O. on this single trip. At a maximum, only one cab company could have violated N.R.S. § 205.380 and R.I.C.O. on this single trip. However, due to Plaintiff's failure to plead with particularity; the Moving Defendant Cab/Limousine Companies are left with no idea what cab company is being identified in Plaintiff's Complaint. Plaintiff will undoubtedly contend that the Discovery process will reveal or sort through which Defendant cab or limousine company he rode in on January 17, 2009. However, such contentions are not permitted in cases requiring heightened pleading such as this one. *See supra*. Also, Plaintiff cannot allege that all Moving Defendant Cab/Limousine Companies are liable while later contending that he was simply trying to identify the correct Defendant Cab/Limousine company. *See Id*.

As a result of Plaintiff's failure to plead with particularity, the Moving Defendant Cab/Limousine Companies are left in a position which is impossible to defend against. Plaintiff cannot simply allege that all the Moving Defendant Cab/Limousine Companies have violated R.I.C.O. based upon the single action of an unknown cab driver. Further, the Moving Defendant

Cab/Limousine Companies have no ability to identify or defend against the alleged wrongful actions; as Plaintiff has failed to make a single specific allegation against any of the Moving Defendant Cab/Limousine Companies[7]. Plaintiff has not pled his Complaint sufficiently to assert theories of liability against any or all of the Moving Defendant Cab/Limousine Companies, because his Complaint is based upon a single cab ride in a cab that has not been identified. Even if Plaintiff were able to identify this single cab company, this would still leave no basis for Plaintiff to recover from all of the named Defendants. Consequently, Counts IV, VI and VII of Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

2. **Plaintiff's Complaint Must Be Dismissed, Because the Alleged Violations of Civil RICO Are Based Upon Protected Speech, Which Requires Plaintiff to Plead With His Claims With the Required Particularity.**

Counts I through IV of Plaintiff's Complaint are based upon the Defendant's "knowingly making false representations" regarding certain adult nightclubs. *See* Plaintiff's Complaint generally. Every single claim asserted by Plaintiff is founded upon these alleged "misrepresentations." *See Id.* However, these alleged misrepresentations regarding the quality of various adult nightclubs are opinions, which are subject to protection under the First Amendment of the United States Constitution. Accordingly, Plaintiff is required to plead his Complaint with particularity, due to the fact that his claims are based upon protected speech.

The Ninth Circuit has repeatedly held that where a plaintiff seeks damages for conduct which is prima facie protected by the First Amendment, the danger that the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than

---

[7] A review of Plaintiff's Complaint will reveal that Plaintiff has not identified one single action specifically undertaken by any one of the Moving Defendant Cab/Limousine Companies. *See generally, Plaintiff's Complaint.*

would otherwise be required.  *See* <u>*Flowers v. Carville*</u>, 310 F.3d 1118, 1130 (9th Cir. 2002)[8].  In examining whether any statement constitutes constitutionally protected opinion, the Ninth Circuit examines first whether a reasonable fact finder could conclude that the contested statement implies an assertion of objective fact.  <u>*Partington v. Bugliosi*</u>, 56 F.3d 1147, 1153 (9th Cir. 1995).  In making this analysis, the Court must examine the totality of the circumstances in which the statement was made, engaging in a three-part inquiry: (1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact; (2) whether the defendant used figurative or hyperbolic language that negates that impression; and (3) whether the statement in question is susceptible of being proved true or false[9].  <u>*Partington*</u>, 56 F.3d at 1153[10].

In the present matter, an application of the factors set forth in <u>*Partington*</u> clearly demonstrates that the alleged statements made by the unknown cab driver are protected speech under the First Amendment.  Recall, Plaintiff alleges that the unknown cab driver made the following statements:

        a.   "There are better clubs than Play it Again Sam;"
        b.   "There are better clubs;"
        c.   "There girls are better at other clubs;"
        d.   "Play it Again Sam is kinda (sic) sketchy;" and
        e.   "I'll take you to a better club."  *Plaintiff's Complaint p. 15.*

First, the general tenor of these statements negates the impression that the unknown cab driver was asserting an objective fact.  *See* <u>*Id*</u>.  Each of the foregoing statements is extremely subjective and could in no possible way be proven in an objective manner. Second, the quality of

