1  **JOHN T. MORAN, JR., ESQ.**
Nevada Bar No. 2271
2  **JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
3  **JUSTIN W. SMERBER, ESQ.**
Nevada Bar No. 10761
4  **MORAN LAW FIRM, LLC**
630 S. 4th Street
5
Las Vegas, Nevada 89101
6  (702) 384-8424
7  Attorney for Defendants,
WESTERN CAB COMPANY,
8  LUCKY CAB COMPANY OF NEVADA,
ON DEMAND SEDAN SERVICES, LLC,
9  BLS LIMOUSINE SERVICES OF LAS VEGAS, INC.,
10  DESERT CAB, INC., and SUN CAB, INC.

11                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
12

13  THEODORE TRAPP, on his own behalf   ) Case No: 2:09-CV-00995
    And on behalf of all others similarly  )
14  situated,                            )
                                         )
15           Plaintiff,                  )
                                         )
16                                       )
                                         )
17                                       )
                                         )
18                                       )
                                         )
19  vs.                                  )
                                         )
20  BIG POPPA'S, LLC, a Nevada limited   )
    Liability company d/b/a BADDA BING   )
21  MEN'S CLUB; *et al.*,                )
                                         )
22           Defendants.                 )
                                         )
23                                       )

24  **DEFENDANTS, WESTERN CAB COMPANY, LUCKY CAB COMPANY**
    **OF NEVADA, ON DEMAND SEDAN SERVICES, LLC, BLS LIMOUSINE**
25  **SERVICES OF LAS VEGAS, INC., DESERT CAB, INC., AND SUN CAB,**
    **INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN**
26  **ENLARGEMENT OF TIME TO RESPOND TO THE MOTION OF**
    **DEFENDANTS, DÉJÀ VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE**
27  **DARLINGS OF LAS VEGAS, LLC, AND LAS VEGAS ENTERTAINMENT,**
    **LLC, FOR DISMISSAL OF THE COMPLAINT AND FOR LEAVE TO**
28



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

## FILE A CONSOLIDATED RESPONSE IN OPPOSITION TO ANY CURRENT AND FUTURE MOTIONS TO DISMISS THE COMPLAINT

Defendants, WESTERN CAB COMPANY, a Nevada corporation, dba WESTERN CAB COMPANY AND WESTERN LIMOUSINE, LUCKY CAB COMPANY OF NEVADA a Nevada corporation, dba LUCKY TRANS, SUN CAB, INC., A Nevada corporation, dba NELLIS CAB COMPANY, ON DEMAND SEDAN SERVICES, LLC, a Nevada limited liability company, dba ODS LIMOUSINE and ODS CHAUFFEURED TRANSPORTATION, BLS LIMOUSINE SERVICES OF LAS VEGAS, INC., a Nevada corporation, dba BLS LIMOUSINE SERVICE OF LAS VEGAS, and DESERT CAB, INC., a Nevada corporation dba DESERT CAB COMPANY AND ODYSSEY LIMOUSINE (collectively, the "Defendant Cab/Limousine Companies") by and through their counsel of record, JOHN T. MORAN, JR., ESQ., JEFFERY A. BENDAVID, ESQ. and JUSTIN W. SMERBER, ESQ. of the Moran Law Firm, LLC, opposes Plaintiff's Motion for an Enlargement of Time to Respond to the Motion of Defendants, Déjà vu Showgirls of Las Vegas, LLC, Little Darlings of Las Vegas, LLC, and Las Vegas Entertainment, LLC, for Dismissal of the Complaint and for Leave to File a Consolidated Response in Opposition to Any Current and Future Motions to Dismiss the Complaint.

///
///
///
///
///
///
///



This Opposition is made and based upon the Memorandum of Points and Authorities submitted herewith, together with the papers and pleadings on file herein, and any oral arguments at the time of a Hearing.

Dated this 5th day of August, 2009.

                              **MORAN LAW FIRM, LLC**

                              **/s/JOHN T. MORAN, JR., ESQ.**
                              **JOHN T. MORAN, JR., ESQ.**
                              Nevada Bar No. 2271
                              **JEFFERY A. BENDAVID, ESQ.**
                              Nevada Bar No. 6220
                              **JUSTIN W. SMERBER, ESQ.**
                              Nevada Bar No. 10761
                              630 S. 4th Street
                              Las Vegas, Nevada 89101
                              (702) 384-8424
                              *Attorneys for Defendant Cab/Limousine*
                              *Companies*

