Ross C. Goodman, Nevada Bar No. 7722
GOODMAN LAW GROUP
520 S. Fourth St., 2nd Floor
Las Vegas, Nevada 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088

*Attorneys for D.2801 Westwood, Inc. d/b/a Treasures*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE TRAPP, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIG POPPA'S, LLC, A Nevada limited liability company d/b/a BADDA BING MEN'S CLUB; SKY TOP VENDING, INC., a Nevada Corporation d/b/a CAN CAN ROOM; LA FUENTE, INC., a Nevada corporation d/b/a CHEETAH's; C.P.FOOD AND BEVERAGE, INC., a Nevada corporation d/b/a CLUB PARADISE; DÉJÀ VU SHOWGIRLS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a DÉJÀ VU SHOWGIRLS; PALOMINO CLUB, INC.; SHAC, LLC, a Nevada limited liability company d/b/a SAPPHIRE; K-KEL, INC., a Nevada corporation d/b/a SPEARMINT RHINO; D.2801 WESTWOOD, INC., a Nevada corporation d/b/a TREASURES; LITTLE DARLINGS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a LITTLE DARLINGS; O.G. ELIADES, A.D., LLC, a Nevada limited liability company d/b/a OLYMPIC GARDENS; LAS VEGAS ENTERTAINMENT, LLC, a Nevada limited liability company d/b/a LARRY FLYNT's HUSTLER CLUB; MICHAEL A. SALTMAN d/b/a MINXX; RICK'S LAS VEGAS; FRIAS MANAGEMENT, LLC, a Nevada limited liability company d/b/a ACE CAB COMPANY and A-NORTH LAS VEGAS CAB; WESTERN CAB COMPANY, a Nevada corporation d/b/a WESTERN CAB | Case No.: 2:09-cv-00995-LDG-PAL<br><br>**DEFENDANT D.2801 WESTWOOD, INC. D/B/A TREASURES' MOTION TO DISMISS UNDER RULE 12(b)(6) OR FOR MORE DEFINITE STATEMENT UNER RULES 12(e)** |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

| | |
|---|---|
| | COMPANY and WESTERN LIMOUSINE, NEVADA CHECKER CAB CORPORATION, a Nevada corporation d/b/a CHECKER CAB COMPANY,; NEVADA STAR CABCORPORATION, a Nevada corporation d/b/a STAR CAB COMPANY; NEVADA YELLOW CAB CORPORATION, a Nevada corporation d/b/a YELLOW CAB COMPANY; LUCKY CAB COMPANY OF NEVADA, a Nevada corporation d/b/a LUCKY TRANS; SUN CAB, INC., a Nevada limited liability company d/b/a CLS TRANSPORATION LAS VEGAS; ON DEMAND SEDAN SERVICES, LLC, a Nevada limited liability company d/b/a ODS LIMOUSINE and ODS CHAUFFEURED TRANSPORTATION; BLS LIMOUSINE SERVICE OF LAS VEGAS, INC., a Nevada corporation d/b/a BLS LIMOUSINE SERVICE OF LAS VEGAS; DESERT CAB, INC., a Nevada corporation d/b/a DESERT CAB COMPANY and ODYSSEY LIMOUSINE; BELL TRANS A NEVADA CORPORATION, a Nevada corporation d/b/a BELL TRANS; TONY CHONG, an individual; and DOE EMPLOYEES 1-1000; |
| | Defendants. |

Defendant D.2801 Westwood, Inc., d/b/a Treasures ("Treasures"), moves the Court to dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 8 and 12(b)(6) on the grounds that it fails to state a claim against Treasures upon which relief can be granted, or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

Dated this 10th August, 2009.

GOODMAN LAW GROUP

By: /s/ Ross C. Goodman
Ross C. Goodman, Nev. Bar No. 7722
520 south Fourth Street, 2nd Floor
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*D.2801 Westwood, Inc. d/b/a Treasures*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff has not provided a single allegation of any wrongful conduct against Treasures but wants to proceed with protracted and expensive discovery to see what may turn up. This is precisely what the Supreme Court has forbidden in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

Plaintiff fails to plead any factual content - as required under *Iqbal* - that allows this Court to draw a reasonable inference that Treasures is liable for the misconduct alleged. Instead, Plaintiff's naked assertions of an alleged scheme involving kickbacks are devoid of any facts specifying wrongful conduct involving Treasures requiring dismissal under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Plaintiff should be required to amend his Complaint to allege a more definite statement under Rule 12(e) especially given Rule 9(b)'s heightened pleading requirements. Fed. R. Civ. P. 9(b).

