Neil J. Beller, Esq.
Nevada Bar No. 002360
NEIL J. BELLER, LTD.
7408 West Sahara Avenue
Las Vegas, NV 89117
(702) 368-7767
nbeller@njbltd.com
Attorney for Defendants
DEJA VU SHOWGIRLS OF LAS VEGAS, LLC
LITTLE DARLINGS OF LAS VEGAS, LLC
LAS VEGAS ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF, NEVADA

| | |
|---|---|
| THEODORE TRAPP, on his own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>BIG POPPA'S, LLC, a Nevada limited liability company d/b/a BADDA BINGMEN'S CLUB; SKY TOP VENDING, INC., a Nevada Corporation d/b/a CAN CAN ROOM; LA FUENTE, INC., a Nevada corporation d/b/a CHEETAH'S; C.P. FOOD AND BEVERAGE, INC., a Nevada corporation d/b/a CLUB PARADISE; DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a DEJA VU SHOWGIRLS; PALOMINO CLUB, INC., a Nevada corporation d/b/a PALOMINO CLUB; SHAC, LLC, a Nevada limited liability company d/b/a SAPPHIRE; d/b/a STAR CAB COMPANY; K-KEL, INC., a Nevada corporation d/b/a SPEARMINT RHINO; D. 2801 WESTWOOD, INC., a Nevada corporation d/b/a TREASURES; LITTLE DARLINGS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a LITTLE DARLINGS; | CASE NO.     2:09-cv-00995<br><br>**DEFENDANTS DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC AND LAS VEGAS ENTERTAINMENT, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE MOTION OF DEFENDANTS DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC, AND LAS VEGAS ENTERTAINMENT, LLC FOR DISMISSAL OF THE COMPLAINT AND FOR LEAVE TO FILE A CONSOLIDATED RESPONSE IN OPPOSITION TO ANY CURRENT AND FUTURE MOTIONS TO DISMISS THE COMPLAINT** |

1

Dockets.Justia.com

1

O.G. ELIADES, A.D., LLC, a Nevada
limited liability company d/b/a OLYMPIC
GARDENS; LAS VEGAS
ENTERTAINMENT, LLC, a Nevada limited
liability company d/b/a LARRY FLYNT'S
HUSTLER CLUB; MICHAEL A.
SALTMAN d/b/a MINXX; RICK'S LAS
VEGAS; FRIAS MANAGEMENT, LLC, a
Nevada limited liability company d/b/a ACE
CAB COMPANY and A-NORTH LAS
VEGAS CAB; WESTERN CAB
COMPANY, a Nevada corporation d/b/a
WESTERN CAB COMPANY and
WESTERN LIMOUSINE; NEVADA
CHECKER CAB CORPORATION, a
Nevada corporation d/b/a CHECKER CAB
COMPANY; NEVADA STAR CAB
CORPORATION, a Nevada corporation
d/b/a STAR CAB COMPANY; NEVADA
YELLOW CAB CORPORATION, a Nevada
corporation d/b/a YELLOW CAB
COMPANY; LUCKY CAB COMPANY OF
NEVADA, a Nevada corporation d/b/a
LUCKY TRANS; SUN CAB, INC., a
Nevada corporation d/b/a NELLIS CAB
COMPANY; CLS NEVADA, LLC, a
Nevada limited liability company d/b/a CLS
TRANSPORTATION LAS VEGAS; ON
DEMAND SEDAN SERVICES, LLC, a
Nevada limited liability company d/b/a ODS
LIMOUSINE and ODS CHAUFFEURED
TRANSPORTATION; BLS LIMOUSINE
SERVICE OF LAS VEGAS, INC., a Nevada
corporation d/b/a BLS LIMOUSINE
SERVICE OF LAS VEGAS; DESERT CAB,
INC., a Nevada corporation d/b/a DESERT
CAB COMPANY and ODYSSEY
LIMOUSINE; BELL TRANS A NEVADA
CORPORATION, a Nevada corporation
d/b/a BELL TRANS; TONY CHONG, an
individual; and DOE EMPLOYEES 1-1000;

Defendants.

2

1    COMES NOW Defendants DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE
2  DARLINGS OF LAS VEGAS, LLC, and LAS VEGAS ENTERTAINMENT, LLC, (hereafter
3  "Defendants") by and through their attorney, Neil J. Beller, Esq. and submits the following as
4  their Opposition to Plaintiff's Motion for an Enlargement of Time to Respond to the Motion of
5  Defendants Deja Vu Showgirls of Las Vegas, LLC, Little Darlings of Las Vegas, LLC, and Las
6  Vegas Entertainment, LLC for Dismissal of the Complaint and for Leave to File a Consolidated
7  Response in Opposition to Any Current and Future Motions to Dismiss the Complaint.

8                          **PERTINENT FACTUAL BACKGROUND**

9        Plaintiff filed his Complaint on June 2, 2009. Defendants filed their Motion to Dismiss on
10  June 29, 2009. On July 15, 2009, a Stipulation was filed in this Court whereby Defendants and
11  Plaintiff stipulated that Plaintiff had until July 29, 2009 to file a response to Defendants motion to
12  dismiss.

