1  D. NEAL TOMLINSON, ESQ.
   Nevada Bar No. 6851
2  WAYNE GROSS, ESQ. (*admitted pro hac vice*)
   California Bar No. 138828
3  MICHAEL D. STEIN, ESQ.
   Nevada Bar No. 4760
4  BRIAN R. REEVE, ESQ.
   Nevada Bar No. 10197
5  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
6  Las Vegas, Nevada 89169
   Telephone (702) 784-5200
7  Facsimile (702) 784-5252

8  WILL KEMP, ESQ.
   Nevada Bar No. 1205
9  KEMP, JONES & COULTHARD LLP
   3800 Howard Hughes Parkway, 17th floor
10 Las Vegas, Nevada 89169
   Telephone (702) 385-6000
11 Facsimile (702) 385-6001

12 *Attorneys for Defendant Frias Management, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THEODORE TRAPP, on his own behalf and on behalf of all others similarly situated. | CASE NO. 2:09-CV-00995-LDG-PAL |
| Plaintiff, | |
| vs. | **DEFENDANT FRIAS MANAGEMENT, LLC'S JOINDER TO WESTERN CAB COMPANY, LUCKY CAB COMPANY OF NEVADA, ON DEMAND SEDAN SERVICES, LLC, BLS LIMOUSINE SERVICES OF LAS VEGAS, INC., DESERT CAB, INC. AND SUN CAB, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE MOTION OF DEFENDANTS DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC AND LAS VEGAS ENTERTAINMENT, LLC FOR DISMISSAL OF THE COMPLAINT AND FOR LEAVE TO FILE A CONSOLIDATED RESPONSE IN OPPOSITION TO ANY CURRENT AND FUTURE MOTIONS TO DISMISS THE COMPLAINT** |
| BIG POPPA'S, LLC, a Nevada limited liability company d/b/a BADDA BING MEN'S CLUB; SKY TOP VENDING, INC., a Nevada corporation d/b/a CAN CAN ROOM; LA FUENTE, INC., a Nevada corporation d/b/a CHEETAH'S; C.P. FOOD AND BEVERAGE, INC., a Nevada corporation d/b/a CLUB PARADISE; DÉJÀ VU SHOWGIRLS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a DÉJÀ VU SHOWGIRLS; PALOMINO CLUB, INC., a Nevada corporation d/b/a PALOMINO CLUB; SHAC, LLC, a Nevada corporation d/b/a SAPPHIRE; K-KEL, INC., a Nevada corporation d/b/a SPEARMINT RHINO; D.2801 WESTWOOD, INC., a Nevada corporation d/b/a TREASURES; LITTLE DARLINGS OF LAS VEGAS, LLC, a | |

10408118

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

| | |
|---|---|
| 1 | Nevada limited liability company d/b/a LITTLE DARLINGS; O.G. ELIADES, A.D., LLC, a Nevada limited liability company d/b/a OLYMPIC GARDENS ; LAS VEGAS ENTERTAINMENT, LLC, a Nevada limited liability company d/b/a LARRY FLYNT'S HUSTLER CLUB; MICHAEL A. SALTMAN d/b/a MINXX; RICK'S LAS VEGAS; FRIAS MANAGEMENT, LLC, a Nevada limited liability company d/b/a ACE CAB COMPANY and A-NORTH LAS VEGAS CAB; WESTERN CAB COMPANY, a Nevada corporation d/b/a WESTERN CAB COMPANY and WESTERN LIMOUSINE; NEVADA CHECKER CAB CORPORATION, a Nevada corporation d/b/a NEVADA CHECKER CAB COMPANY; NEVADA STAR CAB CORPORATION, a Nevada corporation d/b/a STAR CAB COMPANY; NEVADA YELLOW CAB CORPORATION, a Nevada corporation d/b/a YELLOW CAB COMPANY; LUCKY CAB COMPANY OF NEVADA, a Nevada corporation d/b/a LUCKY TRANS; SUN CAB, INC., a Nevada corporation d/b/a NELLIS CAB COMPANY; CLS NEVADA, LLC, a Nevada limited liability company d/b/a CLS TRANSPORTATION LAS VEGAS; ON DEMAND SEDAN SERVICES, LLC, a Nevada limited liability company d/b/a ODS LIMOUSINES and ODS CHAUFFEURED TRANSPORTATION; BLS LIMOUSINE SERVICE OF LAS VEGAS INC.; DESERT CAB, INC., a Nevada corporation d/b/a DESERT CAB COMPANY and ODYSSEY LIMOUSINE; BELL TRANS A NEVADA CORPORATION, a Nevada corporation d/b/a BELL TRANS; TONY CHONG, an individual; and DOE EMPLOYEES 1-1000; |
| 23 | Defendants. |

