1   Mark E. Trafton, Esq.
    Nevada State Bar No. 6525
2   1900 Industrial Road
    Las Vegas, Nevada 89102
3   Telephone: (702) 385-1813
    Facsimile: (702) 382-9633
4
    Attorney for Defendant,
5   BELL TRANS

6

7                           U.S. DISTRICT COURT

8                          DISTRICT OF NEVADA

9

10  THEODORE TRAPP, on his own behalf and on      )
    behalf of all others similarly situated.      )   CASE NO. 2:09-CV-00995-KJD-GWF
                                                   )
11                                                 )
                    Plaintiff,                     )
12                                                 )
    vs.                                            )
13                                                 )   **DEFENDANT, BELL TRANS',**
    BIG POPPA'S, LLC, a Nevada limited liability   )   **MOTION TO DISMISS AND/OR**
14  company d/b/a BADDA BING MEN'S CLUB;           )   **JOINDER TO FRIAS**
    SKY TOP VENDING, INC., a Nevada corporation    )   **MANAGEMENT, LLC'S MOTION**
15  d/b/a CAN CAN ROOM; LA FUENTE, INC., a         )   **TO DISMISS**
    Nevada corporation d/b/a CHEETAH'S; C.P.       )
16  FOOD AND BEVERAGE, INC., a Nevada              )
    corporation d/b/a CLUB PARADISE; DÉJÀ VU       )
17  SHOWGIRLS; PALOMINO CLUB, INC., a              )
    Nevada corporation d/b/a PALOMINO CLUB;        )
18  SHAC, LLC, a Nevada corporation d/b/a          )
    SAPPHIRE; K-KEL, INC., a Nevada corporation    )
19  d/b/a SPEARMINT RHINO; D.2801WESTWOOD          )
    INC., a Nevada corporation d/b/a TREASURES;    )
20  LITTLE DARLINGS OF LAS VEGAS, LLC, a           )
    Nevada limited liability company d/b/a LITTLE  )
21  DARLINGS; O.G. ELIADES, A.D., LLC, a           )
    Nevada limited liability company d/b/a OLYMPIC )
22  GARDENS; LAS VEGAS ENTERTAINMENT,              )
    LLC, a Nevada limited liability company d/b/a  )
23  LARRY FLYNT'S HUSTLER CLUB; MICHAEL            )
    A. SALTMAN d/b/a MINXX; RICK'S LAS             )
24  VEGAS; FRIAS MANAGEMENT, LLC, a                )
    Nevada limited liability company d/b/a ACE CAB )
25  COMPANY and A-NORTH LAS VEGAS                  )
    CAB; WESTERN CAB COMPANY, a Nevada             )
26  corporation d/b/a WESTERN CAB COMPANY          )
    and WESTERN LIMOUSINE; NEVADA                  )
27  CHECKER CAB CORPORATION, a Nevada              )
    corporation d/b/a NEVADA CHECKER CAB           )
28  COMPANY; NEVADA STAR CAB                       )
    CORPORATION, a Nevada corporation d/b/a        )
    STAR CAB COMPANY; NEVADA YELLOW                )
    CAB CORPORATION, a Nevada  corporation         )

1  d/b/a YELLOW CAB COMPANY; LUCKY CAB )
   COMPANY OF NEVADA, a Nevada corporation )
2  d/b/a LUCKY TRANS; SUN CAB, INC., a Nevada )
   corporation d/b/a NELLIS CAB COMPANY; CLS )
3  NEVADA, LLC, a Nevada limited liability )
   company  d/b/a CLS TRANSPORTATION )
4  LAS VEGAS; ON DEMAND SEDAN )
   SERVICES, LLC, a Nevada limited liability )
5  company d/b/a ODS LIMOUSINES and ODS )
   CHAUFFEURED TRANSPORTATION; BLS )
6  LIMOUSINE SERVICE OF LAS VEGAS, INC.; )
   DESERT CAB, INC., a Nevada corporation d/b/a )
7  DESERT CAB COMPANY and ODYSSEY )
   LIMOUSINE; BELL TRANS A NEVADA )
8  CORPORATION, a Nevada corporation d/b/a )
   BELL TRANS; TONY CHONG, an individual; )
9  and DOE EMPLOYEES 1-1000; )
                                              )
10                   Defendants.              )
   _____ )

11

12     Defendant, Bell Trans', by and through its counsel, Mark E. Trafton, hereby moves this court

13  pursuant to Fed. R. Civ. P.12(b)(1) for an Order granting Bell Trans' Motion to Dismiss.

14     This motion is supported by the pleadings and papers on file herein, the memorandum of

15  points and authorities, and oral argument, if any, as allowed by this court.

