**JOHN T. MORAN, JR., ESQ.**
Nevada Bar No. 2271
**JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
**JUSTIN W. SMERBER, ESQ.**
Nevada Bar No. 10761
**MORAN LAW FIRM, LLC**
630 S. 4th Street
Las Vegas, Nevada 89101
(702) 384-8424
Attorney for Defendants,
WESTERN CAB COMPANY,
LUCKY CAB COMPANY OF NEVADA,
ON DEMAND SEDAN SERVICES, LLC,
BLS LIMOUSINE SERVICES OF LAS VEGAS, INC.,
DESERT CAB, INC., and SUN CAB, INC.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THEODORE TRAPP, on his own behalf And on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIG POPPA'S, LLC, a Nevada limited Liability company d/b/a BADDA BING MEN'S CLUB; et al.,<br><br>Defendants. | Case No: 2:09-CV-00995 |

**DEFENDANTS, WESTERN CAB COMPANY, LUCKY CAB COMPANY OF NEVADA, ON DEMAND SEDAN SERVICES, LLC, BLS LIMOUSINE SERVICES OF LAS VEGAS, INC., DESERT CAB, INC., AND SUN CAB, INC.'S OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO ENLARGE TIME TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS**

COMES NOW, Defendants, WESTERN CAB COMPANY, LUCKY CAB COMPANY OF NEVADA, ON DEMAND SEDAN SERVICES, LLC, BLS LIMOUSINE SERVICES OF LAS VEGAS, INC., DESERT CAB, INC., AND SUN CAB, INC., by and through their

attorneys of record, JOHN T. MORAN, JR., ESQ., JEFFERY A. BENDAVID, ESQ. and JUSTIN W. SMERBER, ESQ. hereby submit the following Opposition to Plaintiff's Amended Motion to Enlarge Time to Respond to Defendants' Motions to Dismiss.

This Opposition is made and based upon the Points and Authorities submitted herewith, together with the papers and pleadings on file herein, and oral arguments at the time of Hearing.

Dated this 26th day of August, 2009.

**MORAN LAW FIRM, LLC**

**/s/JOHN T. MORAN, JR., ESQ.**
**JOHN T. MORAN, JR., ESQ.**
Nevada Bar No. 2271
**JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
**JUSTIN W. SMERBER, ESQ.**
Nevada Bar No. 10761
630 S. 4th Street
Las Vegas, Nevada 89101
(702) 384-8424
*Attorneys for Opposing Defendant Cab/Limousine Companies*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On June 3, 2009, Plaintiff filed a Complaint naming twenty-seven (27) Defendants and alleging numerous claims for supposed violations of the Nevada RICO statute, NRS 207.400, and for alleged violations of Nevada's Consumer Fraud statute, NRS 41.600. (*See* Complaint generally on file herein as Document 1). On its face, Plaintiff's Complaint completely fails under existing law, and Defendants, WESTERN CAB COMPANY, LUCKY CAB COMPANY OF NEVADA, ON DEMAND SEDAN SERVICES, LLC, BLS LIMOUSINE SERVICES OF LAS VEGAS, INC., DESERT CAB, INC., AND SUN CAB, INC. ("Defendants") filed a Motion to

Dismiss. Instead of filing a response, Plaintiff filed a Motion to Enlarge Time to Respond, which was opposed by Defendants. In response to Defendants' Opposition, Plaintiff filed an Amended Motion to Enlarge Time to Respond, thus requiring Defendants to submit the present Opposition.

Plaintiff's Motion and Amended Motion to Enlarge Time to Respond should be denied, and Defendants' Motion to Dismiss should be granted based upon the following:

1. Plaintiff's Amended Motion to Enlarge was filed after the time period for opposing Defendants' Motion to dismiss had expired. Accordingly, Plaintiff is required under Local Rule 6-1 to demonstrate "excusable neglect" which Plaintiff has not demonstrated;

2. As a result of Plaintiff's failure to file an Opposition to Defendants' Motion to Dismiss within the time limits prescribed by Local Rule 7-2, Plaintiff has consented to the granting of Defendants' Motion, and Defendants' Motion to Dismiss should be granted accordingly; and

3. Plaintiff's filing of multiple and duplicative Motions to Enlarge, rather than an appropriate Reply brief, has resulted in significant waste and prejudice to the Defendants, while at the same time affording Plaintiff repeated extensions to respond to Defendants' Motion to Dismiss.

