Neil J. Beller, Esq.
Nevada Bar No. 002360
NEIL J. BELLER, LTD.
7408 West Sahara Avenue
Las Vegas, NV 89117
(702) 368-7767
nbeller@njbltd.com
Attorney for Defendants
DEJA VU SHOWGIRLS OF LAS VEGAS, LLC
LITTLE DARLINGS OF LAS VEGAS, LLC
LAS VEGAS ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF, NEVADA

| | |
|---|---|
| THEODORE TRAPP, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIG POPPA'S, LLC, a Nevada limited liability company d/b/a BADDA BINGMEN'S CLUB; SKY TOP VENDING, INC., a Nevada Corporation d/b/a CAN CAN ROOM; LA FUENTE, INC., a Nevada corporation d/b/a CHEETAH'S; C.P. FOOD AND BEVERAGE, INC., a Nevada corporation d/b/a CLUB PARADISE; DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a DEJA VU SHOWGIRLS; PALOMINO CLUB, INC., a Nevada corporation d/b/a PALOMINO CLUB; SHAC, LLC, a Nevada limited liability company d/b/a SAPPHIRE; d/b/a STAR CAB COMPANY; K-KEL, INC., a Nevada corporation d/b/a SPEARMINT RHINO; D. 2801 WESTWOOD, INC., a Nevada corporation d/b/a TREASURES; LITTLE DARLINGS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a LITTLE DARLINGS; | CASE NO. 2:09-cv-00995<br><br>**REPLY OF DEFENDANTS DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC, AND LAS VEGAS ENTERTAINMENT, LLC D/B/A LARRY FLYNT'S HUSTLER CLUB TO PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANTS DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC, AND LAS VEGAS ENTERTAINMENT, LLC UNDER RULE 12(b)(6) AND THE MOTION TO DISMISS UNDER RULE 12 (b)(6) OR FOR MORE DEFINITE STATEMENT UNDER RULE 12(e) OF DEFENDANT D.2801 WESTWOOD, INC.** |

1

Dockets.Justia.com

| | |
|---|---|
| 1 | O.G. ELIADES, A.D., LLC, a Nevada limited liability company d/b/a OLYMPIC GARDENS; LAS VEGAS ENTERTAINMENT, LLC, a Nevada limited liability company d/b/a LARRY FLYNT'S HUSTLER CLUB; MICHAEL A. SALTMAN d/b/a MINXX; RICK'S LAS VEGAS; FRIAS MANAGEMENT, LLC, a Nevada limited liability company d/b/a ACE CAB COMPANY and A-NORTH LAS VEGAS CAB; WESTERN CAB COMPANY, a Nevada corporation d/b/a WESTERN CAB COMPANY and WESTERN LIMOUSINE; NEVADA CHECKER CAB CORPORATION, a Nevada corporation d/b/a CHECKER CAB COMPANY; NEVADA STAR CAB CORPORATION, a Nevada corporation d/b/a STAR CAB COMPANY; NEVADA YELLOW CAB CORPORATION, a Nevada corporation d/b/a YELLOW CAB COMPANY; LUCKY CAB COMPANY OF NEVADA, a Nevada corporation d/b/a LUCKY TRANS; SUN CAB, INC., a Nevada corporation d/b/a NELLIS CAB COMPANY; CLS NEVADA, LLC, a Nevada limited liability company d/b/a CLS TRANSPORTATION LAS VEGAS; ON DEMAND SEDAN SERVICES, LLC, a Nevada limited liability company d/b/a ODS LIMOUSINE and ODS CHAUFFEURED TRANSPORTATION; BLS LIMOUSINE SERVICE OF LAS VEGAS, INC., a Nevada corporation d/b/a BLS LIMOUSINE SERVICE OF LAS VEGAS; DESERT CAB, INC., a Nevada corporation d/b/a DESERT CAB COMPANY and ODYSSEY LIMOUSINE; BELL TRANS A NEVADA CORPORATION, a Nevada corporation d/b/a BELL TRANS; TONY CHONG, an individual; and DOE EMPLOYEES 1-1000; |
| | Defendants. |

2

COME NOW Defendants DEJA VU SHOWGIRLS OF LAS VEGAS, LLC, LITTLE DARLINGS OF LAS VEGAS, LLC, and LAS VEGAS ENTERTAINMENT, LLC d/b/a LARRY FLYNT'S HUSTLER CLUB, (hereafter "Deja Vu") by and through their attorney, Neil J. Beller, Esq. and submits the following Reply to Plaintiff's Response in Opposition to the aforementioned Defendants' Motion to Dismiss.

Plaintiff, in his Response, has provided one opposition to the combined motions of Deja Vu and D.2801 Westwood, Inc. Deja Vu will only reply to those sections of Plaintiff's Response that relate to Deja Vu's motion to dismiss.

**1.  Class Certification**

Federal Rule of Civil Procedure 23 (c)(1)(A) provides:

> At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.

Deja Vu raised the issue of class certification in their motion to dismiss to raise the problem with Plaintiff's definition of who are to be the members of the proposed class.

In his Class Action Complaint, Plaintiff alleges that he seeks certification of a class under Rule 23 (b)(2) which he defines as "All persons who have or will travel to Defendant Clubs via Defendant Drivers, or otherwise has attended such Defendant Clubs in the past or will attend such Defendant Clubs in the future." See, Page 16, lines 17-20 of Complaint.

Plaintiff's definition is so vague that it seems impossible that this Court could give notice to any future members of a class, and notice must be given.

