Ross C. Goodman, Nevada Bar No. 7722
**GOODMAN LAW GROUP**
520 S. Fourth St., 2nd Floor
Las Vegas, Nevada 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088

*Attorneys for D.2801 Westwood, Inc. d/b/a Treasures*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE TRAPP, on his own behalf and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BIG POPPA'S, LLC, A Nevada limited liability company d/b/a BADDA BING MEN'S CLUB; SKY TOP VENDING, INC., a Nevada Corporation d/b/a CAN CAN ROOM; LA FUENTE, INC., a Nevada corporation d/b/a CHEETAH's; C.P.FOOD AND BEVERAGE, INC., a Nevada corporation d/b/a CLUB PARADISE; DÉJÀ VU SHOWGIRLS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a DÉJÀ VU SHOWGIRLS; PALOMINO CLUB, INC.; SHAC, LLC, a Nevada limited liability company d/b/a SAPPHIRE; K-KEL, INC., a Nevada corporation d/b/a SPEARMINT RHINO; D.2801 WESTWOOD, INC., a Nevada corporation d/b/a TREASURES; LITTLE DARLINGS OF LAS VEGAS, LLC, a Nevada limited liability company d/b/a LITTLE DARLINGS; O.G. ELIADES, A.D., LLC, a Nevada limited liability company d/b/a OLYMPIC GARDENS; LAS VEGAS ENTERTAINMENT, LLC, a Nevada limited liability company d/b/a LARRY FLYNT's HUSTLER CLUB; MICHAEL A. SALTMAN d/b/a MINXX; RICK'S LAS VEGAS; FRIAS MANAGEMENT, LLC, a Nevada limited liability company d/b/a ACE CAB COMPANY and A-NORTH LAS VEGAS CAB; WESTERN CAB COMPANY, a Nevada corporation d/b/a WESTERN CAB | Case No.: 2:09-cv-00995-LDG-PAL <br><br> **REPLY IN SUPPORT OF DEFENDANT D.2801 WESTWOOD, INC. D/B/A TREASURES' MOTION TO DISMISS UNDER RULE 12(b)(6) OR FOR MORE DEFINITE STATEMENT UNDER RULE 12(e)** |

1

| | |
|---|---|
| 1 | COMPANY and WESTERN LIMOUSINE, NEVADA CHECKER CAB CORPORATION, a Nevada corporation d/b/a CHECKER CAB COMPANY,; NEVADA STAR CABCORPORATION, a Nevada corporation d/b/a STAR CAB COMPANY; NEVADA YELLOW CAB CORPORATION, a Nevada corporation d/b/a YELLOW CAB COMPANY; LUCKY CAB COMPANY OF NEVADA, a Nevada corporation d/b/a LUCKY TRANS; SUN CAB, INC., a Nevada limited liability company d/b/a CLS TRANSPORATION LAS VEGAS; ON DEMAND SEDAN SERVICES, LLC, a Nevada limited liability company d/b/a ODS LIMOUSINE and ODS CHAUFFEURED TRANSPORTATION; BLS LIMOUSINE SERVICE OF LAS VEGAS, INC., a Nevada corporation d/b/a BLS LIMOUSINE SERVICE OF LAS VEGAS; DESERT CAB, INC., a Nevada corporation d/b/a DESERT CAB COMPANY and ODYSSEY LIMOUSINE; BELL TRANS A NEVADA CORPORATION, a Nevada corporation d/b/a BELL TRANS; TONY CHONG, an individual; and DOE EMPLOYEES 1-1000;<br><br>Defendants. |

Defendant D.2801 Westwood, Inc., d/b/a Treasures ("Treasures"), files this Reply in support of its motion to dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 8 and 12(b)(6) on the grounds that it fails to state a claim against Treasures upon which relief can be granted, or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

Dated October 23, 2009.

GOODMAN LAW GROUP

/s/ Ross C. Goodman
Ross C. Goodman, Nev. Bar No. 7722
520 south Fourth Street, 2nd Floor
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*D.2801 Westwood, Inc. d/b/a Treasures*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff attempts to save dismissal of the Complaint by relying on the juridical link doctrine in *LaMar v. H & B Novelty & Loan Co.* 489 F.2d 461, 464 (9th Cir. 1973). *See,* Plaintiff's Response in Opposition (Dkt. 204) at 3. In *La Mar,* the court indicated the juridical link doctrine was an exception to the general principle that "a plaintiff who has no cause of action against the defendant can not 'fairly and adequately protect the interests' of those who do have such cases of action." See, *LaMar,* 489 F.2d at 466. The court explained that this general principle does not apply when "all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *Id.* However, standing was assumed in *La Mar,* and the juridical link doctrine was used to determine the typicality and adequate representation requirements of Federal Civil Rule 23, which governs class action lawsuits in federal courts. *Id.* at 464 (adding "plaintiffs here are not entitled to bring a class action against defendants with whom they had no dealing"). Specifically, "the juridical link doctrine has no bearing on the issue of standing." *Matte v. Sunshine Mobile Homes, Inc.,* 270 F.Supp.2d 805, 822 (W.D.La.2003) (stating that the juridical link doctrine is relevant not to standing but to class certification in the sense that it provides an "exception to the Rule 23(a) requirement of 'typicality' and/or 'adequacy of representation' in class actions against multiple defendants").

