1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## DISTRICT OF NEVADA

9
10   THEODORE TRAPP,
11        Plaintiff,                     Case No. 2:09-cv-00995-LDG (PAL)
12   v.                                  **ORDER**
13   BIG POPPA'S, LLC, *et al.*,
14        Defendants.
15
16        The plaintiff, Theodore Trapp, filed the present putative class action suit against
17   numerous adult nightclub owners.  Trapp asserts civil claims for violating NRS §§
18   207.400(1)(a)(2), (b), (c), (d), (h) (Nevada's Racketeer Influenced and Corrupt
19   Organizations Act, or Nevada RICO) and NRS §41.600 (Nevada Deceptive Trade Practices
20   Act).  A number of the defendant adult nightclub owners now move or join in motions to
21   dismiss or, at a minimum, to require a more definitive statement (Docket ## 77, 175, 221,
22   235, 236, 243).  Trapp opposes the motions.  Having considered the complaint and the
23   arguments of the parties, the Court will dismiss Trapp's lawsuit claims against the moving
24   defendants and those defendants who have joined the motions to dismiss.
25
26

Motion to Dismiss

The defendants' motions to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenge whether the plaintiff's complaint states "a claim upon which relief can be granted."  In ruling upon these motions, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted).  In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party."  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true.  *Twombly*, 550 U.S. at 555.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.,* at 1950.  Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

2

To be plausible on its face, a claim must be more than merely possible or conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief."  *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual allegations must push the claim "across the line from conceivable to plausible."  *Twombly.* 550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim.  *Id.*, at 567.

To the extent that Trapp must allege fraud or mistake to state a claim, he "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. Pro. 9(b).  A plaintiff must plead the predicate criminal acts underlying a civil Nevada RICO claim with the specificity appropriate to a criminal indictment. *Cummings v. Charter Hosp.*, 111 Nev. 639, 646 (1995).  The predicate acts must be pled with facts that are sufficiently plain, concise, and definite as to place the defendant on notice of the charged conduct.  *Id.* Accordingly, the plaintiff has the burden of alleging when, where, and how the underlying criminal acts occurred.  *Id.*

<u>Summary of Trapp's Allegations Regarding Conduct Involving Him</u>

On January 17, 2009, Trapp got into a taxi and told the driver that he wanted to go to Play it Again Sam, an adult nightclub.[1]  After Trapp told the driver of his intended destination, the driver told Trapp that there are better clubs, the girls are better at other clubs, and that the requested club was "kinda sketchy."  Based upon the driver's statements, Trapp allowed the driver to take him to Spearmint Rhino.

Trapp believes Spearmint Rhino paid the driver a "significant kickback for diverting [Trapp] from Play it Again Sam."

_____

[1]        Though Trapp has not expressly alleged that Play it Again Sam is an adult nightclub, the Court has assumed this from the context of the entire complaint.

1    The driver did not inform Trapp "that the driver would receive a kickback for diverting
2  [Trapp] from Play it Again Sam to Defendant SPEARMINT RHINO," or that the diversion of
3  customers to certain defendant adult nightclubs was a pervasive practice.

4    Construed broadly, Trapp alleges that Spearmint Rhino charges an increased cover
5  charge that is often applied toward the payment of money to the driver.

6    <u>Summary of Trapp's Allegations Regarding Defendants' Conduct to Others</u>

7    Trapp further, and generally, alleges the defendant adult nightclubs operate off of
8  the Las Vegas Strip.  Individuals who wish to visit a defendant adult nightclub and who do
9  not have their own transportation must use a taxi.

10    Taxi drivers have an incentive to deliver customers to those defendant adult
11  nightclubs that "currently providing the largest illegal kickbacks" to the drivers.  Taxi drivers
12  often attempt to divert customers from a requested destination to those defendant adult
13  nightclubs "that provide a [sic] largest kickbacks."  The drivers attempt this diversion by
14  falsely representing the quality of services and amenities at certain adult nightclubs and
15  falsely representing the business status of certain adult nightclubs.

16    Some drivers refuse to drop off a customer at a location that does not pay money to
17  the drivers.

18    Drivers receive an estimated $100 for each customer "diverted" to a defendant.

19    The defendants recoup the money they pay as kickbacks to drivers from cover
20  charges, by selling customers lower quality liquor which they have represented to be a
21  "high quality, expensive liquor," by "watering down" the liquor and other drinks, by falsely
22  stating amounts owed by customers, and by using force or threat of force to make
23  customers turn over money.