[8] *Citing* <u>Franchise Realty Interstate Corp. v. S.F. Local Joint Executive Bd. of Culinary Workers</u>, 542 F.2d 1076, 1082-83 (9th Cir. 1976).
[9] See also, *See also* <u>*Lieberman v. Fieger*</u>, 338 F.3d 1076, 1079 (9th Cir. 2003); and <u>*Unelko Corp. v. Rooney*</u>, 912 F.2d 1049, 1053 (9th Cir. 1990).
[10] While the <u>*Parrington*</u> Court was addressing the applicability of First Amendment protection to defamatory statements regarding quality of an attorney's performance, the Court's analysis is equally applicable to the present matter wherein the Plaintiff's claims are founded upon statements regarding the quality of certain adult nightclubs.

two (2) different "girls" is not susceptible of being proven true or false. The mere assertion that one could quantify the quality of a person is repugnant. Further, the description of an establishment as "sketchy" is clearly use of figurative and/or hyperbolic language. Obviously, the foregoing statements are opinions and subject to protection under the First Amendment of the United States Constitution.

As a result of the alleged statements being subject to protection under the First Amendment of the United States Constitution, Plaintiff is again required to plead his claims with particularity. _Flowers_, 310 F.3d at 1130. Again, Plaintiff has failed to provide these essential details in his Complaint, including the identity of the cab driver with whom he allegedly had contact. *See Plaintiff's Complaint at 15.* In fact, Plaintiff fails to make a single fact specific allegation with regards to any of the Moving Defendant Cab/Limousine Companies. *See Id*.

Further, it would be impossible for Plaintiff to make fact specific allegations with regards to all of the Moving Defendant Cab/Limousine Companies, because his entire Complaint is based upon one (1) single encounter. *See Id*. at 15. In order to recover against each Moving Defendant Cab/Limousine Companies, Plaintiff is required to specifically allege how each Moving Defendant Cab/Limousine Companies violated Civil R.I.C.O. and/or Nevada's Deceptive Trade Practices Act. _Kahre v. Damm_, 2007 U.S. Dist. LEXIS 95978 (D. Nev. Dec. 18, 2007). However, Plaintiff's Complaint contains no such particular allegations, and cannot ever contain such allegations based upon the single cab ride alleged, and must be dismissed accordingly for failure to state a claim upon which relief can be granted.

**B. Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), because Plaintiff Has Failed to Identify the Actual Parties Involved and Does Not Assert Any Allegations as to How Plaintiff Was a Victim or Otherwise was Harmed by Defendants .**

Count IX of Plaintiff's Complaint is based on the Nevada Deceptive Trade Practices Act. *See Plaintiff's Complaint at 37-41.* Specifically, Plaintiff has relied solely on the provisions of N.R.S. § 41.600, N.R.S. § 598.0915, N.R.S. § 598.0923, N.R.S § 706.8846 and N.A.C. § 706.552 to allege that Defendant Drivers have committed "Consumer Fraud" by diverting passengers to destinations other than those directed by their passengers. *See Id.* With misguided confidence that the allegation that Moving Defendant Cab/Limousine Companies' actions violate the provisions of the above-referenced statutes, Plaintiff, as an individual and on behalf of an alleged class, asserted causes of action against the Moving Defendant Cab/Limousine Companies for "Deceptive Trade Practices*." See Id.*

As already discussed previously, any claims for fraud or based in fraud must be pled with the necessary particularity required by Fed. R. Civ. P. 9(b). *See supra at 9-11.* Plaintiff once again fails to meet this heightened pleading standard since Plaintiff has failed to identify the parties involved in these alleged deceptive trade practices. *See Id. See also, Plaintiff's Complaint at 15.* Once again, this absence of "the Who" element necessary to meet any heightened pleading standard prescribed by Fed. R. Civ. P. 9(b), is absent from Plaintiff's claim, which in this instance is a claim for Consumer Fraud. *See Id. at 37-40.* As such, Plaintiff's claim for Consumer Fraud must be dismissed as a matter of law.