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS

Plaintiff, Theodore Trapp (the "Plaintiff"), a resident of California, alleges that while visiting Las Vegas, Nevada on January 17, 2009, he retained the services of an unknown taxicab from the taxi-stand at Caesar's Palace. *See Plaintiff's Complaint at 15.* Plaintiff alleges that his initial destination was the Gentlemen's club, "Play It Again Sam." *Id.* Upon informing the unidentified cab driver of his intended destination, Plaintiff alleges that the unidentified cab driver informed Plaintiff that this club was "kinda sketchy." *Id.* The unknown cab driver then allegedly informed Plaintiff that he would take him to a "better club." *Id.* Plaintiff alleges that the cab driver then proceeded, apparently without any refusal on the part of Plaintiff, to take him to the Spearmint Rhino Gentlemen's club. *See Id.* Upon Plaintiff's arrival, Plaintiff alleges that the unidentified cab driver received a tip from an employee of this club. *See Id.*

Based on these allegations alone, which constitute nothing more than a single cab ride of less than three (3) miles from an unknown taxi, driven by an unidentified driver to one Gentlemen's club, Plaintiff, on June 2, 2009, filed a forty-one (41) page Complaint in the United States District Court for Southern Nevada against nearly every Gentlemen's club, cab, and limousine company operating in Clark County, Nevada[1]. *See Id. at 15.* Plaintiff and his attorneys are also seeking to certify a class of Plaintiffs consisting of "over 100,000," separate members. *See Id. at 16.*

---

[1] Plaintiff identifies 27 Defendants in his Motion.

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

Since the filing of Plaintiff's Complaint, numerous Defendants have filed Motions to Dismiss Plaintiff's Complaint, including, but not limited to, the Defendant Cab/Limousine Companies, which was filed on July 31, 2009. *See Plaintiff's Motion at 2. See also, Defendant Cab/Limousine Companies' Motion to Dismiss Plaintiff's Complaint at 1 (Docket Item #161).* In response to the Motions to Dismiss that are pending, Plaintiff has now filed a Motion with the District Court seeking to enlarge the time permitted to oppose these Motions as well as enter a single, consolidated response to "any current or future motions to dismiss." *Plaintiff's Motion at 2-3.* Specifically, Plaintiff has absurdly sought a second extension of time to respond to all pending and future Motions to Dismiss of thirty (30) from the date whenever <u>all Defendants including, those that have yet to be served with Plaintiff's Complaint</u>, enter a response. *See Id.*

As argued below, Plaintiff's requests are made without good cause and if granted, will be highly prejudicial to all Defendants. As such, Plaintiff's Motion should be denied and the due date for Plaintiff's Opposition to the Defendant Cab/Limousine Companies' Motion to Dismiss should remain as August 18, 2009.

## II. LEGAL ARGUMENT

### A. Plaintiff's Motion Must Be Denied Since Plaintiff Has Not Established Good Cause for the Enlargement of Time and the Enlargement Sought by Plaintiff Will Be Highly Prejudicial to Defendants.

Plaintiff has brought his Motion pursuant, in part, to Fed. R. Civ. P. 6(b)(1)(A)[2]. Generally, Motions for the enlargement of time such as Plaintiff's are at the discretion of the District Court if the District Court finds "good cause" for

---

[2] Plaintiff's request for filing a consolidated Response does not reference any suitable law and Plaintiff offers no argument in support of such a request. *See Plaintiff's Motion at 2-4.*



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

such an enlargement. *See Fed. R. Civ. P. 6(b)(1).* However, in granting or denying such a motion, the District Court should be aware that deadlines are "intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *Spears v. City of Indianapolis, 74 F.3d 153, 157-58 (7th Cir. 1996) (citing Geiger v. Allen, 850 F.2d 330, 331 (7th Cir. 1988)*[3].

Here, Plaintiff contends that his already second motion for an enlargement of time exhibits good cause since such an enlargement and a consolidated response will "avoid duplication, promote judicial economy, and preserve the resources of the litigants." *Plaintiff's Complaint at 3.* The problem is that Plaintiff offers no explanation or argument as to how these requests will accomplish these alleged results. *See Id. at 2-4.* For this absence alone, Plaintiff's Motion should be denied.

Regardless, Plaintiff's Motion should be denied since his request is ridiculously unreasonable. Plaintiff's second request for an enlargement of time requests that any response to the three (3) identified Motions to Dismiss be delayed until 30 days after <u>all of the Defendants have responded</u>. *See Id. at 3.* In reality, this alleged "30 day" request will allow Plaintiff to avoid responding to any pending motions for at least another 107 days. This is because, as Plaintiff concedes, there are still two (2) Defendants remaining to be served by Plaintiff. *See Id. at 2.* Plaintiff is not obligated to serve these remaining parties for 120 days from the date of his Complaint (June 2, 2009). *See Fed. R. Civ. P. 4(m).* Thus, Plaintiff will not have to perfect service of these remaining two (2) Defendants for another 57 days, or by September 30, 2009. *See Id.*

---

[3] "Delays are a particularly abhorrent feature of today's trial practice."