## FACTUAL BACKGROUND

Plaintiff alleges that he was diverted from being delivered to the club of his first choice to a different club after being deceived by an unidentified taxicab driver that the second place of business was a "better" club. *See* Compl. at ¶¶63-63. Plaintiff asserts that this diversion is common practice which is motivated by payments from different clubs for the delivery of such customers. *See* Compl. at ¶¶2 and 70-71. From this single incident, Plaintiff speculates without any specificity that Treasures and other defendants are somehow embroiled in a vast conspiracy to deceive and divert customers from their intended choice of business. *See* Compl. at ¶¶63-71.

However, these non-specific allegations, which amount to nothing more than legal conclusions masquerading as facts, are insufficient as a matter of law to state a claim.

Accordingly, the Complaint should be dismissed.

## ARGUMENT

The allegations fall far short of the requirements of Fed R. Civ. P. 8 as described by the Supreme Court recently in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Court explained that, although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at

1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556)

### I. The Allegations are Insufficient to State a Claim Under Rule 8 and *Iqbal*.

Under *Iqbal*, Plaintiff must allege facts sufficient to support an inference that Treasures engaged in misconduct in violation of the Nevada's R.I.C.O. statute and Deceptive Trade Practices Act. The Complaint does not allege any facts, let alone sufficient facts, to support any such inference. Specifically, Plaintiff fails to allege a single drop off, payment, or even a description of any diversion to constitute a claim for relief against Treasures. To the contrary, the Complaint supports the *opposite* inference, *i.e.*, that Treasures did not engage in any wrongful conduct. At most, the Complaint alleges that Treasures engaged in some unspecified conduct at unspecified time that was fraudulent. But, it is well-established that the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations," *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). There is not a single allegation in the Complaint that supports the inference that Treasures did anything in violation of the Nevada's R.I.C.O. Statute and Deceptive Trade Practices Act. The Supreme Court has made clear that such non-specific allegations, which amount to nothing more than legal conclusions masquerading as facts, are insufficient as a matter of law to state a claim. Accordingly, the Complaint should be dismissed.

////

////

## II. Alternatively Plaintiff Should be Required to Amend its Complaint to Provide a More Definite Statement.

If the Court permits Plaintiff to proceed on his allegations, Plaintiff should provide a more definite statement pursuant to Fed. R. Civ. P. 12(e) and given the Fed. R. Civ. P. 9(b) heightened pleading requirements.

A party may move for a more definite statement where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed, R. Civ. P. 12(e). The current form of Plaintiff's complaint is devoid of any allegations that Treasures cannot meaningfully respond. As discussed above, it is not clear from the Complaint as written which allegations (if any) related to conduct attributed to Treasures. There are no allegations of specific wrongful conduct.

Moreover, the alleged statements purportedly made by an unidentified taxicab driver may be his opinion or viewpoint protected by the First Amendment. *Dodds v. American Broadcasting Co.*, 145 F.3d 1053, 1065 (9th Cir. 1998) (a statement is not actionable if it cannot reasonably be interpreted as stating actual facts that are provably false). For instance, each alleged statement is not objectively verifiable: (1) "There are better clubs than Play it Again Sam"; (2) "There are better clubs"; (2) "The girls are better at other clubs"; (4) "Play it Again Sam is kinda sketchy; and (5) "I'll take you to a better club." *See* Compl. at ¶66.

In its present form, the Complaint lacks sufficient factual matter to draw even a reasonable inference of misconduct especially since the driver is unknown and such analysis turns on the extent and use of these figurative or hyperbolic statements. *Knievel v. ESPN*, 393 F.3d 1068, 1075 (9th Cir. 2005) (any statement can be parsed or set forth in a limited context that could be interpreted incorrectly).

In addition, as detailed above, Plaintiff fails to state with particularity, as required under Fed. R. Civ. P. 9(b) involving allegations of civil R.I.C.O. and deceptive trade practices claims, "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Moreover, Plaintiff fails to allege a second consecutive criminal act to even trigger a

claim under Nevada's civil R.I.C.O. statute. *Siragusa v. Brown,* 971 P.2d 801, 810 (Nev. 1998). Specifically, Plaintiff must allege at least two "not isolated" incidents relating to racketeering that have the same or similar: (1) pattern; (2) intent; (3) results; (4) accomplices; (5) victims; or (6) methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents. *Hale v. Burkhardt,* 104 Nev. 632, 637, 764 P.2d 866, 869 (1998).