13        Then, on July 29, 2009, Plaintiff not only filed his motion to request a second extension of
14  time to respond to Defendants motion to dismiss, but also requested that he be permitted to wait
15  until thirty (30) days after **all** defendants have responded to file a consolidated response to all
16  current and future motions to dismiss.

17                                     **ARGUMENT**

18        Considering that Defendants were the first defendants to respond to the Complaint,
19  Defendants certainly object to having to wait for exactly who knows when for Plaintiff's
20  response to their motion to dismiss.

21        Plaintiff now seeks to avoid duplication, promote judicial economy and preserve the
22  resources of the litigants. See, paragraph 7 of motion.   When 27 persons/entities are named as
23  defendants in a class action complaint, it hardly seems likely that judicial economy can be helped;
24  that duplication can be avoided; and that resources can be preserved. As of August 10, 2009, 175
25  documents have already been filed in this Court, and not all defendants have as yet responded.

26        Plaintiff wants a delay so that he will have to file only one documents in response to the
27  motions to dismiss that have been filed and that are anticipated to be filed. A delay might be
28  advantageous to Plaintiff, but unjust and prejudicial to all defendants. Deadlines in the law

                                          3

business, serve a useful purpose and reasonable adherence to them is to be encouraged. <u>Spears v. City of Indianapolis</u>, 74 F.3d 153, 157-158 (7th Cir. 1996)   The Fifth Circuit has noted that

> [D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution.  Adherence to reasonable deadlines is critical to restoring integrity in court proceedings.

<u>Geiserman v. MacDonald</u>, 893 F.2d 787, 791 (5th Cir. 1990).

Defendants certainly do not object to reasonable extensions of time, but Defendants have already  stipulated with Plaintiff that the deadline was July 29, 2009 for Plaintiff to respond to Defendants motion to dismiss.  Plaintiff did not request a second extension of time from Defendants to respond to their motion based on a legitimate reason.  Rather, Plaintiff now wants to filed only **one** document in response to all defendants motions to dismiss.

Plaintiff cannot establish good cause as required by F.Rule.Civ.P. 6 (b) (1).  "Good cause" is defined as "substantial reason, one that offers a legal excuse."  <u>Black's Law Dictionary, 5th Ed.</u> Plaintiffs has failed to establish good cause because he has failed to state any legitimate factual reason why he needs an extension of time to respond.

## CONCLUSION

Based on the foregoing, Defendants, DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC, and LAS VEGAS ENTERTAINMENT, LLC respectfully request this Honorable Court to deny Plaintiff's Motion.

Dated this __12__ day of August, 2009.

Neil J. Beller, Esq.
Nevada Bar No. 002360
NEIL J. BELLER, LTD.
7408 West Sahara Avenue
Las Vegas, NV 89117
(702) 368-7767
Attorney for Defendants
DEJA VU SHOWGIRLS OF LAS VEGAS, LLC
LITTLE DARLINGS OF LAS VEGAS, LLC
LAS VEGAS ENTERTAINMENT, LLC

4

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the law firm of NEIL J. BELLER, LTD. and on the 12ᵗʰ of August, 2009, service of the foregoing **DEFENDANTS DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC'S, AND LAS VEGAS ENTERTAINMENT, LLC'S** Opposition to Plaintiff's Motion for an Enlargement of Time to Respond to the Motion of Defendants Deja Vu Showgirls of Las Vegas, LLC, Little Darlings of Las Vegas, LLC, and Las Vegas Entertainment, LLC for Dismissal of the Complaint and for Leave to File a Consolidated Response in Opposition to Any Current and Future Motions to Dismiss the Complaint was made, by electronically transmitting to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing addressed to the following:

Brandon E. Roos roosb@gtlaw.com, larsenv@gtlaw.com, lvlitdock@gtlaw.com

Catherine A Olendorff legal@ycstrans.com, jazzwelov@hotmail.com

D. Neal Tomlinson ntomlinson@swlaw.com, blmiller@swlaw.com

James E Smyth jsmyth@kkbrf.com, kshuman@kkbrf.com, shascall@kkbrf.com

John T. Moran, Jr. e.obrien@moranlawfirm.com

Kimberly Maxson-Rushton krushton@cooperlevenson.com

Mark E Ferrario ferrariom@gtlaw.com, larsenv@gtlaw.com, lvlitdock@gtlaw.com

Mark E Trafton karen.walker@belltransportation.com

Rafey S. Balabanian rafey@kamberedelson.com

Ross C Goodman ross@goodmanlawgroup.com, mary@goodmanlawgroup.com

Will Kemp m.jacobs@kempjones.com

Jay Edelson, Esq.
Rafey Balabanian, Esq.
KAMBER EDELSON, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

An Employee of Neil J. Beller, Ltd.

5