Defendant FRIAS MANAGEMENT, LLC ("Frias"), by and through its counsel, SNELL & WILMER LLP and KEMP, JONES & COULTHARD LLP, hereby joins in Western Cab Company, Lucky Cab Company Of Nevada, On Demand Sedan Services, LLC, BLS Limousine Services Of Las Vegas, Inc., Desert Cab, Inc. And Sun Cab, Inc.'s (collectively "Western")

10408118

- 2 -

Opposition to Plaintiff's Motion For An Enlargement Of Time To Respond To The Motion Of Defendants Deja Vu Showgirls Of Las Vegas, LLC, Little Darlings Of Las Vegas, LLC And Las Vegas Entertainment, LLC For Dismissal Of The Complaint And For Leave To File A Consolidated Response In Opposition To Any Current And Future Motions To Dismiss The Complaint filed on August 5, 2009 ("Plaintiff's Motion"). In addition to joining Western's Opposition, Frias sets forth its own opposition to Plaintiff's Motion in the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In addition to Plaintiff's failure to demonstrate good cause justifying such an extraordinary delay[1] in these proceedings as set forth in Western's Opposition, the Court should deny Plaintiff's Motion because the Defendants in this action are not similarly situated, such that permitting Plaintiff to file a consolidated opposition does not make sense. The regulations governing the Club Defendants are different from the regulations governing taxicab drivers and companies, which are different from the regulations governing limousine drivers and companies. Further, the allegations in Plaintiff's Complaint regarding the Club Defendants are different from the allegations governing the Driver Defendants. Because the Defendants in this matter are situated differently and regulated separately, each moving Defendant is entitled to an opposition to its respective motion to dismiss. Accordingly, Plaintiff's request to file a "one-size-fits-all" opposition should be denied.

In addition, the Court should require Plaintiff to file a *timely* opposition to each moving Defendant's motion to dismiss. Plaintiff's attempt to hold Frias, Western and all other moving Defendants hostage in this case while he attempts to effectuate service on the remaining Defendants is not equitable. Plaintiff's allegations of criminal conduct are extremely serious and stigmatizing. No Defendant should have to wait months and months to be dismissed from a baseless suit. Consequently, the Court should require Plaintiff to follow the briefing schedule set forth in Local Rule 7-2 and should rule on each motion once the briefing has been completed.

---

[1] Plaintiff's request contravenes Fed. R. Civ. P. 1, which states that the rules of civil procedure should be construed *and administered* to secure the just, speedy and inexpensive determination of every action and proceeding. (emphasis added).

10408118

- 3 -

Based on the arguments set forth in Western's Opposition and the foregoing, the Court should deny Plaintiff's Motion.

DATED this 13th day of August, 2009.

>SNELL & WILMER L.L.P.
>
>  /S/   D. Neal Tomlinson, Esq.
> D. NEAL TOMLINSON, ESQ.
> WAYNE GROSS, ESQ.
> MICHAEL D. STEIN, ESQ.
> BRIAN R. REEVE, ESQ.
> SNELL & WILMER L.L.P.
> 3883 Howard Hughes Parkway, Ste. 1100
> Las Vegas, Nevada 89169
>
> WILL KEMP, ESQ.
> KEMP, JONES & COULTHARD LLP
> 3800 Howard Hughes Parkway, 17th floor
> Las Vegas, Nevada 89169
>
> *Attorneys for Defendant Frias Management, LLC*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Snell & Wilmer, L.L.P., and that on the 13th day of August, 2009, I electronically transmitted the **DEFENDANT FRIAS MANAGEMENT, LLC'S JOINDER TO WESTERN CAB COMPANY, LUCKY CAB COMPANY OF NEVADA, ON DEMAND SEDAN SERVICES, LLC, BLS LIMOUSINE SERVICES OF LAS VEGAS, INC., DESERT CAB, INC. AND SUN CAB, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE MOTION OF DEFENDANTS DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC AND LAS VEGAS ENTERTAINMENT, LLC FOR DISMISSAL OF THE COMPLAINT AND FOR LEAVE TO FILE A CONSOLIDATED RESPONSE IN OPPOSITION TO ANY CURRENT AND FUTURE MOTIONS TO DISMISS THE COMPLAINT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all attorneys of record in this matter.

          /S/    Brandy L. Miller
An employee of Snell & Wilmer L.L.P.

10408118
- 5 -