16     Dated this 24 day of August, 2009.

17

18                                    Mark E. Trafton, Esq.
                                      Nevada State Bar No. 6525
19                                    1900 Industrial Road
                                      Las Vegas, Nevada 89102
20
                                      Attorney for Defendant,
21                                    BELL TRANS

22              **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

23                                 **I.**

24                        **FACTUAL STATEMENT**

25     This Court is likely well aware of the factual allegations that led to the filing of this lawsuit.

26  In short, Plaintiff alleges that a taxicab driver "diverted" him from one commercial establishment,

27  and instead, took him to another because of a financial incentive.  Plaintiff contends this practice is

28  pervasive throughout Las Vegas, and that Bell Trans (a limousine company) is involved.

- 2 -

Before filing his suit against Bell Trans, however, Nevada law requires that the plaintiff exhaust any and all administrative remedies to the extent they are available. In this case, the Plaintiff failed to do so. As such, Plaintiff's suit against Bell Trans must be dismissed.

## II.

## LEGAL ARGUMENT

### A. Plaintiff Failed to Exhaust His Administrative Remedies

By racing to the courthouse to commence this litigation, Plaintiff has completely ignored the detailed and thorough administrative procedures provided in NAC Chapter 706 and NRS Chapter 706. By disregarding these administrative procedures, Plaintiff has failed to exhaust his administrative remedies. As a result, this court lacks subject matter jurisdiction over this case, and the action against Bell Trans must be dismissed.

With regard to complaints against limousine companies and their drivers, Nevada's administrative remedies are quite thorough. It is ironic that Plaintiff alleges violations of specific sections of both NAC Chapter 706 and NRS Chapter 706, yet he ignores the specific procedures contained in these same chapters designed to address these violations.

NRS 706.1511 created the Nevada Transportation Authority, hereinafter referred to as the "Authority." NRS 706.166 states, in part, that the Authority shall:

> "1. ... supervise and regulate:
> (a)   Every fully regulated carrier [*such as limousine companies*] .. in this State in all matters directly related to those activities of the motor carrier .. actually necessary for the transportation of persons or property .. over and along the highways."

NAC 706.3611 entitled "Prohibited acts." states, in part, that:

> a driver of a limousine:
>
> (1)   Shall not divert or attempt to divert a prospective customer from any commercial establishment.

NAC 706.3974 entitled "Formal written complaints: General requirements" outlines the general requirements for filing a complaint before the Authority. Upon receipt of a formal complaint, the Authority staff must conduct an investigation. See NAC 706.3976(1). Once the investigation is complete, the Authority staff reports its findings to the parties, and recommends a

1   resolution. See NAC 706.3976(2)  If a resolution is not reached, then the Authority staff refers the

2   matter to the Authority Board.  See NAC 706.3977.  If the Authority Board, after review of all

3   relevant information from the Authority staff, determines that "probable cause exists," than it will

4   set a hearing on the complaint.  See NAC 706.3979.  A hearing is then set, and NAC 606.3981

5   through NAC 706.4006 outlines the procedures for these hearings. NAC 706.4008 through 706.4018

6   describes the how fines may be assessed.  In this case, the Plaintiff ignored this entire process.

7           If the Plaintiff believes either the subject matter of his complaint is not specifically covered

8   by the regulations between NAC 706.010 to 706.4019, or that the "desired relief" is not readily

9   apparent, than NAC 706.3957 allows him to file a "petition" before the Authority to seek redress.

10  Again, the Plaintiff ignored this process too.  Instead, the Plaintiff seeks judicial relief.

11          Under the "well-established" exhaustion doctrine, a party must exhaust administrative

12  remedies "prior to seeking judicial relief." *First Am. Title Co. Of Nev. v. State,* 91 Nev. 804, 806,

13  543 P.2d 1344, 1345 (1975).  This doctrine is "sound judicial policy," as it often precludes the need

14  for litigation by first requiring the parties to pursue administrative remedies to their fullest.  91 Nev.

15  at 806, 543 P.2d at 1345.  Only two exceptions to this doctrine have been recognized, namely, where

16  the interpretation or constitutionality of a statute is in question, and where administrative relief

17  would be futile. *State v. Scotsman Mfg. Co., Inc.*, 109 Nev. 252,  255, 849 P.2d 317, 319 (1993).

18  Failure by a party to exhaust its administrative remedies "deprives the district court of subject matter

19  jurisdiction." 109 Nev. at 254, 849 P.2d at 319.

20          In this case, there is and has been a thorough and readily available administrative remedy for

21  the Plaintiff.  Moreover, neither of the exceptions to the exhaustion doctrine applies here.  Plaintiff's

22  Complaint does not address the interpretation or constitutionality of any state statute.  Similarly,

23  Plaintiff cannot suggest that it would have been futile to follow the administrative process. He has

24  not even attempted to bring forth his Complaint to the Authority.  As a result, the Complaint must

25  be dismissed, as this Court lacks subject matter jurisdiction to hear this action.