Further, Defendants' Motion to Dismiss should be granted as a result of Plaintiff's failure to file a response in accordance with Local Rule 7-2. Lastly, Plaintiff's continued refusal to file a response to the pending Motions to Dismiss has caused unreasonable delay in this matter, which has resulted in waste and prejudice to Defendants.

## II. FACTS

The facts surrounding Plaintiff's Motion and Amended Motion to Enlarge Time to Respond to Defendants' Motions to Dismiss are well documented in Defendants, WESTERN CAB COMPANY, LUCKY CAB COMPANY OF NEVADA, ON DEMAND SEDAN SERVICES, LLC, BLS LIMOUSINE SERVICES OF LAS VEGAS, INC., DESERT CAB, INC., AND SUN CAB, INC. ("Defendants") initial Opposition. (*See* Opposition on file herein as Document 166). However, Defendants feel it necessary to reiterate and clarify certain facts that

the Opposing Defendants feel are adding to the prejudice and judicial waste in this matter. Specifically, Defendants call attention to the following:

- On June 3, 2009, Plaintiff filed its Complaint. (*See* Complaint generally on file herein as Document 1);

- On July 31, 2009, Defendants filed a Motion to Dismiss Plaintiff's Complaint, a response to which was due on August 18, 2009 (*See* Motion to Dismiss on file herein as Document 161);

- On July 29, 2009, Plaintiff filed a Motion for an Enlargement of Time to Respond to all Motions to Dismiss. (*See* Plaintiff's Motion to Enlarge on file herein as Document 151);

- On August 5, 2009, Defendants filed an Opposition to Plaintiff's Motion to Enlarge. (*See* Opposition on file herein as Document 166);

- On August 21, 2009, Plaintiff filed an Amended Motion to Enlarge. Plaintiff's Amended Motion seeks to obtain an extension to September 24, 2009 to respond to Defendants' Motions to Dismiss. (*See* Amended Motion to Enlarge on file herein as Document 187).

As of this date, Plaintiff has not filed any Opposition to Defendants' Motion to Dismiss. The Defendants now submit this Opposition to Plaintiff's Amended Motion to Enlarge Time to Respond to Defendants' Motions to Dismiss.

## II. <u>LEGAL ARGUMENT</u>

### A. Plaintiff's Motion and Amended Motion to Enlarge Time to Respond to Defendants' Motions to Dismiss should be denied because Plaintiff has not demonstrated excusable neglect as required by Local Rule 6-1.

Plaintiff concedes that its initial Motion to Enlarge Time was improper as it sought to enlarge Plaintiff's time to respond until after all named Defendants have filed responsive pleadings. (*See* Plaintiff's Amended Motion p. 4, ll. 16-21, on file herein as Document 187). Plaintiff acknowledges that this may "unreasonably delay" the "resolution of the pending motions to dismiss." *Id*. Accordingly, Plaintiff filed an Amended Motion on August 21, 2009 seeking an extension until September 24, 2009 to file a response to Defendant's Motions to

4

Dismiss. *See Id.* at p. 4, ll. 18-20. Unfortunately, this Amended Motion was filed after Plaintiff's response was due to the Opposing Defendant's Motions to Dismiss. According to Local Rule 6-1, a Motion to Extend filed after the response period had expired requires the moving party or attorney to demonstrate excusable neglect. *See* LR 6-1. Plaintiff has demonstrated no such "excusable neglect" in its Amended Motion, and the Amended Motion must be denied accordingly. (*See* Plaintiff's Amended Motion on file herein as Document 187).

As a result of Plaintiff's failure to demonstrate "excusable neglect," Plaintiff's Motion and Amended Motion to Enlarge should be denied, and Defendants' Motion to Dismiss should be granted as a result of Plaintiff's failure to file an Opposition to Defendants' Motion.

**B. Plaintiff's Motion to Enlarge is now moot, and Defendants' Motion to Dismiss should be granted, because Plaintiff has failed to file a response as required by Local Rule 7-2.**

Local Rule 7-2 provides the guidelines for the filing, opposing and replying of motions before this Honorable Court. Local Rule 7-2 states that an opposition, with points and authorities must be made to any motion within 15 days after service of the motion. *See* LR 7-2(b). Further, Local Rule 7-2 provides that a failure to provide an opposition shall constitute consent to granting the motion. *See* LR 7-2(d). In the present matter, Defendants filed a Motion to Dismiss, with points and authorities, on July 31, 2009. (*See* Motion to Dismiss on file herein as Document 161). As of this date, Plaintiff has filed no opposition to Defendants' Motion to Dismiss. Accordingly, Plaintiff has consented to the granting of Defendants' Motion to Dismiss pursuant to Local Rule 7-2(d).