Federal Rule of Civil Procedure 23 (c)(2)(A) provides in pertinent part:

> (A) For any class certified under Rule 23 (b)(1) or (b)(2), the court may direct appropriate notice to the class.

Would there be ads placed in newspapers, magazines, television, or on You Tube, stating that any person who has taken a taxi to or plans to take a taxi to any of the Defendant Clubs, please contact the class attorney? In these economic times, hundred of thousands of past or future visitors to Las Vegas might contact the attorney representing the class and provide a false story that they had property taken from them by the Defendant Clubs as alleged by Plaintiff.

3

1 | This request for class certification is certainly not the same as a class that concerns the use
2 | of a product or drug or being exposed to asbestos, where purchase or use or exposure can be
3 | shown by concrete evidence.
4 | As stated by Deja Vu in their motion, Plaintiff's allegations regarding class certification
5 | are not objective creteria, but relate to the state of mind of the prospective class member.
6 | Deja Vu certainly acknowledges that while the matter of class certification may not be ripe
7 | for determination, it certainly should be decided at an early practicable time. And it is for this
8 | reason that Deja Vu brought forth the issue of class certification.

## 2. Motion to Dismiss

Plaintiff in his Response states: "This class action involves a well-established illegal practice taking place in the City of Las Vegas ..." (Emphasis added.) Page 5, lines 8-9. This statement is under Plaintiff's section "Facts Underlying the Complaint".

Thus, it must be assumed that the alleged illegal practice is taking place only within the jurisdictional limits of the City of Las Vegas. Deja Vu Showgirls and Larry Flynt's Hustler Club are NOT located within the City of Las Vegas. They are in Clark County.

In his Response, Plaintiff alleges that his complaint can survive a Rule 12 (b)(6) motion to dismiss and to support that allegation cites Bell Atl. Corp. V. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), and Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009). Citing Iqbal, Plaintiff states that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See, page 7, lines 1-7.

The court in Moss v. U.S.Secret Service, discussed the Twombly and Iqbal opinions. Following Iqbal's "misconduct alleged." statement (quoted by Plaintiff), the court continued:

> The plausibility standard is not akin to a 'probability requirement',
> but it asks for more than a sheer possibility that a defendant has
> acted unlawfully, Id. (quoting Twombly 550 U.S. at 556, 127 S.Ct.
> 1955). "Where a complaint pleads facts that are 'merely consistent
> with' a defendant's liability, it 'stops short of the line between

| | |
|---|---|
| 1 | possibility and plausibility of entitlement to relief'. 572 f3d at 969. |
| 2 | The <u>Moss</u> court concluded that the complaint failed to plead facts plausibly suggesting a |
| 3 | claim against the agents. |

Deja Vu contends that Plaintiff has failed to plead a plausible entitlement to relief. Plaintiff has pleaded no specific facts that Deja Vu committed any unlawful acts.

Whether or not this Court will rule on class certification now, soon, or in the near future, a complaint can be dismissed prior to ruling on class certification.

The 9th Circuit Court of Appeals has expressed its approval where the district court granted a dismissal prior to ruling on class certification. <u>Wright v. Schock</u>, 742 F.2d 541 (9th Cir. 1984) citing <u>Boyle v. Madigan</u>, 492 F.2d 1180 (9th Cir. 1974; <u>Isham v. Pierce</u>, 694 F.2d 1196 (9th Cir. 1982); <u>Halet v. Wend Investment Co.</u>, 672 F.2d 1305 (9th Cir. 1982); <u>Montgomery v. American Airlines, Inc.</u>, 637 F2d 607 (9th Cir. 1980).

Based on the foregoing, these moving Defendants respectfully request this Honorable Court to deny certification of Plaintiff's complaint as a class action and to grant their motion to dismiss.

Dated this ___ day of October, 2009.

_____
Neil J. Beller, Esq.
Nevada Bar No. 002360
NEIL J. BELLER, LTD.
7408 West Sahara Avenue
Las Vegas, NV 89117
(702) 368-7767
Attorney for Defendants
DEJA VU SHOWGIRLS OF LAS VEGAS, LLC
LITTLE DARLINGS OF LAS VEGAS, LLC
LAS VEGAS ENTERTAINMENT, LLC

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the law firm of NEIL J. BELLER, LTD. and on the 20TH day of October, 2009, service of the foregoing was made, by electronically transmitting to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing addressed to the following:

Brandon E. Roos roosb@gtlaw.com, larsenv@gtlaw.com, lvlitdock@gtlaw.com

Catherine A Olendorff legal@ycstrans.com, jazzwelov@hotmail.com

D. Neal Tomlinson ntomlinson@swlaw.com, blmiller@swlaw.com

James E Smyth jsmyth@kkbrf.com, kshuman@kkbrf.com, shascall@kkbrf.com

John T. Moran, Jr. e.obrien@moranlawfirm.com

Kimberly Maxson-Rushton krushton@cooperlevenson.com

Mark E Ferrario ferrariom@gtlaw.com, larsenv@gtlaw.com, lvlitdock@gtlaw.com

Mark E Trafton karen.walker@belltransportation.com

Rafey S. Balabanian rafey@kamberedelson.com

Ross C Goodman ross@goodmanlawgroup.com, mary@goodmanlawgroup.com

Will Kemp m.jacobs@kempjones.com

Jay Edelson, Esq.
Rafey Balabanian, Esq.
KAMBER EDELSON, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

*/s/ Janie Kennedy*
An Employee of Neil J. Beller, Ltd.