As the United States Supreme Court has noted, "[t]hat a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.' " *Simon v. E. Kentucky Welfare Rights Org.,* 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) (quoting *Warth v. Seldin,* 422 U.S. 490, 502, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Moreover, even though a few courts have applied the juridical link doctrine to the issue of

standing, that approach is incorrect because it was intended to be applied only in the context of class certification. See, *In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 170-71 (D.Mass.2004) (explaining that juridical link doctrine "is better used to address Rule 23 issues, rather than in the Court's analysis of Article III standing"). Accordingly, the juridical link doctrine does not provide Plaintiff with standing to sue Treasures because of stating a claim against Spearmint Rhino.

Further, Plaintiff ignores his requirement under *Iqbal* to plead factual content sufficient enough to draw a reasonable inference that Treasures is somehow liable for the purported misrepresentations made by taxi and limousine drivers. Indeed, Plaintiff concedes that the Complaint does not allege any facts which would constitute a claim for relief against Treasures under Nevada's R.I.C.O. Statute or Deceptive Trade Practices Act. Even if there existed some factual content sufficient to draw an inference against Treasures, Plaintiff defends his failure to comply with the heightened pleading requirements under Fed. R. Civ. P. 9(b) for allegations sounding in fraud by claiming that the true nature of the Complaint deals with the taking of property. Contrary to this disenguous claims, Plaintiff consistently alleges throughout the Complaint that unknown drivers ***fraudulently and misleadingly*** engaged in the diversion of customers. *See,* Compl. ¶ 4 (emphasis added); *see also* Compl. ¶ 5 ("drivers routinely falsely tell their customers"); Compl. ¶ 5 ("deceive or attempt to deceive any passenger from his intended destination"); Compl. ¶ 48 ("defendant driver will attempt to dive customers by knowingly making false representation regarding the quality of service"); Compl. ¶ 66 ( Plaintiff was "mislead into believing" that his chosen destination was undesirable); Compl. ¶ 88 (the driver defendant through "false pretense, knowingly and designedly, and with the intent to cheat or defraud" the customer); Compl. ¶ 89 (these acts all shared the common methods of "fraud, deception and false pretense"); Compl. ¶90 ("the fraud perpetrated and the gains obtained"); Compl. ¶ 90 ("the money was taken through fraud/deceit"); and Compl. ¶ 90 (a person who knowingly and designedly by any false pretenses obtains property with the intent to cheat or defraud the other person").

The obvious point is that the taking of property was allegedly committed through *fraud, deception and false pretenses*, and, Plaintiff cannot, therefore, escape the heightened pleading requirements. The purpose of the requirement is even more evident given Plaintiff's failure to allege two predicate acts against Treasures, as required under Nevada's Civil RI.C.O. statutes, much less a single cab ride.

For these reasons, Plaintiff fails to state a claims against Treasures, much less, any facts against Treasures, much less, plead factual content sufficient enough to draw a reasonable inference that Treasures is liable for the purported misrepresentations made by unknown taxi and limousine drivers.

Respectfully submitted this 23rd day of October, 2009.

GOODMAN LAW GROUP

/s/ Ross C. Goodman
Ross C. Goodman, Nev. Bar No. 7722
520 south Fourth Street, 2nd Floor
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*D.2801 Westwood, Inc. d/b/a Treasures*

## CERTIFICATE OF MAILING

I hereby certify that on the 26th day of October, 2009 the foregoing **REPLY IN SUPPORT OF DEFENDANT D.2801 WESTWOOD, INC. D/B/A TREASURES' MOTION TO DISMISS UNDER RULE 12(b)(6) OR FOR MORE DEFINITE STATEMENT UNER RULES 12(e)** was electronically served upon all attorneys of record in this matter.

/s/ Ross C. Goodman
Ross C. Goodman, Esq.
Nevada Bar No. 7722
GOODMAN LAW GROUP
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)383-5088
Facsimile: (702) 385-5088