24    <u>Pertinent Nevada RICO Allegations</u>

25    The defendants' predicate acts of racketeering activity were "multiple acts of taking
26  property from another under circumstances not amounting to robbery," in violation of NRS

4

1 §205.380.  More specifically, the defendants "obtained additional admission from their

2 customers" which was paid to drivers as kickbacks to divert customers.  The defendants

3 falsely represented this as a cover charge or an admission fee.

4      Trapp (and others) suffered substantial monetary losses as a result of the

5 defendants' acts of obtaining money under false pretenses.

6      <u>Analysis - Nevada RICO Claims</u>

7      Trapp's Nevada RICO claims fail because, quite simply, he has failed to sufficiently

8 allege facts to support any element of a civil Nevada RICO claim.

9      Any person injured as a result of racketeering activity may bring a civil action.  NRS

10 §207.470.  "'Racketeering activity' means engaging in at least two crimes related to

11 racketeering...."  NRS §207.390.  Pursuant to §207.360(9), taking property from another

12 under circumstances not amounting to robbery is a crime related to racketeering.  Pursuant

13 to §207.360(26), obtaining possession of money or property valued at $250 or more by

14 means of false pretenses is a crime related to racketeering.  As noted previously, Trapp

15 must plead these predicate criminal acts with the specificity appropriate to a criminal

16 indictment.  He must allege facts as to when, where, and how the underlying criminal acts

17 occurred.  Trapp does not offer any argument that, in pleading the predicate criminal acts

18 requisite to his civil Nevada RICO claims, this is not the appropriate standard to determine

19 whether he has sufficiently pled the facts pertaining to the predicate criminal acts.  Trapp

20 has not met this burden for even a single predicate criminal act as to any defendant adult

21 nightclub.  While his opposition generally asserts he has alleged when, where and how, he

22 does not identify any allegations of fact within his complaint that support this assertion.

23 Generally alleging that the defendant adult nightclubs charged customers an admission fee

24 and then paid a portion of that admission fee to taxi drivers, and generally asserting that

25 this happened thousands of times does not meet the requirement of alleging the criminal

26 act with the specificity appropriate to a criminal indictment.  Trapp's other general

1  allegations, such as the allegations that defendant adult nightclubs watered down the

2  liquor, or charged for services or products that were never ordered or received, are similarly

3  deficient.

4          Trapp has not alleged sufficient facts to permit an inference that, in charging an

5  admission fee and paying taxi drivers, any of the defendant adult nightclubs committed a

6  crime.  Trapp concedes that it is not illegal for an adult nightclub to either charge an

7  admission fee or to pay a cab driver.  He further concedes that he is not complaining that

8  he was charged an admission fee.  Trapp argues, however, that the legality of charging

9  admission and paying taxi drivers is irrelevant if these acts are accomplished through

10 fraudulent or illegal means.  Rather, he asserts that he is complaining because (a) an

11 admission fee was wrongfully obtained from him through the execution of a fraudulent

12 scheme, and (b) the admission fee was substantially more than the regular entrance fee.

13 Both arguments fail, under the weight of Trapp's own allegations and concessions, to

14 establish that he adequately alleged facts supporting an inference that the defendant

15 nightclubs committed a criminal act.  As both charging an admission fee and paying a taxi

16 driver are lawful, Trapp must allege facts from which an inference can be drawn that the

17 otherwise lawful acts of charging an admission fee and paying taxi drivers become part of a

18 criminal act.  Alleging that adult nightclubs spend the proceeds of admission fees to pay

19 taxi drivers is insufficient, as it is not a crime to spend lawfully obtained money on a lawful

20 expense.  Alleging that the adult nightclubs increased their admission fees to cover the

21 payments to taxi drivers is insufficient as it is not a crime to increase the price charged for a

22 service or product, so long as the service or product is delivered.  Whether an adult

23 nightclub elects to charge an admission fee of a few dollars or a few hundred dollars, the

24 relevant query is not how the adult nightclub spent the proceeds, but whether the adult

25 nightclub then admitted the customer.  Alleging that the adult nightclubs did not disclose

26 that the proceeds of the increased admission fees would be used to pay taxi drivers is

1    insufficient.  Trapp has not offered any authority suggesting that adult nightclubs (or any

2    other business) have a duty to disclose their lawful expenses to each customer or to any

3    customer.[2]

4         Simply alleging that adult nightclubs wrongfully obtained the admission fees is

5    insufficient as the allegation is conclusory.  Trapp has the burden of alleging facts

6    permitting the inference that the adult nightclubs wrongfully obtained the admission fees.