Further, the issue of what constitutes a deceptive trade practice in Nevada and whether or not the Moving Defendant Cab/Limousine Companies' alleged actions fall within the definition of a deceptive trade practice is irrelevant at this time. This is due to the unequivocal fact that Plaintiff does not properly alleged to be a victim of these deceptive trade practices, nor does

Plaintiff allege an injury resulting from these alleged deceptive trade practices. *See Plaintiff's Complaint at 37-41.*

In Nevada, the right to bring an action for consumer fraud in the manner asserted by Plaintiff (i.e. Deceptive Trade Practices) is only available to <u>actual victims</u> of the alleged consumer fraud. *See N.R.S. § 41.600.* N.R.S. § 41.600 states in part:

> 1. An action may be brought by any person who is a **victim** of consumer fraud.
>
> 2. As used in this section, "consumer fraud" means:
> (a) An unlawful act as defined in NRS 119.330;
> (b) An unlawful act as defined in NRS 205.2747;
> (c) An act prohibited by NRS 482.36655 to 482.36667, inclusive;
> (d) An act prohibited by NRS 482.351; or
> (e) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive. *(Emphasis Added).*

Accordingly, N.R.S. § 41.600 clearly requires a Plaintiff to be a victim of fraud before they may recover for the defendant's alleged violations of the statute[11]. As such, N.R.S. § 41.600 requires Plaintiff, at the very least, to establish that he was harmed in some way by the Moving Defendant Cab/Limousine Companies' alleged use of deceptive trade practices. *See NRS 41.600.* For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a Plaintiff must plead sufficient factual allegations of this injury and his victim status "to raise a right to relief above the speculative level." <u>Bell Atl. Corp.</u>, 550 U.S. at 544.

In this matter, Plaintiff has failed to assert any allegations in his Complaint to meet the definition of a "victim." *See generally, Plaintiff's Complaint.* The primary reason for Plaintiff's failure is that Plaintiff does not actually provide any factual allegations regarding Plaintiff's involvement with the actual Moving Defendant Cab/Limousine Companies. *See Id.* Instead,

---

[11] Unfortunately, neither the Nevada Revised Statutes nor Nevada common law provides a precise definition of what constitutes a "victim" of consumer fraud as identified in *NRS 41.600.* However, Black's Law Dictionary generally defines a "victim" as, "a person **harmed** by a crime, tort, or other wrong." *Black's Law Dictionary at p. 749 (Second Pocket Edition). (Emphasis Added).*

Plaintiff's Complaint contains an exhaustive discourse as to how Defendants' alleged actions are supposedly "deceptive trade practices" under Nevada law. *See Id.* However, this collection of citations does nothing more than camouflage the fact that Plaintiff has not alleged any facts whatsoever that link the Moving Defendant Cab/Limousine Companies to the Plaintiff. *See Id.* As noted repeatedly above, Plaintiff's entire Complaint is based upon a single cab ride occurring on January 17, 2009; however, Plaintiff fails to identify the name of the cab driver or cab company. *See Id.* at 15.

In addition to the fact that Plaintiff fails to establish any relationship between the specific Moving Defendant Cab/Limousine Companies and any alleged deceptive trade practices, Plaintiff also completely fails to allege any injury resulting from these alleged deceptive trade practices. Plaintiff alleges that the unknown driver made false representations to Plaintiff for purposes of: (1) obtaining a "significant kickback for diverting Plaintiff," which included an inflated admission charge paid by Plaintiff; and (2) receiving a larger tip from the Plaintiff. *See Id.* at 15-16 and at 23-24. Unfortunately, Plaintiff fails to allege that he did in fact pay the Defendant Driver a "larger tip" for taking the Plaintiff to an alternative destination. *See Id.* Further, Plaintiff provides no allegations to substantiate his assertion that he paid an "inflated" admission charge into the subject club. *See Id.* As stated above, unwarranted inferences are insufficient to defeat a motion to dismiss. *See Ove*, 264 F.3d at 821.

In reviewing Plaintiff's Complaint for purposes of a Fed. R. Civ. P. 12(b)(6) analysis, a Court may dismiss the Complaint for Plaintiff's failure to plead sufficient facts under a cognizable legal claim *See Henkle*, 150 F. Supp. 2d at 1071[12]. First, Plaintiff cannot establish a factual basis for Civil R.I.C.O. and/or Deceptive Trade Practices against all of the Moving