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

Then, these Defendants will have at least 20 days, or until October 20, 2009 to respond to Plaintiff's Complaint. *See Fed. R. Civ. P. 12(a)(1)(A)(i).* Only after these events will Plaintiff's requested 30 days begin. Assuming that no extensions are granted and there is no restraint on Plaintiff to grant such extension requests, Plaintiff will not have to enter any response to any Motion to Dismiss, including Defendant Cab/Limousine Companies' Motion to Dismiss filed on July 31, 2009, until at least November 19, 2009 (*i.e.,* 107 days from August 4, 2009). By granting Plaintiff's second Motion for an Enlargement of Time, Plaintiff will be able to avoid responding to any Defendant's Motions to Dismiss for nearly five (5) months. Plaintiff will achieve this result because Plaintiff has also cleverly sought to enter a single, consolidated response, which will allow Plaintiff to refrain on responding to <u>all pending Motions to Dismiss</u> at least until the week before Thanksgiving. *See Plaintiff's Motion at 3.*

Such an extension is completely unreasonable and prejudicial to all Defendants. It was Plaintiff who chose to sue nearly every Gentlemen's club, cab company, and limousine company operating in Clark County, Nevada, based on a single cab ride in an unknown cab with an unknown cab driver. *See Plaintiff's Complaint at 15.* A plaintiff is ordinarily only entitled to fifteen (15) days in order to respond to a Motion Dismiss. *See LR 7-2(b).* Plaintiff's Motion is effectively requesting to expand this ordinary response time at least seven-fold (from 15 days to 107 days), without as much as an explanation as to why he needs such an enormous enlargement of time. *See Plaintiff's Motion at 2-4.* Such an exorbitant



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

extension is unreasonable on its face, especially without any explanation in support, and Plaintiff's Motion should therefore be denied.

Further, Plaintiff and his attorneys had a clear obligation under *Fed. R. Civ. P. 11* to reasonably investigate and tailor Plaintiff's Complaint according to the circumstances surrounding Plaintiff's claims. Instead, Plaintiff elected to sue nearly every Gentlemen's club, cab company, and limousine company operating in Clark County, Nevada, based on a single cab ride in an unknown cab with an unknown cab driver. *See Plaintiff's Complaint at 15.* Plaintiff cannot now seek the mercy of this District Court and effectively stall this case out for nearly five (5) more months because all of these Defendants have recognized the obvious failures of Plaintiff's Complaint and accordingly, filed Motions to Dismiss.

The fact that Plaintiff is now faced with responding to several Motions to Dismiss at this time is his fault and is hardly the "good cause" required by *Fed. R. Civ. P. 6(b)*. Plaintiff should have considered this likelihood when he attempted, through his Complaint, to stuff twenty-seven (27) Defendants into a Complaint consisting of a single cab ride. *Fed. R. Civ. P. 6(b)* does not and cannot supply Plaintiff with a suitable, legal "clown car" to bail out such an ill-advised effort. Defendants have just as much right as Plaintiff to resolve this matter as expeditiously as possible. A second extension of time of at least another 107 days (7 times greater than the allotted 15 days) completely strangles those rights to the detriment of all the Defendants.

As such, Plaintiff's Motion must be denied since he has not established "good cause" and if granted, would be unreasonable as to Defendants. As a result,



Plaintiff's response to Defendant Cab/Limousine's Companies' Motion to Dismiss should remain due on August 18, 2009, as ordered by the District Court.

### III. <u>CONCLUSION</u>

Plaintiff's Motion for an Enlargement of Time to Respond to the Motion of Defendants, Déjà vu Showgirls of Las Vegas, LLC, Little Darlings of Las Vegas, LLC, and Las Vegas Entertainment, LLC, for Dismissal of the Complaint and for Leave to File a Consolidated Response in Opposition to Any Current and Future Motions to Dismiss the Complaint must be denied since Plaintiff has not established the necessary "good cause" required for such an extension and if granted, Plaintiff's request for an extension of at least 107 days is highly prejudicial to all of the Defendants' right to resolve this matter as expeditiously as possible.

///

///

///

///

///

///

///

///

///

///

///

Based upon the foregoing, the Defendant Cab/Limousine Companies respectfully request that Plaintiff's Motion be denied and that Plaintiff's response to Defendant Cab/Limousine's Companies' Motion to Dismiss remain due on August 18, 2009, as ordered by the District Court.

Dated this 5th day of August, 2009.

**MORAN LAW FIRM, LLC**

**/s/JOHN T. MORAN, JR., ESQ.**
**JOHN T. MORAN, JR., ESQ.**
Nevada Bar No. 2271
**JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
**JUSTIN W. SMERBER, ESQ.**
Nevada Bar No. 10761
630 S. 4th Street
Las Vegas, Nevada 89101
(702) 384-8424
*Attorneys for Defendant Cab/Limousine Companies*

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568