Here, Plaintiff simply alleges a single cab ride with an unidentified driver rather than two predicate acts required to state a claim for relief under Nevada's Civil RI.C.O. statutes.

### III. Plaintiff Lacks Standing to Sue Treasures for Any Violation of Civil R.I.C.O and Deceptive Trade Practices Because Plaintiff failed to Plead an Injury And Fails to Allege An Amount in Controversy That Exceeds $5,000,000.00.

Plaintiff lacks standing to bring its claim against Treasures because Plaintiff failed to plead a violation of civil R.I.C.O or deceptive trade practices, and therefore, has not established any breach or injury. "Article III standing is a controlling element in the definition of a case or controversy." *Alaska Right to Life Political Action Comm. v. Feldman,* 504 F.3d 849m 848 (9th Cir. 2007) (alteration and internal quotation marks omitted). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action for the defendants; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-181 (2000) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561.).

Specifically, Plaintiff claims that Treasures engaged in a conspiracy to divert customers. *See* Compl. at ¶¶63-71. The generalized allegation that Plaintiff was diverted to a "better" club from the club of his first choice because of statements made by an unidentified driver fails to allege how he was injured. *Allum v. Valley Bank of Nevada,* 109 Nev. 280, 282, 849 P.2d 297 (1993). Instead, Plaintiff fails to even allege whether the second club was in fact "better" than the first club and whether the driver's statements caused Plaintiff to spend more money on the

taxi fare or club cover charge. Therefore, Plaintiff has pled only a "conjectural" or "hypothetical" violation of the Nevada's R.I.C.O. statute and Deceptive Trade Practices Act and has failed to demonstrate any "actual" or "particularized" harm. *See Laidlaw*, 528 U.S. at 180-181. The Complaint is devoid of *factual content* that allows the court to draw the *reasonable inference* that Treasures is liable for diverting customers and that the Plaintiff was in fact harmed.

In light of Plaintiff's failure to allege even a second predicate act, much less, the amount of damages the Plaintiff was somehow injured by the diversion *i.e.*, inflated admission fee, increased cab fare or gratuity, the Complaint lacks any facts necessary beyond speculation that the amount in controversy exceeds $5,000,000.00. *See,* Class Action Fairness Act, 28 U.S.C. §1332(b). Accordingly, absent such showing as required by the Class Action Fairness Act, Plaintiff fails to allege how this Court has original jurisdiction over this matter

## CONCLUSION

Plaintiff fails to plead any factual content - as required under *Iqbal* - that allows this Court to draw a reasonable inference that Treasures is liable for the misconduct alleged. Instead, Plaintiff's naked assertions of an alleged scheme involving kickbacks are devoid of any facts specifying wrongful conduct involving Treasures requiring dismissal under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

Contrary to Rule 9(b)'s heightened pleading requirements, Plaintiff only alleges one generalized allegation involving an unidentified taxicab driver, which statements may be protected under the First Amendment and not objectively verifiable, rather than two predicate acts as required to state a claim for relief under Nevada's civil RI.C.O. statutes. Moreover, this Court lacks original jurisdiction over this matter given Plaintiff's failure to allege any preliminary facts, beyond speculation, that the amount in controversy exceeds $5,000,000.00.

For these reasons, the Court should grant Treasures' motion to dismiss the complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, the Court should require Plaintiff to provide a more definite statement under Rules 9(b) and 12(e) of the Federal Rules of Civil Procedure. As such, Treasures requests that the Court schedule oral

argument at its earliest convenience.

    Respectfully submitted this 10th day of August, 2009.

                                        GOODMAN LAW GROUP

                                        By: /s/ Ross C. Goodman
                                        Ross C. Goodman, Nev. Bar No. 7722
                                        520 south Fourth Street, 2nd Floor
                                        Las Vegas, Nevada 89101

                                        *Attorneys for Defendant*
                                        *D.2801 Westwood, Inc. d/b/a Treasures*

## CERTIFICATE OF MAILING

I hereby certify that on the 10th day of August, 2009 the foregoing **DEFENDANT D.2801 WESTWOOD, INC. D/B/A TREASURES' MOTION TO DISMISS UNDER RULE 12(b)(6) OR FOR MORE DEFINITE STATEMENT UNER RULES 12(e)** was electronically served upon all attorneys of record in this matter.

/s/
Ross C. Goodman, Esq.
Nevada Bar No. 7722
GOODMAN LAW GROUP
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)383-5088
Facsimile: (702) 385-5088