26  ///

27  ///

28  ///

**B.      This court Should Decline to Hear This Action Under The Doctrine of Primary Jurisdiction.**

This court should also decline to hear this case under the doctrine of primary jurisdiction. The doctrine of primary jurisdiction provides that district courts should "sometimes refrain from exercising jurisdiction so that technical issues can be first determined by an administrative agency." *Sports Form Inc. v. LeRoy's Horse and Sports Place,* 108 Nev. 37, 41, 823 P.2d 901, 903 (1992). This doctrine (1) promotes uniformity and regulation; and (2) allows for certain matters to be reviewed by a tribunal with specialized knowledge. *Id.* Where legislation creates a thorough regulatory scheme but lacks "express language" creating a private right of action beyond that regulatory scheme, it is reversible error for a court to hear the case before it. 108 Nev. At 41, 823 P.2d at 904 (reversing the district court judgement on the merits).

In *Sports Form*, the Nevada Supreme Court applied a four part test to determine whether a private cause of action could be implied from the N.R.S. Chapter 463, which vested regulation of the gaming industry in the Gaming Control Board. *Sports Form*, 108 Nev at 39, 823 P.2d at 902 . Those factors include: "(1) whether the plaintiff was one of the class for whose special benefit the statute was enacted; (2) whether there was any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one; (3) whether the implication of such a remedy was consistent with the underlying purposes of the legislative theme; and (4) whether the cause of action was "one traditionally relegated to state law, in an area basically that concerned the state, so that it would be inappropriate to infer a cause of action based solely on federal law." *Id.* Where a court looks to state statute (as opposed to federal statute) to determine if a private right of action exists, the fourth element is inapplicable to the court's analysis. *Id. at 40*.

In this case, there is a thorough regulatory scheme designed to address the activities alleged by Plaintiff.  Also, there is no express language in NRS Chapter 706 or NAC Chapter 706 that creates a right of action for Plaintiff. In fact, Nevada law contemplates just the opposite, as it has provided a detailed and comprehensive procedure for violations of any provision contained within NAC 706.010 to 706.4019.

///

The above-described procedure is consistent with the stated purpose of the Authority, which is to supervise and regulate every fully regulated carrier [*such as limousine companies*] .. in this State.  NRS 706.166.

Accordingly, this Court should refrain from hearing this matter. Plaintiff has no right of action implied in law, and thus makes no genuine claim before this Court.  In addition, if this Court decides to continue to hear this matter against Bell Trans, there is a danger that this Court will make rulings inconsistent from those made by the Authority in matters sharing similar facts or issues of law. Moreover, there is a readily available grievance procedure available to Plaintiff under NRS Chapter 706 and NAC Chapter 706.  Dismissal is appropriate, as primary jurisdiction rests with the Authority.

### **CONCLUSION**

Based on the foregoing, Bell Trans respectfully request that the claims against it be dismissed with prejudice.

Dated this 24 day of August, 2009.

Mark E. Trafton, Esq.
Nevada State Bar No. 6525
1900 Industrial Road
Las Vegas, Nevada 89102

Attorney for Defendant,
BELL TRANS

# CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 24 day of August, 2009, I electronically transmitted the **"DEFENDANT, BELL TRANS', MOTION TO DISMISS AND/OR JOINDER TO FRIAS MANAGEMENT, LLC'S MOTION TO DISMISS"** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the counsel listed below, who have registered to receive Electronic Filing:

Jay Edelson, Esq.
Rafey Balabania, Esq.,
Kamber Edelson, LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Attorneys for Plaintiff

James E. Smyth, II, Esq.
Kummer Kaempfer Bonner
    Renshaw & Ferrario
3800 Howard Hughes Pkwy., 7th Floor
Las Vegas, Nevada 89169
Attorneys for Plaintiff

D. Neal Tomlinson, Esq.
Wayne, Gross, Esq.
Michael D. Stein, Esq.
Brain R. Reve, Esq.
Snell & Wilmer, L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Attorneys for Defendant
    Frias Management, LLC

William S. Kemp, Esq.
Kemp, Jones & Coulthard, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Attorneys for Defendant
    Frias Management, LLC

Neil J. Beller, Esq.
Neil J. Beller, Ltd.
7408 West Sahara Avenue
Las Vegas, Nevada 89117
Attorneys for Deja Vu Showgirls
    of Las Vegas, LLC

Mark E. Ferrario, Esq.
Kummer Kaempfer Bonner Rensha & Ferrario
3800 Howard Hughes Pkwy., 7th Floor
Las Vegas, Nevada 89169
Attorneys for Defendant, SHAC, LLC

Brandon E. Roos, Esq.
Greenberg Traurig, LLP
3773 Howard Hughes Parkway,
Suite 400 North
Las Vegas, Nevada 89169
Attorneys for Defendant, SHAC, LLC

C.A. (Cathy) Olendorff, Esq.
5225 West Post Road
Las Vegas, Nevada 89118
Attorney for Defendant
    CHECKER STAR CAB CORP.

John T. Moran, Jr., Esq.
Moran Law Firm, LLC
630 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Defendants,
     WESTERN CAB COMPANY;
     LUCKY CAB COMPANY OF NV;
     DESERT CAB; ON DEMAND SEDAN SERVICES

Norman H. Kirshman,, Esq.
Norman H. Kirshman, P.C.
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Attorney for Defendant CLS Nevada, LLC

Karen Walker