This Honorable Court has granted no extension of time to Plaintiff to file a response to Defendants' Motion to Dismiss. Plaintiff appears to believe that merely filing a Motion to Enlarge Time automatically tolls any timelines set forth by Local Rule 7-2. However, Plaintiff

has provided no such authority to this Honorable Court supporting that position. Further, if such were the case, then any party would be permitted to avoid the timelines set forth in Local Rule 7-2 by the mere filing of a Motion to Enlarge. Clearly, a party cannot simply toll the timelines set forth in Local Rule 7-2 by the mere filing of a Motion to Enlarge, and as a result, Plaintiff has failed to file a timely opposition to Defendants' Motion to Dismiss. Accordingly, this Honorable Court should grant Defendants' Motion to Dismiss pursuant to Local Rule 7-2(d).

### C. Plaintiff's Motion to Enlarge and Amended Motion to Enlarge should be denied because the Motions are causing significant waste and prejudice to the Defendants

As discussed above, Plaintiff's opposition to Defendants' Motion to Dismiss was due on August 18, 2009. As of the date of this Opposition, Plaintiff has filed no Opposition to Defendants' Motion. Rather, Plaintiff has filed a series of Motions to Enlarge in the hopes of further delaying the hearing of Defendants' Motion to Dismiss. This has resulted in significant waste of time and prejudice to the Defendants.

Initially, Plaintiff has filed a Motion to Enlarge and an Amended Motion to Enlarge. The seeming intent of this is to further delay this Honorable Courts ruling on this matter, by requiring the Defendants to file oppositions to the Amended Motion, and then allowing Plaintiff additional time to file a Reply. Plaintiff should have filed a Reply to Defendants' Opposition, which would allow for the motion to be ruled upon. However, Plaintiff's Amended Motion provides Plaintiff with additional time to prepare oppositions to the Motions to Dismiss, while the Defendants are required to prepare additional oppositions to Plaintiff's Amended Motion to Enlarge. The end result is additional cost, expense and waste of time to all parties due to unnecessary and duplicative motion practice.

Additionally, Plaintiff is delaying the hearing of Defendants' Motion to Dismiss by failing to file its Motion to Enlarge on an Order Shortening Time. Had Plaintiff filed its Motion to Enlarge on an Order Shortening Time under Local Rules 6-1 and 6-2, then the Motion to Enlarge would have already been resolved. However, Plaintiff did not even attempt to obtain an Order Shortening Time, because Plaintiff wanted to stall these proceedings by filing its Motion to Enlarge and its subsequent Amended Motion to Enlarge. As a result, Defendants have prepared multiple oppositions to Plaintiff's Motions to Enlarge, and the Court has been plagued with the burden of reviewing and ruling on multiple Motions and Oppositions from all interested parties. To the contrary, Plaintiff is achieving its goal of obtaining an extended response period by merely filing duplicative Motions to Enlarge.

Accordingly, the Court should deny Plaintiff's Motion and Amended Motion to Enlarge, thus resulting in a failure of Plaintiff to file any response to Defendants' Motion to Dismiss. The ultimate result being that this Honorable Court should grant Defendants' Motion to Dismiss.

### III. CONCLUSION

Based upon the forgoing, Defendants, WESTERN CAB COMPANY, LUCKY CAB COMPANY OF NEVADA, ON DEMAND SEDAN SERVICES, LLC, BLS LIMOUSINE SERVICES OF LAS VEGAS, INC., DESERT CAB, INC., AND SUN CAB, INC. respectfully request that this Honorable Court deny Plaintiff's Motion to Enlarge and Amended Motion to Enlarge Time to Respond to Defendants' Motion to Dismiss, and thereby resulting in Plaintiff failing to timely Oppose Defendants' Motion to Dismiss.

*///*

As a result, Defendants request that in addition to denying Plaintiff's Motion and Amended Motion to Enlarge, Defendants request that this Honorable Court Grant Defendants' Motion to Dismiss.

Dated this 26th day of August, 2009.

**MORAN LAW FIRM, LLC**

**/s/JOHN T. MORAN, JR., ESQ.**
**JOHN T. MORAN, JR., ESQ.**
Nevada Bar No. 2271
**JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
**JUSTIN W. SMERBER, ESQ.**
Nevada Bar No. 10761
630 S. 4th Street
Las Vegas, Nevada 89101
(702) 384-8424
*Attorneys for Opposing Defendant Cab/Limousine Companies*