7    Trapp does not identify any allegation in his complaint concerning any act by adult

8    nightclubs in collecting the increased admission fee that is wrongful.  While Trapp suggests

9    in his opposition that the fees are "extracted," he fails to identify any allegation of fact in his

10   complaint that supports this assertion.

11        The Court acknowledges Trapp's argument and allegations that, because the

12   defendant adult nightclubs pay money to taxi drivers, taxi drivers have an incentive to divert

13   customers to those defendant adult nightclubs that pay taxi drivers, and in particular those

14   who pay the most money to taxi drivers.  As a result of this incentive, some taxi drivers

15   engage in efforts to deliver customers to an adult nightclub other than originally intended by

16   the customer.  For purposes of this motion, the Court assumes that the efforts of some taxi

17   drivers, including the taxi driver that delivered Trapp to the Spearmint Rhino, constitute an

18   unlawful diversion of the customer.[3]  Such allegations, however, do not render criminal or

19   _____

20        [2]    Trapp asserts that the adult nightclubs do not report the receipt of admission
     fees to the IRS, but offers no explanation as to how this allegation constitutes an element
21   of the predicate criminal acts underlying his Nevada RICO claims.
          The Court would further note that its analysis would remain the same, even if the
22   defendant adult nightclubs' payments to drivers violated a local ordinance or state statute.
     Trapp's arguments fail because he has not offered any authority establishing that a
23   business commits the crime of taking property from another under circumstances not
     amounting to robbery or by false pretenses by charging an admission fee, admitting the
24   customer and then spending the proceeds in ways unexpected by the customer.

25        [3]    The Court has assumed, for purposes of this motion, that the taxi driver's
     utterance of the alleged statements to Trapp, which caused Trapp to allow the taxi driver to
26   deliver him to the Spearmint Rhino rather than Play it Again Sam, constituted an unlawful
     diversion.

7

1   unlawful the adult nightclubs' acts of charging admission fees or paying to taxi drivers.

2   That some taxi drivers engage in unlawful conduct to obtain a lawful payment from an adult

3   nightclub does not cause the adult nightclub's payment to be unlawful.  The Court must

4   also recognize Trapp's allegations some taxi drivers will not deliver to adult nightclubs that

5   do not pay taxi drivers, or whose payments are unsatisfactory.  That is, Trapp's own

6   allegations require the conclusion that it is equally plausible that an adult nightclub must

7   pay a satisfactory amount to taxi drivers to ensure that taxi drivers will not have an

8   incentive to divert customers to other adult nightclubs.

9         Trapp's allegations that the adult nightclubs "shake down" customers and force them

10  to turn over money and property is insufficient.  He does not allege facts indicating a single

11  incident that occurred to him, nor does he allege facts–the when, where and how--that

12  would support a criminal indictment as to any incident involving a different victim.

13        For the same reasons, Trapp's Deceptive Trade Practices claim fails.

14        The Court will dismiss the complaint against the moving defendants without

15  prejudice.

16        Therefore, for good cause shown,

17        THE COURT **ORDERS** that the Motions to Dismiss (## 77, 175, 235, 243, Joinders

18  at ## 221, 236) are GRANTED.  The Complaint is DISMISSED without prejudice as to

19  Defendants Deja Vu Showgirls of Las Vegas, LLT, Little Darlings of Las Vegas, LLC, Las

20  Vegas Entertainment LLC d/b/a Larry Flynt's Hustler Club, D.2801 Westwood, Inc., d/b/a

21  Treasures, Big Poppa's LLC, O.G. Eliades, A.D., LLC, RCI Entertainment (Las Vegas), Inc.

22  d/b/a Rick's Cabaret, Shac, LLC, and K-Kel, Inc. d/b/a Spearmint Rhino.

23  DATED this ____25____ day of May, 2011.

24

25                                                    _____
                                                       Lloyd D. George
26                                                     United States District Judge