---

[12] *See also*, *Smilecare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996); and *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Defendant Cab/Limousine Companies based upon a single cab ride.  Second, it is not enough for Plaintiff to allege that all the Moving Defendant Cab/Limousine Companies have harmed Plaintiff because one unknown cab driver allegedly made misrepresentations and omissions to Plaintiff for the ***purpose*** of inducing Plaintiff to do something.  To the contrary, Plaintiff must allege that he was induced, that he acted based upon that inducement, and that Plaintiff was harmed. *See* <u>Hale</u>, 104 Nev. at 639. Here, Plaintiff does not allege to have paid a higher cab fare, larger tip or inflated entry fee to the subject club.  *See generally, Plaintiff's Complaint.*  In fact, Plaintiff does not even allege to have paid an entry fee to the subject club, rather he states that "on information and belief" the Defendant Driver would receive "approximately $100, which sum included the admission charge that Defendant SPEARMINT RHINO ***would*** collect from the Plaintiff."  *See* <u>Id</u>. at p. 16.  Allegations of what "would" happen will not suffice for purposes of asserting a consumer fraud claim under the Nevada Deceptive Trade Practices Act.  *See* <u>Hale</u>, 104 Nev. at 639.

Further, Plaintiff clearly does not have standing to allege an injury, or a right to collect damages, against all the Moving Defendant Cab/Limousine Companies based upon his single interaction with one cab company.  Even if Plaintiff was able to establish a case against the single unknown cab company referenced in his Complaint, this still does not provide Plaintiff with standing to sue all of the Moving Defendant Cab/Limousine Companies.  Plaintiff cannot simply allege that he has been damaged by all cab company's actions based upon his interaction with a single driver. This would be the equivalent of a plaintiff suing all tire manufacturers because he had a single defective tire on his vehicle. Further, Plaintiff cannot allege that he is similarly situated to all persons who have traveled by way of any of the Moving Defendant's cabs based upon his single cab ride. Plaintiff simply has no standing to allege that he has been

injured, or sustained damages, by the actions of every Moving Defendant Cab/Limousine Company, because he has not alleged how they have specifically injured him or caused him damage.

As a result of Plaintiff's failure to plead his Complaint with particularity, Plaintiff has failed to satisfy the requirements of N.R.S. § 41.600. Most specifically, Plaintiff has failed to allege how he was a victim, and how each of the moving Defendant Cab/Limousine Company's actions caused him to be a victim who was harmed. Accordingly, Plaintiff's claims against the Moving Defendant Cab/Limousine Companies under Nevada's Deceptive Trade Practices Act must be dismissed.

### C. Plaintiff's Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6), Because Plaintiff Has Failed to Specifically Plead Two (2) Consecutive Predicate Acts in Order to Substantiate His allegations Concerning Civil RICO.

Counts IV, VI and VIII of Plaintiff's Complaint allege claims against the Moving Defendant Cab/Limousine Companies under Nevada's RICO Statute, N.R.S. § 207.400[13]. Again, Plaintiff's Complaint is based upon a single cab ride that took place on January 17, 2009. *See Plaintiff's Complaint at 15.* Unfortunately, Plaintiff's Complaint is deficient in that it does not specifically allege two (2) consecutive criminal acts committed by each of the Moving Defendant Cab/Limousine Companies, which is required under Nevada's Civil R.I.C.O. Act. *Siragusa v. Brown*, 971 P.2d 801, 810 (Nev. 1998)[14]. Accordingly, Plaintiff's Complaint does not allege sufficient facts under R.I.C.O. and must be dismissed accordingly. *See Ove v. Gwinn,* 264 F.3d 817, 820 (9th Cir. Cal. 2001).

---

[13] Counts I, II, III, V, VII of Plaintiff's Complaint are directed specifically towards the "Club Defendants" and do not pertain to the "Driver Defendants." Count IX is directed towards all Defendants and consists of Plaintiff's claim under Nevada's Deceptive Trade Practices Act. *See Plaintiff's Complaint 27-40.*

[14] *See also*, *Kahre v. Damm*, 2007 U.S. Dist. LEXIS 95978 (D. Nev. Dec. 18, 2007).

Pursuant to N.R.S. § 207.470 and N.R.S. § 207.400, a civil RICO cause of action must be based upon allegations and proof that the defendants engaged in at least two (2) crimes related to racketeering that have the same or similar: (1) pattern; (2) intents; (3) results; (4) accomplices; (5) victims; or (6) methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents. *See Hale*, 104 Nev. at 634. In order to survive a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Plaintiff must allege at least two "not isolated" incidents involving the foregoing factors. <u>Siragusa</u>, 971 P.2d at 810.

In the <u>*Kahre v. Damm*</u> case, the U.S. District Court dismissed Plaintiff's Complaint for failure to allege the required number of "not isolated" predicate acts to establish a R.I.C.O. claim. <u>Kahre</u>, 2007 U.S. Dist. LEXIS 95978. In <u>Kahre</u>, Plaintiff's Complaint was based entirely upon events taking place on a single day, which consisted of more than one event occurring on that date. *See <u>Id</u>.* The Court in <u>Kahre</u> held that all such events were "not isolated" predicate acts because they all occurred on the same day as part of a single coordinated operation. *See <u>Id</u>.*

In the present matter, Plaintiff has failed to allege two (2) not isolated predicate acts conducted by each Moving Defendant Cab/Limousine Company with each named Club Defendant. *See generally, Plaintiff's Complaint*. Plaintiff's Complaint is based entirely upon a single cab trip occurring on January 17, 2009. *See <u>Id</u>.* at 15. Therefore, Plaintiff has only alleged one (1) predicate act. *See <u>Id</u>.*

Further, Plaintiff has not, and cannot, allege that the Moving Defendant Cab/Limousine Companies have acted with the same or similar pattern, intent, results, accomplices, victims or methods of commission, because Plaintiff has not specifically identified any of the Moving Defendant Cab/Limousine Companies as engaging in any activity whatsoever. *See <u>Id</u>.* To reiterate, Plaintiff's entire Complaint is based upon the single action of an unknown cab driver.

*See Id*.  Plaintiff cannot identify the individual involved in his single incident, let alone identify each of the Moving Defendant Cab/Limousine Companies as engaging in two (2) consecutive "not isolated" acts.

In order to survive a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff would have to allege that each Moving Defendant Cab/Limousine Company engaged in two (2) consecutive not isolated incidents.  *Siragusa*, 971 P.2d at 810.  Accordingly, Plaintiff would have to allege that each Moving Defendant Cab/Limousine Company picked up Plaintiff, diverted him, and engaged in specific violations of N.R.S. § 207.400, N.R.S. § 205.380, while specifically identifying each party involved in these alleged criminal schemes, including each named Club Defendant.  It is not sufficient for Plaintiff to merely assert that ***all*** Moving Defendant Cab/Limousine Companies have violated Nevada's R.I.C.O. statute merely because a single unknown cab driver may have violated this statute.  Based upon the allegations in Plaintiff's Complaint, he can never satisfy Nevada's R.I.C.O. statute's two (2) predicate act requirements, because he has only alleged one (1) single cab ride.

Additionally, Plaintiff cannot possibly have standing to recover against each of the Moving Defendant Cab/Limousine Companies based upon his single cab ride.  Again, even if Plaintiff were to establish a claim against this single unknown cab company and Club Defendant[15], Plaintiff cannot then assert claims against all named Cab Companies and Club Defendants based upon this single encounter.  As a result of Plaintiff's lack of the required standing and his failure to specifically allege two (2) consecutive not isolated predicate acts for each Moving Defendant Cab/Limousine Company, Plaintiff has failed to state a claim under Nevada's Civil R.I.C.O. Act and therefore, Plaintiff's Complaint must therefore be dismissed.

---

[15] Which he clearly cannot because he has failed to allege two (2) not isolated predicate acts.

**D. Plaintiff's Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1), Because Plaintiff Does Not Allege Sufficient Facts to Satisfy the Class Action Fairness Act's $5,000,000.00 Amount in Controversy Requirement.**

Plaintiff alleges that this Honorable Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(b). *See Plaintiff's Complaint at 11.* It is Plaintiff's contention that "the cost and value of the injunctions sought easily exceed $5,000,000.00." *Id.* Unfortunately, Plaintiff does not allege an injury from the Moving Defendant Cab/Limousine Companies' actions, and therefore cannot substantiate beyond a speculative level his allegation that the amount in controversy exceeds $5,000,000.00.

As discussed in above, Plaintiff does not allege sufficient facts to establish any injury. Plaintiff's Complaint is based upon speculative hypotheticals of what "would" have happen or that things were done for the "purposes" of causing harm. *See Id. at 15-16.* However, a simple reading of Plaintiff's Complaint reveals that Plaintiff does not allege to have actually sustained any injury. *See Id.* Nowhere does Plaintiff's Complaint allege that he actually paid an inflated admission fee to any club, increased cab fare to any driver, or increased gratuity to any driver. *See generally, Plaintiff's Complaint.* Further, Plaintiff provides no basis to demonstrate the figures he "would" have paid were inflated. *See Id.* Plaintiff has no allegations with regards to what a standard rate would be for any of the services that would allegedly have been inflated by the schemes he alleges. *See Id.* Accordingly, there is no basis for calculating any damages in this matter and Plaintiff cannot substantiate his allegation that the amount in controversy in this matter exceeds the $5,000,000.00 required under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(b).

### E. Plaintiff's Complaint Should Be dismissed Pursuant to Fed. R. Civ. P. 12(b)(1), Because Plaintiff Cannot Certify the Class He Alleges in His Complaint.

Plaintiff alleges that this Honorable Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(b). (*See* Plaintiff's Complaint at 11. In order for this Court to have original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(b), Plaintiff must establish and have certified a class. Accordingly, Plaintiff must satisfy the prerequisites set forth in Fed. R. Civ. P. 23(a), including: (1) numerosity; (2) commonality; (3) typicality; and adequacy of representation. *See* <u>Santoro v. Aargon Agency, Inc.</u>, 252 F.R.D. 675, 680 (D. Nev. 2008)[16]. Upon satisfying Fed. R. Civ. P. 23(a), Plaintiff must then satisfy Fed. R. Civ. P. 23(b). Unfortunately, Plaintiff cannot satisfy the prerequisites set forth in Fed. R. Civ. P. 23(a) or Fed. R. Civ. P. 23(b)(3)(D), and as a result no class action can exist, and this Honorable Court is deprived of original jurisdiction over this matter.

In the present matter, Plaintiff proposes certification of the following class:

All persons who have or will travel to Defendant's Clubs via Defendant's Drivers, or otherwise has attended such Defendant's Clubs in the past or will attend such Defendant's Clubs in the future. *Plaintiff's Complaint at 16.*

Unfortunately, this class is so broad that the named Plaintiff and its potential members can never satisfy the Fed. R. Civ. P. 23(a) prerequisites of commonality, typicality, or adequacy of representation. Further, the nature of Plaintiff's claims creates a class, whose membership is contingent upon the state of mind of the potential member. Accordingly, the class identified is not ascertainable by objective criteria and is unmanageable under Fed. R. Civ. P. 23(b)(3)(D).

---

[16] *See also*, <u>Stanton v. Boeing Co.</u>, 327 F.3d 938 (9th Cir. 2003).

### 1. Plaintiff Cannot Satisfy the Prerequisites of Fed. R. Civ. P. 23(a), and Therefore Cannot establish Original Jurisdiction for This Honorable Court.

To qualify for certification under Rule 23, Plaintiff bears the burden of proving that all four elements of Rule 23(a) are satisfied and that one or more of the three alternatives of Rule 23(b) are satisfied. *See Hernandez v. Alexander*, 152 F.R.D. 192, 194 (D. Nev. 1993)[17]. To determine if these requirements are met, the Court must look particularly to the allegations of the Complaint, which the Court must accept as true. *See Blackie v. Barrack*, 524 F.2d 891, 900 (9th Cir. 1975). Failure to satisfy any one of the requirements of Rule 23(a) precludes class certification. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 72 L. Ed. 2d 740, 102 S. Ct. 2364 (1982). The determination of whether to certify a class does not permit or require a preliminary inquiry into the merits[18]. However, before certifying a class action the trial court must be satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been met. *See Id.*

Plaintiff's proposed class includes all persons who have or will attend Defendant's Clubs via Defendant's drivers "or otherwise." *Plaintiffs' Complaint at 16.* Accordingly, Plaintiff's proposed class includes persons who did not attend THE Defendants Clubs via any of the named Driver Defendants' cabs. *See Id.* This portion of the class will not have any questions of law or fact common with any of the other class members, including Plaintiff, because there is absolutely no way that these class members could have been part of the "criminal schemes" alleged by Plaintiff. Any class member who did not travel to the Defendant's clubs by way of Driver Defendants' cabs could not possibly have been diverted or defrauded by the Driver Defendants in any way. Similarly, the claims and defenses of the parties with regards to class members not

---

[17] *See also, Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).
[18] *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78, 40 L. Ed. 2d 732, 94 S. Ct. 2140 (1974) (Only the class certification requirements of Rule 23 need be considered at the class certification stage).

traveling to the Defendant Clubs by way of cab will be significantly different, thus eliminating class typicality required under Fed. R. Civ. P. 23(a).

Plaintiff's Complaint is extremely deficient since he failed to assert any allegations that Plaintiff can adequately represent the class proposed. *See generally, Plaintiff's Complaint.* It would be impossible for Plaintiff to ever adequately represent the class proposed based upon the allegations contained in the Complaint. Plaintiff alleges to have taken a single cab ride to a single Gentlemen's club. *See Id. at 15.* Plaintiff has no standing to assert claims against all named Driver or Club Defendants based upon this single encounter. Plaintiff has not been harmed from his one cab ride by the actions of all named Driver or Club Defendants. Further, Plaintiff has not asserted any allegations that he was harmed by the actions of any of the Moving Defendant Cab/Limousine Companies during his single cab ride. *See Id.* In order to establish the class that Plaintiff seeks, he must at least be able to allege that he traveled in each of the Moving Defendant Cab/Limousine Companies' Cabs, to each of the Club Defendant's clubs and was defrauded in a similar fashion, on two, or more, separate occasions. *See Siragusa*, 971 P.2d at 810. Plaintiff has not, and cannot allege these facts, and therefore he cannot adequately represent the proposed class.

> **2. Membership in Plaintiff's Proposed Class Is Contingent Upon the Prospective Class Member's State of Mind, Which Makes the Class Unmanageable Under Fed. R. Civ. P. 12(b)(3)(D) and Prevents the Proposed Class From ever Being Certified.**

Under Fed. R. Civ. P. 23(b)(3)(D), the Court must find that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, which includes an analysis of the difficulties in managing a class. *See* Fed. R. Civ. P. 23(b)(3)(D). Difficulties in managing a class are directly related to whether or not the class is identifiable and can be identified by objective criteria. *See Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679 (S.D. Cal.

26

1999). A class description is insufficient, if membership is contingent on the prospective member's state of mind. *See Id*[19]. A class where membership is contingent upon a prospective member's state of mind creates an unmanageable class, because individual inquiries would be required into each prospective class member's situation in order to determine whether or not they were of the proper state of mind to join the class. *See Id*[20]. Accordingly, it has been held that in cases involving classes contingent upon the state of mind of the potential class member, manageability issues exist, which preclude class certification under Fed. R. Civ. P. 23(b)(3)(D).

In the present matter, Plaintiff alleges that the Moving Defendant Cab/Limousine Companies attempted to divert class members by "[k]nowingly making false representations regarding the quality of services and amenities offered at certain Clubs." *Plaintiff's Complaint at 11*. With specific regards to the Driver Defendant's predicate act under R.I.C.O., Plaintiff alleges as follows:

> The Driver Defendants, through false pretense, knowingly and designedly, and with the intent to cheat or defraud the customer, obtained additional cab fare from their customers, and knowingly and designedly diverted their customers to clubs that would charge their customers a higher admission fee that would then be paid back to the Driver in the form of a kickback. *Id*. at 23.

Plaintiff goes on to allege that the customer, and proposed class member, would not have paid the cab driver the foregoing monies, including a "larger tip," had the customer not been cheated, deceived and defrauded by the cab driver. *See Id*. at 23.

However, as discussed in above, the alleged fraud and deception relied upon by Plaintiff are nothing more than protected speech in the form of opinions. Specifically, Plaintiff alleges

---

[19] *See also*, <u>Gomez. v. Illinois State Bd. of Educ</u>., 117 F.R.D. 394, 397 (N.D. Ill. 1987); <u>Elliott v. ITT Corp</u>., 150 F.R.D. 569, 573-74 (N.D. Ill. 1992) ("Although there is no explicit requirement concerning the class definition in Fed. R. Civ. P. 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed. An identifiable class exists if its members can be ascertained by reference to objective criteria, but not if membership is contingent on the prospective member's state of mind.").
[20] Citing <u>Simer v. Rios</u>, 661 F.2d 655, 668 (7th Cir. 1981).

that the Driver Defendant cab drivers are informing customers of the quality of various Defendants' clubs. *See Id*. at 15-16. Therefore, whether or not these opinions are true will dictate whether or not the customer, and potential class member, was deceived or defrauded. Accordingly, one must make the subjective analysis of whether or not the Defendant Driver actually took them to a "better" club. This is an individual inquiry that would have to be made on a case-by-case basis, just as discussed in the _Schwartz_ case above. *See* _Schwartz_, 183 F.R.D. at 672. It is impossible for Plaintiff to conclusively allege that all customers who followed the Driver Defendant's opinions were defrauded, because in numerous cases the customer may very well agree with the cab driver's opinion and feel that they benefited from the opinions.

Additionally, it is completely subjective as to whether the customers, and potential class members, would have paid larger tips to the cab drivers had the driver merely taken them to their initial destination. Each individual customer will have different subjective opinions on the way they tip cab drivers. It is impossible to make a blanket assertion that all customers taking a cab driver's advice will resultantly pay the driver a larger gratuity. Consequently, the Court is again in a position where it would need to make individual inquiries into the subjective intent of each proposed class member with regards to these alleged damages and the class member's state of mind. *See Id.*

It is clear that the Plaintiff's proposed class is unmanageable and certification cannot be granted under Fed. R. Civ. P. 23(b)(3)(D). The proposed injuries in this class are far too subjective and cannot be identified under any objective data. In addition to the fact that each proposed class member would have to make the subjective determination of whether they were defrauded or if they agreed with the cab driver's opinions, each class member would have to demonstrate that they were actually diverted by the Defendant Drivers. Therefore, additional

individual inquiries will need to be had in order to determine if the individual class member ever even came in contact with a Driver Defendant. The final result is that the subject class is unmanageable and cannot be certified.

Once this Honorable Court determines that Plaintiff's Complaint does not satisfy the requirements of the Class Action Fairness Act, then Plaintiff remains as an individual in Federal Court based upon Diversity Jurisdiction. Diversity Jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy of $75,000.00. *See* 28 U.S.C. § 1332(a). Unfortunately, it is clear that Plaintiff cannot meet this jurisdictional requirement, because he has failed to allege any damages[21]. Further, it is clear that Plaintiff can never have sustained damages in excess of $75,000.00 based upon the single cab ride alleged in his Complaint. Even if the Court were to assume that Plaintiff paid an inflated cab fare, larger tip, and inflated entry fee to the Spearmint Rhino[22], Plaintiff's damages would be far below the $75,000.00 required for Diversity Jurisdiction under 28 U.S.C. § 1332(a). As a result of Plaintiff's inability to ever be able to establish damages in excess of $75,000.00 based upon the single encounter alleged in his Complaint, this Honorable Court is deprived of jurisdiction to hear this matter.

Thus, based upon Plaintiff's inability to certify the proposed class, the Class Action Fairness Act is inapplicable and Plaintiff cannot rely upon the proposed class member's damages in order to satisfy the amount in controversy requirements of 28 U.S.C. § 1332. Plaintiff then remains in Federal Court based upon Diversity Jurisdiction under 28 U.S.C. § 1332(a), and must demonstrate an amount in controversy in excess of $75,000.00. Plaintiff cannot possibly satisfy this requirement based upon the allegations in his Complaint. Thus, this Honorable Court is deprived of original jurisdiction over this matter and must dismiss Plaintiff's Complaint.

---

[21] *See supra at 15-19.*

[22] Please note that Plaintiff's Complaint does not actually allege these damages and this argument is being offered in the abstract based upon the Court's *assumption* that Plaintiff actually incurred any damages at all.

# V. <u>CONCLUSION</u>

Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) and/or Fed. R. Civ. P. 12(b)(1). Initially, Plaintiff's Complaint has not been pled with particularity, which is required given the nature of Plaintiff's claims. Further, Plaintiff has failed to plead an injury or state beyond a speculative level that he has been a victim as required under Nevada's Deceptive Trade Practices Act. Additionally, Plaintiff has not pled two (2) predicate acts as required for a Civil R.I.C.O. claim. Lastly, this Honorable Court does not have jurisdiction over this matter, because Plaintiff cannot ever certify the proposed class as Plaintiff cannot meet the prerequisites of Fed. R. Civ. P. 23(a), meet the minimum amounts in controversy, or the manageability requirement of Fed. R. Civ. P. 23(b).

Based upon the foregoing, Moving Defendant Cab/Limousine Companies respectfully request that Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) and/or Fed. R. Civ. P. 12(b)(1).

Dated this 31st day of July, 2009.

**MORAN LAW FIRM, LLC**

**/s/JOHN T. MORAN, JR., ESQ.**
**JOHN T. MORAN, JR., ESQ.**
Nevada Bar No. 2271
**JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
**JUSTIN W. SMERBER, ESQ.**
Nevada Bar No. 10761
630 S. 4th Street
Las Vegas, Nevada 89101
(702) 384-8424
*Attorneys for Moving Defendant Cab/Limousine*
*Companies*

30